# HERRICK

NEW YORK
NEWARK
PRINCETON

SCOTT E. MOLLEN
PARTNER
Direct Tel:   212.592.1505
Direct Fax:  212.545.3370

Email:  smollen@herrick.com

December 19, 2008

**VIA HAND DELIVERY**

Hon. Harold Baer, Jr.
United States Magistrate District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2230
New York, NY 10007

      Re:    *Edmonds v. Seavey, et al.*; Index No. 08-CV-5646-HB

Dear Judge Baer:

      We represent Defendants Robert W. Seavey, Phyllis M. Seavey, Avery B. Seavey, Nealle B. Seavey, Ronald Dawley, Dalton Management Company, LLC, and the Seavey Organization (collectively, "the Seavey Defendants") in the above-captioned action. We respectfully write on behalf of the Seavey Defendants to request an immediate conference with the Court to address Plaintiff's deficient discovery responses.

      As the Court is aware, on June 24, 208, at the oral argument on Plaintiff's Application for Temporary Restraining Order, Plaintiff specifically requested that discovery commence immediately, even before the filing of a responsive pleading. Thereafter, on August 12, 2008, we served Plaintiff with the Seavey Defendants' First Request for the Production of Documents and Second Interrogatories, copies of which are attached hereto as Exhibits A and B. Plaintiff served untimely, deficient responses to the Seavey Defendants' discovery requests, but has refused to correct his deficiencies.

**Document Responses**

      At the outset, Plaintiff never served written responses or objections to the Document Requests. Rather, Plaintiff produced documents that are wholly unrelated to this matter, including copies pleadings from unrelated, personal lawsuits involving some of the Seavey Defendants, copies of the Seavey Defendants' personal home mortgages, and other irrelevant documents clearly produced to harass the Seavey Defendants. The production is incomplete, non-compliant and deficient for a host of reasons.

      Document Requests 1, 2, and 3

      Plaintiff did not supply any documents or materials in response to these document requests. Plaintiff's Complaint, however, refers to third parties, including TMO Parent, LLC, Merit Parking, LLC, Macquarie New York Parking 3, LLC, Sebco Laundry, R&R Supplies, and

HERRICK, FEINSTEIN LLP
A New York limited
liability partnership
including New York
professional corporations

2 PARK AVENUE, NEW YORK, NY 10016 • TEL 212.592.1400 • FAX 212.592.1500 • www.herrick.com

H ERRICK

Hon. Harold Baer, Jr.
December 19, 2008
Page 2

Smuggers Hardware and insinuates that Plaintiff has either reviewed agreements concerning these parties and/or engaged in conversation with these parties. Any correspondence, statements, or agreements regarding or with these third-parties, as well as other parties, that are in Plaintiff's possession, custody or control are responsive to these Document Requests and must be produced.

Document Requests 4 and 5

In response to these Document Requests, Plaintiff provided K-1 statements related to Logan, Charles, and Church Homes, but did not provide any K-1 statements for Lakeview. Similarly, Plaintiff provided copies of distribution checks for Logan, but he did not provide any such checks for Charles and Church Homes.

Document Requests 7 and 8

Plaintiff did not supply any documents or materials in response to these document requests. Plaintiff's Complaint, however, refers to conclusions and comments allegedly made to him by his auditors. All correspondence, statements, or reports from or with Plaintiff's auditors that are in Plaintiff's possession, custody or control are responsive to these Document Requests.

**Interrogatories**

Each of the Interrogatories asked Plaintiff to describe with specificity his partnership interest in each of the four subject partnerships, including, without limitation, describing the percentage interest that Plaintiff owns, the type of partner that he is (i.e., general, limited, etc.), the date that Plaintiff acquired his partnership interest, the consideration that Plaintiff gave for his partnership interest, and identifying all documents and communications evidencing Plaintiff's current partnership interest. In response, Plaintiff merely stated that he "owns a Fifty Percent (50%) undivided half interest in each of the subject housing developments, Fifth and 106th Street Associates, LP, Logan Plaza Associates, LP, Charles Hill Associates a/k/a Charles Hill Associates, LP, and as a limited partner of Church Home Associates, LP save for the interest owned by the limited partners."

