71 MAPLE STREET
BROOKLYN, NEW YORK 11225-5001
TELEPHONE: (718) 940-8800
TELEPHONE: (718) 282-3900
TELECOPIER: (718) 940-9574
E-MAIL: mdhlaw@haywoode.com

APR 1 2009

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/09

April 7th, 2009

**BY HAND DELIVERY**
Honorable Harold Baer, Jr.
United States District Court, Southern Distriet of New York
500 Pearl Street
New York, New York 10007

Re: Edmonds v. Seavey, et al
Index No.08-CV-5646

Dear Judge Baer:

In view of the statement of Attorney Kelly of Wilson Elser, our papers submitted by him contained unspecified blank pages, we submit to the Court, at this time, a full set of the Memorandum and Declaration previously filed with the clerk on March 2nd, 2009 in opposition to Marks Paneth's motion to dismiss herein, as courtesy copies for the Court.

We, additionally request at this time the Court's permission to allow Plaintiff to addend that submission with material gleaned from depositions of William Jennings of Marks Paneth taken February 3rd, 2009 and Ronald Dawley of Dalton Management on February 24th, 2009, which were not available to us at the time of the original submission. An issue arose, beginning at page 27 of the deposition of the 24th as to the reclassification of a debt expensed by Logan Plaza prior to 1999, originally owed to previous management companies, which was summarily restated to be owed to Dalton Management, controlled by the Seavey Defendants, and left on the financial records for over nine years, apparently awaiting a propitious time when it might safely be appropriated to Dalton under circumstances in which its genesis and origin was long obscured.

In his deposition of February 3rd, Marks Paneths' William Jennings testified the moneys were owed to Dalton at page 148. In the deposition of February 24th, Defendant Ronald Dawley of Dalton Management testified the money belonged to three previous management companies, Marion Scott, Prestige and Grenadier, and that an unrecalled Seavey family member directed it be listed in 2000 in the records as owed to Dalton Management. (pp. 27 to 60.) He further testified (p.46) William Jennings of Marks Paneth knew the full history of this account and advised the Seavey defendants the money should be paid to the partners as income in 2000 but this advice was refused by the Seavey's, and

further effort on its part to correct this egregious quasi-appropriation.

The matter is raised again at pages 130 through 140 and at 149, after penetrating inquiry, Dawley admits the assertion of Dalton's ownership was a complete fiction, and "untrue". It is uncontroverted at page 166 Marks Paneth, the Auditors, never reported this matter to DHCR or any regulatory agency, nor did they disclose, or otherwise question it in their continuing audits. Yearly financial statements ignored this and similar financial dealings involving undocumented notes payable to Defendant Robert Seavey, a related party, despite declarations made at each audit that all dealings with related parties had been disclosed to the Auditors, and alleged bills were retroactively generated and paid to Marks Paneth in 2006, said to have originated from a series of questionable services stretching back to 2000 and 2001, again suggesting a possible pattern of the creation of ancient debts originating from a time long passed by any present reviewer, which facilitates the taking down of substantial claimed consultant and other fees years later. See the transcript of February 24th, 2009, at pages 194 to 206.

We request this material be considered by the Court in the interests of Justice in determining Marks Paneth's protestations of total lack of culpability in these premises. The occurrences clearly show Marks Paneth was so co-opted by its extensive and lucrative relationship with the Seavey Defendants sixteen large developments as to render them powerless to resist any scheme plan or devise presented by these defendants.

Respectfully Submitted,

M. Douglas Haywoode

Cc.:   Herrick, Feinstein LLP.
       Attn.: M. Darren Traub, Esq.
       by e-mail

       Wilson Elser
       Attn.: William J. Kelly, Esq.
       by e-mail

*[Handwritten note by Judge:]* As noted in the Wilson Elser letter, there is no breach of Federal Rules in this practice and our effort to run around that fact by having not yet previously noted was unneeded. Future requests for "unneeded" verification will be "attended" with further duplicate motion.

Harold Baer, Jr., U.S.D.J.

Date: 4/13/09

Endorsement:

    As noted in the Wilson Elser letter there is no sur reply in the Federal Rules and this smacks of an effort to do an end run around that fact. I have not yet reviewed the papers but only what was submitted will be considered and nothing will be "addended" to the fully briefed motion.