ELECTRONICALLY FILED VIA ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

JOHN L. EDMONDS, INDIVIDUALLY AND AS A
MANAGING GENERAL PARTNER OF FIFTH AND
106TH STREET HOUSING COMPANY, INC.,
LOGAN PLAZA ASSOCIATES, LP, CHARLES H.
ASSOCIATES a/k/a CHARLES H. HILL
ASSOCIATES, LP AND AS A LIMITED PARTNER
OF CHURCH HOME ASSOCIATES, LP,

                    Plaintiffs,

          -against-

ROBERT W. SEAVEY, INDIVIDUALLY AND AS A
GENERAL PARTNER OF FIFTH AND 106TH
STREET ASSOCIATES, LP, LOGAN PLAZA
ASSOCIATES, LP, CHARLES HILL ASSOCIATES,
CHARLES HILL ASSOCIATES, LP AND AS A
LIMITED PARTNER OF CHURCH HOME
ASSOCIATES, LP; PHYLLIS M. SEAVEY
INDIVIDUALLY AND AS OWNER, MANAGER
AND MEMBER OF DALTON MANAGEMENT
COMPANY LLC; AVERY B. SEAVEY,
INDIVIDUALLY AND AS A GENERAL PARTNER
OF LOGAN PLAZA ASSOCIATES, LP, CHURCH
HOME ASSOCIATES AND OWNER OF DALTON
MANAGEMENT COMPANY, LLC; NEALLE B.
SEAVEY, INDIVIDUALLY AND AS OWNER,
MANAGER AND MEMBER OF DALTON
MANAGEMENT COMPANY, LLC; AND RONALD
DAWLEY AS CHIEF EXECUTIVE OFFICER OF
DALTON MANAGEMENT COMPANY, LLC;
DALTON MANAGEMENT COMPANY, LLC, THE
SEAVEY ORGANIZATION, and MARKS PANETH &
SHRON, Auditors,

                    Defendants.

-------------------------------------------------------- X

Index No.:  08 CIV 5646-HB

ECF CASE

**DECLARATION IN SUPPORT
FOR DISCOVERY SANCTIONS**

      M. Darren Traub, an attorney admitted to practice before the courts of the State of

New York, declares under the penalties of perjury as follows:

      1.      I am associated with the law firm Herrick, Feinstein LLP, attorneys for defendants

Robert W. Seavey, Phyllis M. Seavey, Avery B. Seavey, Nealle B. Seavey, Ronald Dawley,

Dalton Management Company, LLC, and the Seavey Organization (collectively, "the Seavey

Defendants") in the above-captioned action. I submit this Declaration in support of the Seavey

Defendants' motion for discovery sanctions, pursuant to FRCP 30(g), based on Plaintiff's failure

to attend and proceed with the deposition of defendant Phyllis Seavey.

2.     The deposition of Mrs. Seavey was originally scheduled, by agreement of the

parties, for February 4, 2009. Indeed, Mrs. Seavey, who is nearly 81 years old, had even come

back early from her family vacation in Florida to attend the deposition. However, one day before

the deposition, Plaintiff's counsel, Mel Haywoode, informed me that he wanted to postpone Mrs.

Seavey's deposition until we could resolve the discovery dispute that was then pending before

the Court, relating to the Seavey Defendants' motion to compel discovery from Plaintiff. We

agreed to adjourn the deposition, resolve the issue, and reschedule Mrs. Seavey's deposition for

April 20, 2009.

3.     By e-mail dated <u>Sunday</u>, April 19, 2009, at 5:17 p.m., Mr. Haywoode again

attempted to cancel the deposition of Mrs. Seavey, claiming "obstructions in the discovery

process." *See* Exhibit "A."

4.     I was not aware of which "obstructions" Mr. Haywoode was referring, as we had

not had any prior discussions about any discovery issues that remained outstanding at the time.

Indeed, I was with Mr. Haywoode all day on Friday, April 17, 2009, conducting the deposition

of his client. Not once during that time did Mr. Haywoode mention any issues with regards to

discovery necessary for him to conduct Mrs. Seavey's deposition. Rather, he actually <u>confirmed</u>

the deposition of Mrs. Seavey for April 20, 2009, and even requested that the deposition take

place in a conference room in our office, which we promptly reserved. Accordingly, I

immediately responded that we will not cancel the depositions and informed Mr. Haywoode that

he could make a record during the deposition of any question he believes that he is unable to ask because of a lack of discovery. *See* Exhibit "B."