Plaintiff's response is deficient and incomplete in that it does not state with specificity the exact percentage of partnership interest that Plaintiff believes he owns. Indeed, the Seavey Defendants believe that Plaintiff is mistaken in his belief as to what he owns, which is one of the major issues in this matter.

Pursuant to FRCP 37(a), the Seavey Defendants have made good-faith attempts to confer and obtain supplemental discovery responses without the need for Court intervention. Indeed, by letters dated October 10, 2008 and November 7, 2008, the Seavey Defendants' counsel sent letters to Plaintiff's counsel detailing all of Plaintiff's discovery deficiencies. Copies of both letters are attached as Exhibits C and D. In response, counsel for Plaintiff, Mel Haywoode, told my colleague, M. Darren Traub, that his office was working on preparing the supplemental responses and asked for a few extra days because he was preparing for and

HERRICK

Hon. Harold Baer, Jr.
December 19, 2008
Page 3

attending a trial in another action in the beginning of December. Despite Mr. Haywoode's assurances, to date, we have not received any additional discovery responses from Plaintiff and our e-mail requests as to the status of the production have gone wholly ignored.

In the meantime, the Seavey Defendants have complied with Plaintiff's discovery requests. By letter dated October 23, 2008, Plaintiff demanded access, pursuant to Partnership Law § 41, to the partnerships' books and records on November 5, 6, and 7. Although it was clear that this request was made solely to harass the Seavey Defendants as it was duplicative of the six-month long review of the same books and records that Mr. Edmonds undertook last year as well as the discovery already requested and produced in this litigation, the Seavey Defendants allowed Plaintiff access as requested. Indeed, on November 5, 2008, Plaintiff's accountants came to the Seavey Defendants' offices to review the partnerships books and records. Thereafter, on November 6, 2008, Plaintiff sent a Notice to Produce with Third Interrogatory demanding copies of the exact same documents that were made available at the November 5th inspection. The Seavey Defendants produced copies of those documents to Plaintiff on December 4, 2008.

Because Plaintiff refuses to participate in discovery in this action and continues to ignore the Seavey Defendants' request that Plaintiff supplement his deficient responses, pursuant to Local Rule 37.2, the Seavey Defendants respectfully request a conference with the Court to address Plaintiff's deficient responses, compel him to produce supplemental responses, and award appropriate sanctions pursuant to FRCP 37(a)(5).

We are most grateful for Your Honor's time and consideration.

Respectfully submitted,

*Scott E. Mollen*

Scott E. Mollen

Enclosures

cc: M. Douglas Haywoode, Esq. (via ECF)
    William J. Kelly, Esq. (via ECF)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOHN L. EDMONDS, INDIVIDUALLY AND AS
A MANAGING GENERAL PARTNER OF FIFTH
AND 106TH STREET HOUSING COMPANY,
INC., LOGAN PLAZA ASSOCIATES, LP,
CHARLES H. ASSOCIATES a/k/a CHARLES H.
HILL ASSOCIATES, LP AND AS A LIMITED
PARTNER OF CHURCH HOME ASSOCIATES,
LP,