5.     Mr. Haywoode, responded to my April 19, 2009 e-mail that "Ron Dawley has seized upon multiple documents set aside for copying on Thursday, April 16th, and states he will not release these until they are reviewed and approved for release by Herrick Feinstein." *See* Exhibit "C." Accordingly, Mr. Haywoode threatened to cancel the deposition of Mrs. Seavey.

6.     Mr. Haywoode was referring to an inspection by his office of numerous documents produced by the Seavey Defendants on April 15 in response to a <u>third</u> document request from Plaintiff for "all reserve and investment account statements from 1999 to present, and all general ledgers and financial statements from January 1999 to December 31st, 2005." *See* Exhibit "D." As stated in the notice, response to this production was to be made on or before <u>April 28, 2009</u>.

7.     Mr. Haywoode, however, had requested that we try to make the documents available for review by his client's accountants before their depositions, which were noticed for April 21st and 22nd. Therefore, out of professional courtesy, we made the documents, which consist of numerous banker's boxes full of documents, available for review at the offices of Dalton Management on April 15, 16, and 17. I informed Mr. Haywoode's office that they could go to Dalton to review the documents and after they determined which documents, if any, they would want photocopied, they were to inform me so that we could agree on a process to photocopy and produce the identified documents. I have been informed that Mr. Haywoode's son, Arthur, and two of employees of Mr. Haywoode, Ashley Dickens and Oxana Duplinkova, none of which are believed to be accountants, along with one accountant from Cameron Griffiths

& Price went during that time. However, not once did anyone from Mr. Haywoode's office request that we photocopy or reproduce any documents for Mrs. Seavey's deposition.

8.    Accordingly, I immediately responded that although his firm had been at Dalton's office for three days, I had never once been informed by him or anyone else from his office that they had set aside documents for photocopying. *See* Exhibit "E." I also informed him that he could have raised this alleged issue at anytime prior to Sunday evening and we could have worked together to try to resolve this issue. Finally, I reiterated that we and our client would be appearing at the deposition as scheduled. William Kelley, Esq., counsel for defendant Marks, Paneth & Shron, also informed Mr. Haywoode that he would be appearing at the depositions as scheduled.

9.    Mrs. Seavey, myself, and Mr. Kelley appeared at my office this morning for the scheduled deposition. Mr. Haywoode did not. Moreover, we confirmed with Lex Court Reporters that Mr. Haywoode had left them a voicemail over the weekend cancelling the court reporter, and thus no court reported showed up.

10.    Not only did Mr. Haywoode fail to show for the noticed deposition, but he wrote an e-mail this morning confirming that the reason he cancelled the deposition was that Ron Dawley had photocopied 10 pages on Thursday afternoon, after those 10 pages were identified by Mr. Haywoode's office, but had notified Mr. Haywoode's office that he would not produce them directly until they were first reviewed and bates labeled by Herrick, Feinstein. Mr. Haywoode, apparently, finds this reasonable and standard procedure to be "a most extraordinary construction of the discovery process under the FRCP." *See* Exhibit "F."

11.    Moreover, I received the documents this morning for review and bates labeling. The documents consist of a May 31, 2000 bank statement, three limited partnership resolutions

(all signed by Plaintiff himself), a cover letter from Mr. Robert Seavey to Chase Bank on January 8, 2001, enclosing the Second Amended Partnership Agreement, and a May 13, 2002 letter from Mr. Seavey to Salomon Smith Barney asking that they send Plaintiff a copy of the then latest financial statement. Notably, Mrs. Seavey's name, much less her signature, do not appear once on any of these documents. Clearly, Mr. Haywoode could have proceeded with Mrs. Seavey's deposition without these 10 pages or, at the very least, could have taken the majority of the deposition and made a record as to why he could not finish it without first having received photocopies of the 10 pages that his office had already reviewed and his client should have in his possession, custody, or control.