Index No.: 08 CIV 5646-HB

Plaintiffs,

-against-

ROBERT W. SEAVEY, INDIVIDUALLY AND
AS A GENERAL PARTNER OF FIFTH AND
106TH STREET ASSOCIATES, LP, LOGAN
PLAZA ASSOCIATES, LP, CHARLES HILL
ASSOCIATES, CHARLES HILL ASSOCIATES,
LP AND AS A LIMITED PARTNER OF
CHURCH HOME ASSOCIATES, LP; PHYLLIS
M. SEAVEY INDIVIDUALLY AND AS
OWNER, MANAGER AND MEMBER OF
DALTON MANAGEMENT COMPANY LLC;
AVERY B. SEAVEY, INDIVIDUALLY AND AS
A GENERAL PARTNER OF LOGAN PLAZA
ASSOCIATES, LP, CHURCH HOME
ASSOCIATES AND OWNER OF DALTON
MANAGEMENT COMPANY, LLC; NEALE B.
SEAVEY, INDIVIDUALLY AND AS OWNER,
MANAGER AND MEMBER OF DALTON
MANAGEMENT COMPANY, LLC; AND
RONALD DAWLEY AS CHIEF EXECUTIVE
OFFICER OF DALTON MANAGEMENT
COMPANY, LLC; DALTON MANAGEMENT
COMPANY, LLC, THE SEAVEY
ORGANIZATION, and MARKS PANETH &
SHRON, Auditors,

**DEFENDANTS' FIRST
REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS**

Defendants.
------------------------------------------------------------ x

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure, Defendants Robert W. Seavey, Phyllis M. Seavey, Avery B. Seavey, Nealle B.

Seavey, Ronald Dawley, Dalton Management Company, LLC, and the Seavey Organization (collectively, "the Seavey Defendants"), through their attorneys Herrick, Feinstein LLP, hereby requests and demands that Plaintiff John L. Edmonds ("Plaintiff"), produce the following documents and things at the offices of Herrick, Feinstein, attn: M. Darren Traub, Esq., 2 Park Avenue, New York, New York 10016, within thirty (30) days after service of these requests.

## DEFINITIONS

The Uniform Definitions in Discovery Requests set forth in Local Rule 26.3 are incorporated by reference herein. In addition, as used herein, the following terms shall have the meanings indicated below:

1. "Document" is defined to reflect the scope of the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, and shall also include, without limitation, All written, recorded, or graphic matter or other information whatsoever, including information and data produced or maintained on computer disks, drives, or tapes, audio or visual tape recordings, or films, and any copies, reproductions, summaries, or analyses of any of the foregoing. A draft or non-identical copy of a document is a separate Document within the meaning of this term.

2. "Concerning" shall mean relating to, referring to, describing, evidencing, reflecting or constituting.

3. "All" shall be construed as all and each.

4. The words "you," "your," and "Plaintiff" refer to John L. Edmonds, unless otherwise specified, as well as any agents, representatives, attorneys or other persons acting or purporting to act on behalf of John L. Edmonds.

## INSTRUCTIONS

1. Plaintiff is instructed to produce, at the offices of Herrick, Feinstein, 2 Park Avenue, New York, New York 10016, or at such place as is mutually agreed upon between counsel, within 30 days of the date of service of these requests, all documents described below, wherever located, that are in Plaintiff's possession, custody or control, or in the possession, custody or control of any of their agents, servants, employees, attorneys, accountants, or other persons acting or purporting to act on their behalf. The inspection and copying of the Documents will continue from day to day until completed.

2. Any copy of a document that varies in any way from its original or from any other copy of the document, whether by reason of handwritten or other notation, or any omission, constitutes a separate Document and must be produced, whether or not the original of such a document is within Plaintiff's possession, custody or control.

3. Documents shall be produced in an order corresponding to each paragraph of this document request, or in the alternative, may be produced in the same order in which they are maintained in the ordinary course of business.

4. If Plaintiff refuses to produce any requested Document under claim of attorney-client privilege, work product privilege, or any other privilege, Plaintiff is requested and required to submit for each Document withheld a written statement that:

    (a) specifies the privilege or other asserted basis for withholding the Document;

    (b) describes the nature and general topic of the Document;

    (c) identifies the person who prepared the Document and any person to whom the Document was sent or disclosed;

    (d) identifies any person who has seen or had possession of the Document; and

(e)     specifies the dates on which the Document was prepared, transmitted and received.