12.    Even more telling of Plaintiff's transparent attempt to hinder and delay this matter was Plaintiff's own sworn testimony on Friday. During his deposition, Plaintiff made the following stunning admissions, among many others:

- He originally wanted to file this lawsuit because of his belief that the Defendants' were improperly paying their employees from the Partnership's assets. When shown a copy of the management agreement, approved by the NYS Division of Housing and Community Renewal (DHCR) that explicitly provided for such payments, Plaintiff opined that the Defendants were able to conspire and assert undue influence over DHCR.

- He has not seen a single document evidencing, relating to, or referencing any funds that are missing or unaccounted for from the Partnership's accounts.

- He not personally aware of any missing or unaccounted for funds.

- He has no documents that demonstrate that he has received any false or misleading monthly reports.

- He is not personally aware of and is not aware of any witness who had seen a document or witnessed a conversation showing the defendants conspired to transfer monies away from himself to the defendants.

In light of this testimony, Defendants will be moving for summary judgment in this matter.

13.     Plaintiff's effort to cancel and his failure to appear for and proceed with the deposition that he had noticed and had been agreed upon by all counsel, constitutes a sanctionable abuse of discovery under FRCP 30(g), which provides that:

> A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorneys' fees, if the noticing party failed to . . . attend and proceed with the deposition.

14.     Accordingly, we respectfully request that the Court order that Plaintiff reimburse the Seavey Defendants for their expenses, including attorneys' fees, incurred in connection with this morning's deposition.

15.     This motion is particularly warranted given that Plaintiff waited until Sunday night, the night before the scheduled deposition, to attempt to cancel the deposition and given the specious reason for the attempted cancellation.

16.     The costs and inconvenience caused by Plaintiff herein, far transcend what could be described as a mere minor inconvenience. Indeed, Mrs. Seavey and counsel had to rearrange their schedules in order to conduct a second preparation session for her deposition, given that the deposition was more than two and half months after it was originally scheduled and cancelled by Plaintiff. Further, Mrs. Seavey and counsel had to block off and move around other matters in order to be available on April 20, 2009, for the deposition. Moreover, Mrs. Seavey had scheduled her remaining vacation plans around her April 20th deposition and will be out of town over the next two weeks.

17.     Given that discovery closes on April 30, 2009, coupled with Plaintiff's clearly avoidable and sanctionable conduct, we respectfully request that based on the very cavalier, inconsiderate, and prejudicial conduct described herein, the Court order that Mrs. Seavey does not have to appear for deposition on any date other than was noticed and agreed upon by counsel.

WHEREFORE, it is respectfully requested that the Court (a) pursuant to FRCP 30(g), order Plaintiff to reimburse the Seavey Defendants for their expenses, including attorney's fees, incurred in connection with today's depositions and (b) order that Mrs. Seavey does not have to appear for deposition on any date other than was already noticed and agreed upon by counsel.

Dated:    New York, New York
          April 20, 2009

                              M. Darren Traub

# EXHIBIT A

## Traub, M. Darren

| | |
|---|---|
| **From:** | mdhlaw@haywoode.com |
| **Sent:** | Sunday, April 19, 2009 5:17 PM |
| **To:** | Traub, M. Darren; William.Kelly@wilsonelser.com |
| **Subject:** | RE: Edmonds v. Seavey |

We are unable to proceed with the scheduled deposition of Phyllis Seavey due to obstructions in the discovery process. We will arrange a conference call in the morning to discuss the situation.

# EXHIBIT B

**Traub, M. Darren**

| | |
|---|---|
| From: | Traub, M. Darren |
| Sent: | Sunday, April 19, 2009 5:26 PM |
| To: | 'mdhlaw@haywoode.com'; William.Kelly@wilsonelser.com |
| Cc: | Mollen, Scott |
| Subject: | RE: Edmonds v. Seavey |

Mel:
   We will not cancel the deposition and plan to make the witness available as scheduled.
If you believe that you do not have discovery available to proceed with a certain line of
questioning, you can make your statement on the record at that time and continue with the
remainder of the deposition.  If you do not appear, please be advised that we will move
for costs of our appearance and will not produce Mrs. Seavey again without a Court order.