5.     Unless otherwise specified, this Document Request covers the period from January 1, 2000 through the present.

6.     Pursuant to Fed. R. Civ. P. 26(e), you are required to amend or supplement any response promptly upon obtaining information that the response was incorrect or incomplete when made, or that the response, though correct and complete when made, no longer is correct and complete, and the circumstances are such that a failure to amend or supplement the response would be materially misleading.

## REQUESTS FOR DOCUMENTS

1.     All documents that refer to, evidence, support, contradict, oppose, or undercut any allegations, claims, contentions, statements, or defenses contained in the pleadings and discovery responses filed in this case.

2.     All documents that you contend constitute or contain an admission or a contradictory statement made by or on behalf of any party to this case.

3.     Copies of all written, recorded, or other statements or reports that were obtained from any person, including, without limitation, any expert witnesses, concerning any facts, circumstances, occurrences, or events in any way related to this case.

4.     All documents contained in any file maintained by you with respect to the disputes involved in this case.

5.     All documents that refer to, evidence, relate to, or represent or act as any communications between you, or anyone acting on your behalf, and the Seavey Defendants, or

anyone purporting to act on his behalf, that refer to, evidence, or relate to the disputes involved in this case.

6. All documents that refer to, evidence, relate to, or represent or act as any communications between you, or anyone acting on your behalf, and any other defendant in this action that refer to, evidence, or relate to the disputes involved in this case.

7. All documents that refer to, evidence, relate to, or represent or act as any communications between you, or anyone acting on your behalf, and Cameron, Griffiths & Pryce, CPAs, LLC, or anyone acting on its behalf.

8. All written reports, summaries, audits, inspections, analysis, or other documents prepared by Cameron, Griffiths & Pryce, CPAs, LLC, or anyone acting on its behalf relating to any of the parties in this case.

Dated:  New York, New York
        August 12, 2008

                                                    _____
                                                    Scott E. Mollen
                                                    M. Darren Traub
                                                    HERRICK, FEINSTEIN LLP
                                                    2 Park Avenue
                                                    New York, NY 10016
                                                    212.592.1400
                                                    *Attorneys for Defendants Robert W. Seavey,*
                                                    *Phyllis M. Seavey, Avery B. Seavey, Nealle B.*
                                                    *Seavey, Ronald Dawley, Dalton Management*
                                                    *Company, LLC, and the Seavey Organization*

# EXHIBIT B

Scott E. Mollen
M. Darren Traub
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
212.592.1400
*Attorneys for Defendants Robert W. Seavey,
Phyllis M. Seavey, Avery B. Seavey, Nealle B.
Seavey, Ronald Dawley, Dalton Management
Company, LLC, and the Seavey Organization*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOHN L. EDMONDS, INDIVIDUALLY AND AS A :
MANAGING GENERAL PARTNER OF FIFTH AND
106TH STREET HOUSING COMPANY, INC., :
LOGAN PLAZA ASSOCIATES, LP, CHARLES H.      Index No.: 08 CIV 5646-HB
ASSOCIATES a/k/a CHARLES H. HILL :
ASSOCIATES, LP AND AS A LIMITED PARTNER
OF CHURCH HOME ASSOCIATES, LP, :

      Plaintiffs, :

    -against- :

ROBERT W. SEAVEY, INDIVIDUALLY AND AS A :
GENERAL PARTNER OF FIFTH AND 106TH
STREET ASSOCIATES, LP, LOGAN PLAZA :
ASSOCIATES, LP, CHARLES HILL ASSOCIATES, :
CHARLES HILL ASSOCIATES, LP AND AS A
LIMITED PARTNER OF CHURCH HOME         : **DEFENDANTS' SECOND**
ASSOCIATES, LP; PHYLLIS M. SEAVEY           **INTERROGATORIES**
INDIVIDUALLY AND AS OWNER, MANAGER :
AND MEMBER OF DALTON MANAGEMENT
COMPANY LLC; AVERY B. SEAVEY, :
INDIVIDUALLY AND AS A GENERAL PARTNER
OF LOGAN PLAZA ASSOCIATES, LP, CHURCH :
HOME ASSOCIATES AND OWNER OF DALTON
MANAGEMENT COMPANY, LLC; NEALE B. :
SEAVEY, INDIVIDUALLY AND AS OWNER,
MANAGER AND MEMBER OF DALTON :
MANAGEMENT COMPANY, LLC; AND RONALD :
DAWLEY AS CHIEF EXECUTIVE OFFICER OF
DALTON MANAGEMENT COMPANY, LLC; :
DALTON MANAGEMENT COMPANY, LLC, THE
SEAVEY ORGANIZATION, and MARKS PANETH & :
SHRON, Auditors,