M. Darren Traub
Herrick Feinstein, LLP
2 Park Avenue
New York, NY 10016
Direct Dial: 212.592.1578
Direct Fax: 212.545.2307


-----Original Message-----
From: mdhlaw@haywoode.com [mailto:mdhlaw@haywoode.com]
Sent: Sunday, April 19, 2009 5:17 PM
To: Traub, M. Darren; William.Kelly@wilsonelser.com
Subject: RE: Edmonds v. Seavey

We are unable to proceed with the scheduled deposition of Phyllis Seavey due to
obstructions in the discovery process. We will arrange a conference call in the morning to
discuss the situation.

# EXHIBIT C

**Traub, M. Darren**

| | |
|---|---|
| **From:** | mdhlaw@haywoode.com |
| **Sent:** | Sunday, April 19, 2009 7:43 PM |
| **To:** | Traub, M. Darren |
| **Cc:** | Mollen, Scott; William.Kelly@wilsonelser.com |
| **Subject:** | RE: Edmonds v. Seavey |

Counsellors:
We have retained diverse accountants to assist with an expedited discovery schedule in an effort to comply with the Court's Order. I am now advised Ron Dawley has seized upon multiple documents set aside for copying on Thursday, April 16th, and states he will not release these until they are reviewed and approved for release by Herrick Feinstein. This conduct constitutes an obstruction of justice and the discovery process. Your insistence on proceeding with the deposition of Phyllis Seavey under these circumstances seems in aid of this obstructive conduct, and borders on the unconscionable. This office will not proceed with the deposition of any further defendant until this issue is resolved.

M. Douglas Haywoode

-------- Original Message --------
Subject: RE: Edmonds v. Seavey
From: "Traub, M. Darren" <dtraub@herrick.com>
Date: Sun, April 19, 2009 2:26 pm
To: <mdhlaw@haywoode.com>, <William.Kelly@wilsonelser.com>
Cc: "Mollen, Scott" <smollen@herrick.com>

Mel:
We will not cancel the deposition and plan to make the witness available as scheduled. If you believe that you do not have discovery available to proceed with a certain line of questioning, you can make your statement on the record at that time and continue with the remainder of the deposition. If you do not appear, please be advised that we will move for costs of our appearance and will not produce Mrs. Seavey again without a Court order.

M. Darren Traub
Herrick Feinstein, LLP
2 Park Avenue
New York, NY 10016
Direct Dial: 212.592.1578
Direct Fax: 212.545.2307

-----Original Message-----
From: mdhlaw@haywoode.com [mailto:mdhlaw@haywoode.com]
Sent: Sunday, April 19, 2009 5:17 PM
To: Traub, M. Darren; William.Kelly@wilsonelser.com
Subject: RE: Edmonds v. Seavey

We are unable to proceed with the scheduled deposition of Phyllis Seavey due to obstructions in the discovery process. We will arrange a

conference call in the morning to discuss the situation.

The information in this message may be privileged, intended only for the use of the named recipient. If you received this communication in error, please immediately notify us by return e-mail and destroy the original and any copies. Any tax advice contained in this communication is not intended and cannot be used for the purpose of avoiding tax-related penalties.

# EXHIBIT D

*M. Douglas Haywoode*
*71 Maple Street*
*Brooklyn, NY, 11255*
*Attorney for Plaintiff John L. Edmonds*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN L. EDMONDS, INDIVIDUALLY
AND AS A MANAGING GENERAL
PARTNER OF FIFTH AND 106TH
STREET HOUSING COMPANY, INC.,
LOGAN PLAZA ASSOCIATES, LP,
CHARLES H. ASSOCIATES a/k/a
CHARLES H. HILL ASSOCIATES, LP
AND AS A LIMITED PARTNER OF
CHURCH HOME ASSOCIATES, LP,