      Defendants. :
------------------------------------------------------------ X

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Robert W. Seavey, Phyllis M. Seavey, Avery B. Seavey, Nealle B. Seavey, Ronald Dawley, Dalton Management Company, LLC, and the Seavey Organization (collectively, "the Seavey Defendants"), hereby requests and demands that Plaintiff John L. Edmonds ("Plaintiff") answer separately and fully, in writing under oath, in accordance with the definitions and instructions set forth below, each of the following Interrogatories and produce the documents designated herein for inspection and copying to Herrick, Feinstein, attn: M. Darren Traub, Esq., 2 Park Avenue, New York, New York 10016, within thirty (30) days of the date hereof.

## DEFINITIONS AND INSTRUCTIONS

The definitions and instructions set forth in Defendants' First Interrogatories served on Plaintiff, dated August 12, 2008, are deemed incorporated by reference into these Interrogatories.

## INTERROGATORIES

1. Describe with specificity Plaintiff's partnership interest in Fifth and 106th St. Associates L.P., including, without limitation, the percentage interest that Plaintiff owns, the type of partner that he is (i.e., general, limited, etc.), the date that Plaintiff acquired his partnership interest, the consideration that Plaintiff gave for his partnership interest, and identifying all documents and communications evidencing Plaintiff's current partnership interest percentage.

2. Describe with specificity Plaintiff's partnership interest in Logan Plaza Associates, L.P., including, without limitation, the percentage interest that Plaintiff owns, the type of partner that he is (i.e., general, limited, etc.), the date that Plaintiff acquired his partnership interest, the consideration that Plaintiff gave for his partnership interest, and

2

identifying all documents and communications evidencing Plaintiff's current partnership interest percentage.

3. Describe with specificity Plaintiff's partnership interest in Charles H. Associates a/k/a Charles H. Hill Associates, L.P., including, without limitation, the percentage interest that Plaintiff owns, the type of partner that he is (i.e., general, limited, etc.), the date that Plaintiff acquired his partnership interest, the consideration that Plaintiff gave for his partnership interest, and identifying all documents and communications evidencing Plaintiff's current partnership interest percentage.

4. Describe with specificity Plaintiff's partnership interest in Church Home Associates, L.P., including, without limitation, the percentage interest that Plaintiff owns, the type of partner that he is (i.e., general, limited, etc.), the date that Plaintiff acquired his partnership interest, the consideration that Plaintiff gave for his partnership interest, and identifying all documents and communications evidencing Plaintiff's current partnership interest percentage.

Dated: New York, New York
August 21, 2008

Scott E. Mollen (smollen@herrick.com)
M. Darren Traub (dtraub@herrick.com)
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
212.592.1400
*Attorneys for Defendants Robert W. Seavey, Phyllis M. Seavey, Avery B. Seavey, Nealle B. Seavey, Ronald Dawley, Dalton Management Company, LLC, and the Seavey Organization*

# EXHIBIT C

# HERRICK

NEW YORK
NEWARK
PRINCETON

M. DARREN TRAUB
Direct Tel:  212.592.1578
Direct Fax:  212.545.2307

Email:  dtraub@herrick.com

October 10, 2008

**VIA FACSIMILE AND**
**U.S. FIRST-CLASS MAIL**

M. Douglas Haywoode, Esq.
71 Maple Street
Brooklyn, New York  11225-5001

      Re:    *Edmonds v. Seavey, et al.*; USDC, Southern District of New York;
              Civil Action No. 08-CV-5646

Dear Mr. Haywoode:

      We are in receipt of Plaintiff's responses to the Second Interrogatories served by the Seavey Defendants in the above-referenced matter. The responses that were provided are incomplete, objectionable, non-compliant and deficient. Therefore, we now write this letter, pursuant to FRCP 37(a)(1), as a good-faith attempt to correct the deficiencies set forth below without the need for court intervention.