Index No.:    08 CIV 5646

Plaintiff,

-against-

**NOTICE FOR PRODUCTION
OF DOCUMENTS**

ROBERT W SEAVEY, INDIVIDUALLY
AND AS A GENERAL PARTNER OF
FIFTH AND 106TH STREET
ASSOCIATES, LP, LOGAN PLAZA
ASSOCIATES, LP, CHARLES HILL
ASSOCIATES, CHARLES HILL
ASSOCIATES, LP AND AS A LIMITED
PARTNER OF CHURCH HOME
ASSOCIATES, LP; PHYLLIS M.
SEAVEY INDIVIDUALLY AND AS
OWNER, MANAGER AND MEMBER
OF DALTON MANAGMETNT
COMPANY LLC; AVERY B. SEAVEY,
INDIVIDUALLY AND AS A GENERAL
PARTNER OF LOGAN PLAZA
ASSOCIATES, LP, CHURCH HOME
ASSOCIATES AND OWNER OF
DALTON MANAGEMENT COMIPANY,
LLC; NEALE B. SEAVEY,
INDIVIDULLY AND AS OWNER,
MANAGER AND MEMBER OF
DALTON MANAGEMENT COMPANY,
LLC; AND RONALD DAWLEY AS
CHIEF EXECUTIVE OFFICER OF
DALTON MANAGEMENT COMPANY,
LLC; DALTON MANAGEMENT
COMPANY, LLC, THE SEAVEY
ORGANIZATION, and MARK PANETH
& SHRON, Auditors,

Defendants.

PLEASE TAKE NOTICE that, pursuant to Rule 33 and 34 of the FRCP Plaintiff John L. Edmonds ("Plaintiff") by his undersigned attorney M. Douglas Haywoode, demands the Defendant NEALE B. SEAVEY, of Dalton Management Company, LLC, and the Seavey Organization to produce all reserve and investment account statements from 1999 to present, and all general ledgers and financial statements from January 1999 to December 31st, 2005, for discovery and inspection on April 28th, 2009 at 10:00 a.m., at the offices of M. Douglas Haywoode 71 Maple Street, Brooklyn, New York 11225.

You are invited to attend and cross examine.


Dated:  Brooklyn, New York
        March 30th, 2009

                                    Yours, etc.,
                                    M. DOUGLAS HAYWOODE, ESQ.


                                    _____
                                    *Attorney for Plaintiff*
                                    71 Maple Street
                                    Brooklyn, NY 11225
                                    (718) 940-8800


To:     Wilson Elser Moskowitz Edelman & Dicker, LLP
        3 Gannett Drive
        White Plains, NY 10604-3407
        Attn: William J. Kelly, Esq.
        (914) 323-7000

        Herrick, Feinstein LLP
        2 Park Avenue
        New York, NY 10016
        Attn: Scott E. Mollen, Esq.
        (212) 592-1505

# EXHIBIT E

# Traub, M. Darren

| | |
|---|---|
| **From:** | Traub, M. Darren |
| **Sent:** | Sunday, April 19, 2009 7:58 PM |
| **To:** | 'mdhlaw@haywoode.com' |
| **Cc:** | Mollen, Scott; William.Kelly@wilsonelser.com |
| **Subject:** | RE: Edmonds v. Seavey |

Mel:
   The documents that we made available for inspection by your team (which consisted of your son Arthur, Aimme and Oxana, and one of the accountants from CG&P) were due to be produced on April 28th, long after the deposition of Phyllis Seavey. Nonetheless, because you wanted them to be reviewed before the depositions of CG&P, we made them available on Wednesday and Thursday of last week as a professional courtesy. And, as I had informed you prior to the review, the documents were available for inspection at Dalton and, after you decided which documents, if any, you wanted to copy, we would discuss how to photocopy the documents. Not once did you or anyone from your firm contact me about making photocopies or reproductions. Moreover, none of these documents relate to or impact your ability to take the deposition of Phyllis Seavey. Your transparent last minute attempt to delay depositions that have been noticed long before you latest document request (and indeed, don't impact ANY of the depositions) constitutes dilatory and sanctionable conduct. Indeed, this issue was never raised prior to tonight, and, if real, could have been dealt with Thursday when it allegedly arose.

   Again, I reiterate that we and our client will be at our office at 10:00 for the deposition and noticed. Additionally, we will be convening for the depositions of CG&P on Tuesday and Wednesday. If you do not appear, we will move for the appropriate sanctions pursuant to FRCP 30(g). Govern yourself accordingly.