      Each of the Interrogatories asked Plaintiff to describe with specificity his partnership interest in each of the four subject partnerships, including, without limitation, describing the percentage interest that Plaintiff owns, the type of partner that he is (i.e., general, limited, etc.), the date that Plaintiff acquired his partnership interest, the consideration that Plaintiff gave for his partnership interest, and identifying all documents and communications evidencing Plaintiff's current partnership interest percentage. In response, Plaintiff stated that he "owns a Fifty Percent (50%) undivided half interest in each of the subject housing developments, Fifth and 106th Street Associates, LP, Logan Plaza Associates, LP, Charles Hill Associates a/k/a Charles Hill Associates, LP and as a limited partner of Church Home Associates, LP save for the interest owned by the limited partners."

      Plaintiff's response is deficient and incomplete in that it does not state, with specificity, the exact percentage of partnership interest that he owns in each of the subject partnerships. Accordingly, please provide an amended response indicating the <u>exact percentage</u> amount that Plaintiff has in each of the subject partnerships.

      Further, Plaintiff stated that he does not have documents in his possession, custody, or control that indicate his partnership interest in each of the four subject partnerships. Such a statement is disingenuous as Plaintiff certainly has federal and state income tax returns, K-1 statements, and other similar documents that contain the requested information. Please immediately produce these documents.

HERRICK, FEINSTEIN LLP
A New York limited
liability partnership
including New York
professional corporations

2 PARK AVENUE, NEW YORK, NY 10016 • TEL 212.592.1400 • FAX 212.592.1500 • www.herrick.com

**HERRICK**

M. Douglas Haywoode, Esq.
October 10, 2008
Page 2

      Thank you in advance for your prompt attention to and correction of these discovery deficiencies. Please correct such deficiencies by delivering a supplemental response, including all responsive documents, **to my office by 5:00 p.m. on October 17, 2008**. If Plaintiff fails to do so, the Seavey Defendants will be forced to file a Motion to Compel pursuant to FRCP 37 with respect to the inadequate discovery responses and will seek to recover all fees and costs associated with their application.

      Additionally, we understand that Plaintiff is currently gathering his documents in response to the Seavey Defendants' document requests and will make those documents available for photocopying next week. If after our review of the document we determine that documents have not been produced to us, we will notify you and request that you further amend your production. In the meantime, we remind you of Plaintiff's ongoing duty to supplement the responses if he obtains new information or documents.

      Very truly yours,

      M. Darren Traub

cc:    Scott E. Mollen, Esq.
       William J. Kelly, Esq.

# EXHIBIT D

# HERRICK

NEW YORK

NEWARK

PRINCETON

**M. DARREN TRAUB**
Direct Tel:  212.592.1578
Direct Fax: 212.545.2307

Email: dtraub@herrick.com

November 7, 2008

<u>VIA ELECTRONIC DELIVERY</u>

M. Douglas Haywoode, Esq.
71 Maple Street
Brooklyn, New York 11225-5001

      Re:   *Edmonds v. Seavey, et al.*; USDC, Southern District of New York; Civil Action No. 08-CV-5646

Dear Mr. Haywoode:

    We are writing to follow up on my letter of October 10, 2008 notifying you of the deficiencies in Plaintiff's responses to the Second Interrogatories served by the Seavey Defendants, a copy of which is enclosed herewith. A supplemental response curing the deficiencies was to be provided to us by October 17, 2008. To date, we have not received Plaintiff's supplemental response.