**M. Darren Traub**
Herrick Feinstein, LLP
2 Park Avenue
New York, NY 10016
Direct Dial: 212.592.1578
Direct Fax: 212.545.2307

**From:** mdhlaw@haywoode.com [mailto:mdhlaw@haywoode.com]
**Sent:** Sunday, April 19, 2009 7:43 PM
**To:** Traub, M. Darren
**Cc:** Mollen, Scott; William.Kelly@wilsonelser.com
**Subject:** RE: Edmonds v. Seavey

Counsellors:
We have retained diverse accountants to assist with an expedited discovery schedule in an effort to comply with the Court's Order. I am now advised Ron Dawley has seized upon multiple documents set aside for copying on Thursday, April 16th, and states he will not release these until they are reviewed and approved for release by Herrick Feinstein. This conduct constitutes an obstruction of justice and the discovery process. Your insistence on proceeding with the deposition of Phyllis Seavey under these circumstances seems in aid of this obstructive conduct, and borders on the unconscionable. This office will not proceed with the deposition of any further defendant until this issue is resolved.

M. Douglas Haywoode

-------- Original Message --------
Subject: RE: Edmonds v. Seavey
From: "Traub, M. Darren" <dtraub@herrick.com>

# EXHIBIT F

## Traub, M. Darren

**From:**     mdhlaw@haywoode.com
**Sent:**     Monday, April 20, 2009 10:11 AM
**To:**       Traub, M. Darren
**Cc:**       Mollen, Scott; William.Kelly@wilsonelser.com
**Subject:** RE: Edmonds v. Seavey

The documents made available last week were initially requested on March 25th, 2009 pursuant to Partnership Law 41. After claiming they were duplicative and raising Rule 11 specters you responded, the matter would be referred to Dalton for further consideration. Hearing nothing, we noticed the 30 day production of the documents for the 28th, merely to protect waiver of our claim, as Bill Kelly did with the Cameron group. You first advised of the availability of the documents for review last Thursday, the 16th of April. On that occasion it appears Ron Dawley consented to submit 10 or so pages for professional copying, but stated the next day he had made these copies himself, but would not release them until reviewed by Herrick Feinstein, a most extraordinary construction of the discovery process under the FRCP which I assumed we were all committed to. I must presume you have had these documents in your hands over 72 hours and that you have fully read them as you write assuring me they are in no way relevant to the Phyllis Seavey Deposition. You might imagine this is a decision any attorney would wish to make for himself, rather than accepting your ipsa dixit. The issue of which I wrote is resolved by the provision of the documents given to Dawley to my immediate attention, with an understanding the several accountants my client has retained will not be fettered in gaining access to and copying the information they deem necessary. We will assume responsibility for obtaining our own copies but will not subject the process to your review and authorization, which seems an absurdity. Please advise if we have the makings of going forward in the premises.
M. Douglas Haywoode

-------- Original Message --------
Subject: RE: Edmonds v. Seavey
From: "Traub, M. Darren" <dtraub@herrick.com>
Date: Sun, April 19, 2009 4:58 pm
To: <mdhlaw@haywoode.com>
Cc: "Mollen, Scott" <smollen@herrick.com>,
<William.Kelly@wilsonelser.com>

Mel:
   The documents that we made available for inspection by your team (which consisted of your son Arthur, Aimme and Oxana, and one of the accountants from CG&P) were due to be produced on April 28th, long after the deposition of Phyllis Seavey. Nonetheless, because you wanted them to be reviewed before the depositions of CG&P, we made them available on Wednesday and Thursday of last week as a professional courtesy. And, as I had informed you prior to the review, the documents were available for inspection at Dalton and, after you decided which documents, if any, you wanted to copy, we would discuss how to photocopy the documents. Not once did you or anyone from your firm contact me about making photocopies or reproductions. Moreover, none of these documents relate to or impact your ability to take the deposition of Phyllis Seavey. Your transparent last minute attempt to delay depositions that have been noticed long before you latest document request (and indeed, don't impact ANY of the depositions) constitutes dilatory and sanctionable conduct. Indeed, this issue was never raised prior to tonight, and, if real, could have been dealt with Thursday when it allegedly arose.

   Again, I reiterate that we and our client will be at our office at 10:00 for the deposition and noticed. Additionally, we will be convening for the depositions of CG&P on Tuesday and Wednesday. If you do not appear, we will move for the appropriate sanctions pursuant to FRCP 30(g). Govern yourself