    Additionally, we have completed our initial review of the documents provided by Plaintiff in response to the Seavey Defendants' First Request for the Production of Documents (the "Document Requests"). Plaintiff never served any written objections or responses to the Document Requests. Thus, Plaintiff should have provided documents in response to all of the Document Requests. He did not.

    I note at the outset that the majority of the documents that were provided are unrelated to this action, including copies pleadings from unrelated, personal lawsuits involving some of the Seavey Defendants, copies of the Seavey Defendants' personal home mortgages, and other irrelevant documents clearly produced to harass the Seavey Defendants. Moreover, the production is incomplete, non-compliant and deficient for a host of reasons. Therefore, we now write this letter as a good-faith attempt to correct the deficiencies set forth below without the need for court intervention.

    <u>Document Requests 1, 2, and 3</u>

    Plaintiff did not supply any documents or materials in response to these document requests. Plaintiff's Complaint, however, refers to third parties, including TMO Parent, LLC, Merit Parking, LLC, Macquarie New York Parking 3, LLC, Sebco Laundry, R&R Supplies, and Smuggers Hardware and insinuates that Plaintiff has either reviewed agreements concerning these parties and/or engaged in conversation with these parties. Any correspondence, statements, or agreements regarding or with these third-parties, as well as other parties, that are in Plaintiff's

HERRICK, FEINSTEIN LLP

A New York limited
liability partnership
including New York
professional corporations

2 PARK AVENUE, NEW YORK, NY 10016 • TEL 212.592.1400 • FAX 212.592.1500 • www.herrick.com

HERRICK

M. Douglas Haywoode, Esq.
November 7, 2008
Page 2

possession, custody or control are responsive to these Document Requests and must be produced. Accordingly, please provide a written response indicating whether documents responsive to these Requests exist and, if so, please immediately supplement Plaintiff's response to produce the same.

### Document Requests 4 and 5

In response to these Document Requests, Plaintiff provided K-1 statements related to Logan, Charles, and Church Homes, but did not provide any K-1 statements for Lakeview. Similarly, Plaintiff provided copies of distribution checks for Logan, but he did not provide any such checks for Charles and Church Homes. Please provide a complete set of these missing documents to my attention.

### Document Requests 7 and 8

Plaintiff did not supply any documents or materials in response to these document requests. Plaintiff's Complaint, however, refers to conclusions and comments allegedly made to him by his auditors. All correspondence, statements, or reports from or with Plaintiff's auditors that are in Plaintiff's possession, custody or control are responsive to these Document Requests. Accordingly, please provide a written response indicating whether documents responsive to these Requests exist and, if so, please immediately supplement Plaintiff's response to produce the same.

We are continuing to review the documents that Plaintiff produced to us. If after our review, if we determine that additional documents have not been produced, we will notify you and request that Plaintiff further amend his production. In the meantime, we remind you of your ongoing duty to supplement the responses if new information or documents are obtained by the Responding Defendants.

Thank you in advance for your prompt attention to and correction of these discovery deficiencies. Please correct such deficiencies by delivering all responsive documents, supplemental interrogatory responses, and written responses to the Document Requests **to my office by 5:00 p.m. on November 14, 2008.** If the Responsive Defendants fail to do so, the Seavey Defendants will be forced to file a Motion to Compel pursuant to FRCP 37 with respect to the inadequate discovery responses and will also seek to recover all fees and costs associated with its application.

**H**ERRICK

M. Douglas Haywoode, Esq.
November 7, 2008
Page 3

      We have received Plaintiff's Notices of Taking Oral Deposition scheduling the depositions of Robert Seavey, Phyllis Seavey, Neale Seavey, Avery Seavey, and Ronald Dawley all on November 12, 2008 at 10:00 A.M. Neither we nor our clients are available to appear for a deposition on that date. Accordingly, we will provide you with alternative dates of their availability.

                                                Very truly yours,

                                                M. Darren Traub

cc:    William J. Kelly, Esq.

HF 4421192v1