M. Douglas Haywoode, Esq.
Attorney for Defendant John L. Edmonds
71 Maple Street
Brooklyn, New York 11225
(718) 940-8800
(718) 940-9574 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN L. EDMONDS, individually and as a managing general partner of FIFTH AND 106TH STREET HOUSING COMPANY, INC., LOGAN PLAZA ASSOCIATES, LP, CHARLES H. ASSOCIATES a/k/a CHARLES H. HILL ASSOCIATES, LP AND AS A LIMITED PARTNER OF CHURCH HOME ASSOCIATES, LP, | Index No.: 08-CV-5646 |

                                    Plaintiff,

-against-

ROBERT W SEAVEY, individually and as a
General Partner of FIFTH AND 106TH
STREET ASSOCIATES, LP, LOGAN
PLAZA ASSOCIATES, LP, CHARLES
HILL ASSOCIATES, CHARLES HILL
ASSOCIATES, LP and as a Limited Partner
of CHURCH HOME ASSOCIATES, LP;
PHYLLIS M. SEAVEY individually and as
owner, manager and member of DALTON
MANAGEMENT COMPANY LLC;
AVERY B. SEAVEY, individually and as a
General Partner of LOGAN PLAZA
ASSOCIATES, LP, CHURCH HOME
ASSOCIATES and owner of DALTON
MANAGEMENT COMIPANY, LLC;
NEALE B. SEAVEY, individually and as
owner, manager and member of DALTON
MANAGEMENT COMPANY, LLC; and
RONALD DAWLEY as Chief Executive
Officer of DALTON MANAGEMENT
COMPANY, LLC; DALTON
MANAGEMENT COMPANY, LLC, THE
SEAVEY ORGANIZATION, and MARK
PANETH & SHRON, Auditors,

                                    Defendants.

**DECLARATION OF
M. DOUGLAS HAYWOODE, ESQ.,
IN SUPPORT OF PLAINTIFF'S
MOTION TO EXTEND THE TIME
FOR DISCOVERY**

1

M. Douglas Haywoode, an attorney admitted to practice before this Court, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.     I, M. Douglas Haywoode am the attorney for Plaintiff John L. Edmonds.

2.     I submit this declaration in support of John L. Edmonds' instant motion to extend the time provided in the Court's scheduling Order for the completion of discovery being conducted pursuant to FRCP 24, et al., based on Plaintiff's inability to obtain any constructive and meaningful production of evidence from the inquiries conducted of defendant Dalton Management, which purports to be the accountant for the development partnerships in these premises.

3.     Plaintiff had retained the accountants firm of Cameron Griffith & Pryce, LLP., as long ago as March of 2007 for the purpose of determining why distributions to the members of the partnership had severely diminished over a number of years.  Several companion suits have been brought in the State Courts by the limited partners first against the Seavey Defendants, and most recently adding this Plaintiff as a party defendant, alleging monies are being siphoned off from the project by the Seavey defendants, and that both Managing General Partners have blocked a sale of the largest of the developments, 5th & 106th Street Houses, Inc.

4.     We have been continuing advised by plaintiff's accountants, Cameron, Griffith & Pryce since the inception of their audit the records of the Seavey owned and controlled Dalton Management company do not contain the minimum detail and information which are requisite to the performance of an audit by any accountant utilizing the methods and acceptances of their profession.

5.      A more fulsome and detailed account of the difficulties encountered by these accountants is contained in the minutes and transcripts  of the depositions conducted of two of them on April 21st and 22nd, 2009, conducted by M. Darren Traub, acting in behalf of the Seavey defendants, and William J. Kelly, the attorney for Marks Paneth & Shron.

6.      The accountant's testimony recites in summary an amount in excess of $15 million dollars yearly appears to have been received by the Partnership in fiscal year 2006, approximately 6.8 million of this sum being received by the flagship development, Fifth & 106th Street Houses, Inc., , which amounts are reflected in the general ledgers of the diverse partnerships but the financial statements generated at the end of the tax year by the defendant Marks Paneth  & Shron, which are retained as the auditor of all the partnerships, show voluminous and excessive "journal entry adjustments" apparently directed by the auditing agency, without the usual proposal and acceptance pattern expected to exist in such circumstances.  These arbitrary adjustments, and re-classifications of expenses appear to mask and conceal payments made to Marks Paneth & Shron, far in excess of the $34,000 allowable to this defendant under the HUD and DHCR regulated auditing contracts they maintain with the housing developments, and greatly enhance and increase the level of expenditures of the developments, there being no trail of support or evidence for these changes either in the Dalton general ledgers, or in any document produced to date by Marks Paneth & Shron.

7.      In various samplings by the retained accountants the differential between expenses claimed in the Marks Paneth financial statements, and the supporting documentation produced in accordance with Government Approved Accounting

Standards have shown as much as $7-$9 million dollars in claimed expenses that cannot be supported by the documents and evidence produced, causing the retained auditors to issue disclaimers due to their inability to form any opinion as to the books and records produced due to their patent deficiencies.  William Jennings of Marks Paneth & Shron has testified in his deposition of February 3rd, 2009 the performance of Dalton Management is "deficient", at page

8.    The Cameron auditors recite their inquiries as to much of the "back up" evidence and documentation of defendant Ronald Dawley, Chief Ooperating Officer of Dalton Management are referred, for the most part to Marks Paneth & Shron for response.  The retained Auditors were further instructed by Dawley that insofar as the Marks Paneth firm are on fixed retainer, Plaintiff John L. Edmonds was required to pay the firm for its time in answering questions and providing documents that should ordinarily be in the possession and control  of the accountant, Dalton Management, which is paid in excess of $500,000.00 yearly to provide accounting services, and to obtain approval from DHCR, a regulating state agency, for the payment of these monies.

9.    When the retained Cameron Auditors requested the personnel files of central office Dalton employees who appear to receive substantial partnership payments for their salaries, in apparent contradiction of the management contracts of Dalton with the development partnerships, they were told by defendant Phyllis Seavey they must bring a law suit to obtain this information.

10.    Defendant Marks Paneth & Shron protest they have produced boxes of papers and documents in their possession in response to discovery requests but the items produced don onot addressor contain the "proposed journal adjustments" that would be

customarily submitted by an Auditing Agency, nor the corresponding acceptances of those proposals by Dalton Management, which would explain the excessive and multiple journal entry adjustments contained in these produced records.  This phenomena clearly suggests to the most casual observer Dalton Management is not the accountant keeping and preparing the books and records of these developments. It further suggests this function is being performed in fact by the Auditors, Marks Paneth & Shron, at the same time they purport to be the "independent" auditors required by State and Federal Regulatory Agencies to review the work of the "management company accountants".  In short,  Marks Paneth & Shron are obviously auditing their own accounting in violation of all accounting standards.  Defendant Dawley testified in his deposition of February 24th, 2009, he makes no effort to conform his general ledgers with the year end financial statements issued by Marks Paneth, which means that no audit or inspection of the Dalton books could ever provide information on the financial performances of the partnerships. All efforts to obtain such understanding are doomed from their inception.

11.     Marks Paneth & Shron produced no records in justification of the two to three million dollar discrepancies and the overall 7milolion dollar discrepancies which is not surprising as they claim to be auditors who merely sample work product produced by the management accountants and verify its bona fides. Notwithstanding, virtually every request of the Cameron firm, and this office for proof and documentation of the discovery process have been referred by defendant Dawley, the Chief Executive Officer of Dalton to the officials at Marks Paneth & Shron.

12.     It is uncontrovertible from the developed investigation Marks Paneth & Shron function as the true accountants of these affairs; that no understanding and

comprehension of the affairs of the partnerships can be attained without the production of whatever documents, evidence or records as are maintained by Marks Paneth, as would justify the claimed level of expenses and expenditures.

13.    As Marks Paneth & Shron are the true accountants of these records and in this circumstance clearly any audit purported to have be performed by them in  2006, or in any other year, is flawed in nature and no audit at all as the auditors, contrary to state and federal regulations in the governing of these public housing institutions would be engaged in the feigned audit of their own work product.

14.    The circumstances presented are most extraordinary.  Plaintiffs have been further severely hampered by the unavailability and absence of M> Darren Traub, the lead attorney for Herrick Feinstein representing the Seavey Defendants for most of the last five months.  Discovery requests were not responded to in less than the maximum time periods allowable under the FRCP, despite Affirmant's efforts to obtain release of some items pursuant to Section 41 of the Partnership law to expedite the process.

15.    Affirmant attaches, for the Court's information, copies of the papers in a most recent dispute presented to Magistrate James C. Francis, which is emblematic of the controversies and subtle, and not so subtle obstructions that have confronted and confounded the Plaintiffs efforts over the last many months.  Here, documents observed by representatives of my office submitted to defendant Dawley for copying are redfused and suppressed "until they are reviewed by my attorneys" for over five days, then e-mailed to my office on the fifth day at a time when I was engaged in depositions in the office of the defendants attorneys, Herrick & Feinstein, and could have received them over the table, so to speak, to insure I could not use them during the scheduled

depositions. Herrick and Feinstein have maintained before the Magistrate and in diverse other litigation Plaintiff had pledged and surrendered to Seavey controlled interests his 7.5% Managing General Partnership interest in the developments, but deliberately withheld for five days, in the midst of their deposition with John L. Edmonds, admissions and declarations against interest made and sworn to by defendant Robert Seavey, observed by my operatives, which directly puts the lie to these contentions.

16.    Marks Paneth & Shron act in similar capacity with Dalton Management in 16 Housing Developments in the New York Metropolitan area. The evidence educed suggests the partnerships in this action, particularly Fifth & 106th Street Houses , Inc., may be bearing expense far beyond its individual obligations in this circumstance. Affirmant believes no commensurate delay in the trial schedule need be occasioned by the requested extension which would allow for a "maximum accounting effort" to comprehend the diverse manner in which the independence of the defendant's Marks Paneth & Shron is totally compromised by these multiple engagements with the Seavey defendants, and explore the re-classification of payments between the defendants to subvert and defeat HUD and DHCR regulations, and obscure the true disposition of funds.

17.    When a direct discovery requests was put to the Seavey defendants in July of 2008 as to the involvement of Dalton and Marks Paneth in the 16 developments referred to above, their response was not an answer to the inquiry, but a statement that they have produced sufficient documents for Plaintiff to discern the truth of this statement.

Nothing has been more exemplary of the resistance to disclosure provided.

WHEREFORE, Defendant prays a 120 day extension of the discovery process to enable a full review of these records through the year 2000, with such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
        April 27th[d], 2009

                                        S/ m. Douglas Haywoode
                                        M. DOUGLAS HAYWOODE (MH 1795)

# EXHIBIT A

# M. DOUGLAS HAYWOODE

### COUNSELOR AT LAW
### 71 MAPLE STREET
### BROOKLYN, NEW YORK 11225-5001

TELEPHONE: (718) 940-8800
TELEPHONE: (718) 282-3900
TELECOPIER: (718) 940-9574
E-MAIL: mdhlaw@haywoode.com

January 8th, 2009

**VIA HAND DELIVERY**
Hon. James C. Francis, United State Magistrate Judge
Daniel Patrick Moynihan United State Courthouse
500 Pearl St. Room 1960, Courtroom 18D
New York, New York 10007

Re:   Edmonds v. Seavey, et al.;
Index No.08-CV-5646-HB

Dear Honorable Sir:

We respectfully submit this response to the second letter of Scott E. Mollen, Esq., dated December 19th, 2008, protesting alleged deficiencies in diverse responses to his document requests and interrogatories. When requests were made to defendant Marks, Paneth & Shron and the Seavey Defendants for much the same documents requested over the course of one year by plaintiff's auditors, Cameron, Pryce & Griffith, LLC, these objected to each request but provided a box load of documents for Plaintiff's perusal in feigned satisfaction of all inquiries.

We attach our submission to Judge Harold Baer Jr., of October 2nd, 2008 outlining our unreadiness with the nature and quality of defendants' responses to our document requests. A small conference was subsequently held with Judge Baer when the scheduling order for this case was made on September 18, 2008, and the Court directed the Attorneys "work these issues out". Defendant Marks, Paneth & Shron, by their attorney's Wilson & Elser, William J. Kelly, Esq., has not responded to any interrogatory posed by the plaintiff to the parties. The Herrick organization, Attorneys Scott E. Mollen and M. Darren Traub, acting for the Seavey defendants have been singularly non-responsive to plaintiff's interrogatories. Most characteristic of their responses was their answer to the question how many Seavey developments are serviced by Marks, Paneth & Shron, (the Seaveys are known to control a total of 14 such developments, in four of which they are associated with John L. Edmonds) to which request they replied plaintiffs had been given sufficient document production form which they should know the answer to this question. This issue was discussed before Judge Baer, who inquired why plaintiff wished to extend his inquiry to this extent and it was explained by me allegations of the complaint and our accountants investigations and inquiries suggested officers of defendant Dalton Management functioning in these other developments are believed to be paid by the four Seavey/Edmonds Developments though not authorized under the

1

# M. DOUGLAS HAYWOODE

terms of the HUD contracts. Though the Court, at that time, seemed satisfied as to the relevance of this inquiry neither this question, nor a spate of others have been addressed by either defendant. It is fair to say the discovery process, to date, has been "gamed" by the defendants to the point of being rendered ineffective.

The Herrick Organization objects to the quality of the documents produced by John L. Edmonds, but, they were offered full opportunity to come to this office, view the totality of papers and documents in the possession of plaintiff John L. Edmonds, and select and copy those items they deemed relevant. This offer was made in the presence of Judge Baer, and he suggested Attorney Traub do so. Traub declined and requested we submit the entire package to his office for copying. I advised him much of it might prove irrelevant, but he stated it did not matter, and wished us to pursue the same course the Herrick and Wilson & Elser Firms pursued in responding to our notices to produce. It's not plaintiff John L. Edmonds' duty or responsibility to maintain "complete records" concerning the Partnership affairs, and it is ludicrous for these to request his "opinion" of his interests in the four developments, which is probative of nothing, when the defendants have the official books and records of the Partnerships which they are under a duty to maintain.

Plaintiff discussed this problem with attorney Traub in October in an effort to determine if the issues and questions raised before Judge Baer in September would be addressed by the defendants. Mr. Traub stated at that time those questions would best be addressed and explained at an oral deposition. Plaintiff noticed all parties for commencement of depositions for November 10th, 2008, but attorney Traub requested those depositions be postponed until January 2009, as he had pressing matters in Los Angeles, California. This office agreed to this request. Stipulations had been signed extending the time of the defendant to respond to the plaintiff to preserve their right to make motions they deemed appropriate. We are now, however, presented with a motion to dismiss by Wilson & Elser, on behalf of Marks, Paneth & Shron, which suggests they have done nothing wrong and are being victimized by a frivolous attempt of the plaintiff to obtain some advantage in negotiation of liquidation of partnership interests.

A plain reading, however, of the plaintiff's complaint taken with plaintiff's Affidavit and exhibits in the order to show cause herein tell a damningly different story. It is hornbook law on motions to dismiss the Court assumes the truth of all allegations contained in the complaint and attendant documents. Contrary to contentions made by Counsel for Marks, Paneth & Shron plaintiffs allege $7.5 Million Dollars in the year 2006, alone, cannot be accounted for, or justified by reason of the inability of the development's accountant, Dalton Management to provide evidentiary support for diverse ledger adjustment entries asserted by Marks, Paneth & Shron in their audit report which are unknown to Dalton Management. This feature clearly suggests that in violation of all federal regulatory provisions and directives of the Federal General Accounting Office Marks, Paneth & Shron are the actual accountants to these developments, notwithstanding the fact Dalton Management, totally owned by the Seaveys, is receiving hundreds of thousands of dollars yearly from each development for the performance of this task. Dalton management isn't even aware of the adjustments to its books made

2

## M. DOUGLAS HAYWOODE

audited financial statements, the difference of $17,769 was reclassified to management expenses.

- Logan Plaza audit fees-$36,694 was paid and $2,000 accrued, making a total of $38,964. $24,000 was reported in the audited financial statements, and the difference of $12,694 was charged to management consultant expense.

- Charles Hill Housing's Audit fees-$36,616 was disbursed and an additional amount of $2,000 was accrued making a total of $38,616. $24,000 which was reported to HUD, the shareholders and other federal and state regulatory agencies.

In each instance, payments to Marks, Paneth & Shron were hidden under diverse classifications and there is no evidence any authorization for increased payments was requested or provided in the premises.

It is respectfully submitted, given even this small portion of unanswered issues, and the fact taking of oral depositions was delayed at the defendant's request, the pending motion of Marks, Paneth & Shron to dismiss the complaint, and all other such motions by the Seavey defendants ought, in the interest of justice, be stayed by this Court pending taking of introductory depositions in which defendants might, for the fist time, respond to the serious implications of the allegations contained in these papers which suggest, at a threshold, Marks, Paneth & Shron were not "bystanders" and "collateral damage" to the scheme and device to divert millions of dollars in this circumstance, but that they were either enablers, facilitators or out right participants in the conduction of a criminal enterprise which affected not only this Partnership, but other partnerships in which they collaborated with the Seavey defendants, albeit even as victims in an enterprise in which the apparent bending of rules, and relaxation of necessary scrutiny of an auditor was producing excessive profit to Marks, Paneth & Shron at the expense of the Partnerships to which they owed a fiduciary duty.

Respectfully Submitted,

/s/M. Douglas Haywoode
M. Douglas Haywoode

Cc.:    Herrick, Feinstein LLP.
        2 Park Avenue
        New York, New York 10016
        Attn.: Scott E. Mollen, Esq.

Cc.:    Wilson Elser
        3 Gannett Drive
        White Plains, New York 10604
        Attn.: William J. Kelly, Esq.

04/27/2009 16:28 FAX 7189409574                                              005/007

# M. DOUGLAS HAYWOODE

### COUNSELOR AT LAW
### 71 MAPLE STREET
### BROOKLYN, NEW YORK 11225-5001

TELEPHONE: (718) 940-8800
TELEPHONE: (718) 282-3900
TELECOPIER: (718) 940-9574
E-MAIL: mdhlaw@haywoode.com

August 6th, 2008

**VIA HAND DELIVERY**
Hon. James C. Francis, United State Magistrate Judge
Daniel Patrick Moynihan United State Courthouse
500 Pearl St. Room 1960, Courtroom 18D
New York, New York 10007

Re:   Edmonds v. Seavey, et al.;
      Index No.08-CV-5646-HB

Dear Judge Frances:

We respectfully submit this response to the letter of Scott E. Mollen, Esq., dated August 1st, 2008, seeking what appears Appellate review of a circumstance and decision fully argued, as to all points raised by him before Judge Sydney Stein of this Court on June 24th, 2008. After hearing full argument as to the same points raised in this letter Judge Stein directed Discovery should commence forthwith. The parties have agreed that all documents should be produced toward the latter part of this very week. Contrary to the statements of the defendants attorney, the communications contained as exhibits in the instant order to show cause spell out in detail the information which the attorneys have agreed is now assembled and ready to be reviewed constitutes data requested by accountants in this matter for over one year. Attorney Mollen, himself, commented in argument before Judge Stein upon provision of these documents the entire claim of the plaintiffs would be resolved. He now, inconsistently seeks to deny and reverse that representation.

Counsel's statements in paragraph two of this letter concerning a pattern of RICO Court suits, was made before Judge Sydney Stein on June, 24th, 2008 and not considered by him. I was counsel to the buildings in question between 1987 and 1999. Legal fees in excess of $100,000.00 Dollars were owed by the defendant and not paid, for unknown reasons. The law suit was brought before Judge Whitman Knapp and was discontinued by the parties within 45 to 60 days when the full amount was paid by defendants Robert Seavey and John Edmonds, not because the claim was "withdrawn" as Attorney Mollen says, but because the Seaveys, represented by their son in-law, Attorney Eric Seltzer determined to pay a just and meritorious claim. Defendants exhibit over the years a pattern and propensity of, inexplicably, withholding funds from vendors, to obtain more favorable terms of settlement. I have known, and shared law quarters with the principle parties for several decades. At no time in my memory were these engaged in less than seven to ten law suits in the State Courts. Both the plaintiff and defendant are politically

1

## M. DOUGLAS HAYWOODE

influential in New York City which might explain their predilection for litigation at the
State Court level. Counsel misstates when he suggests Edmonds brought this suit.
Edmonds was a defendant in that action and participated with Seavey in its settlement.
The pattern attorney Mollen refers to is nonexistent.

Attorney Mollen asserts that Edmonds alleges that "some" of the back-up
documentation was not made available to him. Edmonds actual allegations are to the
effect that the accountants couldn't get the most elementary documentation that would
allow them to review the ledgers of Dalton Management, which is the entity and
enterprise, paid to compile and maintain this information. Edmonds played little role in
the requests of the accountants. The documents in support of the Order to Show Cause
clearly show the history of the repeated requests by the accountants, Cameron  & Pryce,
made to Dalton Management, which, in turn referred the accountants to Marks, Paneth
and Shron, LLP, and the virtual stone wall they were presented with by both these entities
and enterprises. The audit was to cover a period of ten years dealings on behalf of the
partners. It was to begin with 2006 and 2007. The resistance presented to the most
elementary inquiries made it impossible to proceed with the 2006 audit, alone.

The accountants attempted to press through with the scant information provided
to them but could not justify some $7.5, Million Dollars from the documents Dalton
Management said it did not have, and that Marks, Paneth & Shron said they must be paid
to produce. Possession of these documents by Marks, Paneth & Shron and not by Dalton
Management, clearly suggests the accounting was the product of the auditors and not the
management company, in full violation of all applicable federal regulations and
accounting principles.

Attorney Mollen's claim that this Complaint cannot show a "pattern of
racketeering", because it covers a period less than two years is patently not true. The
Complaint in question addresses a pattern of activity which stretches back over decades,
but certainly five or six years. The Complaint does not allege "certain individuals"
specifically the Seaveys, acted together to defraud Edmonds, these actions occurred by
the use of diverse enterprises, owned or controlled by the named individual defendants,
acting with other independent entities and enterprises either acting in conspiracy with
these defendants, or as their victim, utilizing the diverse structures of the diverse
Partnerships and Corporations named as defendants, of which there are many. Clearly
structures exist within each group or company named for the making of decisions.
Clearly there are mechanisms for controlling and directing the affairs of these groups on
an on going bases. The activities complained about cannot be viewed as performed on an
*ad hoc* basis, and the wire and mail fraud allegations of the Complaint are stated with
sufficient particularity. Attorney Mollen's allegation in paragraph 3 of the 3rd page of his
letter that cursory review of the Discovery Requests, Order to Show Cause and
Complaint show this action is aimed at inspection of the Partnership's books, records and
ledgers constitutes a severe misreading and misapprehension of the Complaint which
speaks of misappropriations, captions and asportations of monies approximating $7.5
Million Dollars in 2006 alone, which could be logically projected to losses of $75 Million

# M. DOUGLAS HAYWOODE

Dollars, at a threshold, over a ten year period, and an extended amount over the life of the dealings of the parties as the Statutes of Limitation might allow.

All Defendants Counsels had made arrangements to produce the records in question for inspection by August 7th, 2008. It is ridiculous and absurd to now claim prejudice could result from the performance of this threshold obligation which should have been performed at the outset of this inquiry in March of 2007.

Attorney Mollen seeks to trivialize a dispute which clearly involves billions of Dollars of Federal public funds presenting questions of interpretation of Federal Statutes and possible grave violations of HUD and other Federal regulations dealing with reinvestment of wrongfully taken funds in this and other business of the diverse enterprise, committed by submission of multiple fraudulent documents to plaintiff and the federal regulatory agencies concerned. It is clear the pattern reflected in the management of these four developments and the comingling of expenses and use of the assets of the developments might seriously be traced to and impact upon the other ten developments owned and operated by, the Seavey Group all of which developments are subject to Federal Statutes and regulations.

It is respectfully submitted the magistrate should deny this application and direct full compliance with the Order of Judge Sydney Stein of June 24th, 2008, in full compliance with the directive of Judge Sydney Stein.

Respectfully Submitted,

M. Douglas Haywoode

Cc.:    Herrick, Feinstein LLP.
        2 Park Avenue
        New York, New York 10016
        Attn.: Scott E. Mollen, Esq.

Cc.:    Wilson Elser
        3 Gannett Drive
        White Plains, New York 10604
        Attn.: William J. Kelly, Esq.

3

EXHIBIT B

*M. Douglas Haywoode*
*71 Maple Street*
*Brooklyn, NY, 11255*
*Attorney for Plaintiff John L. Edmonds*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN L. EDMONDS, INDIVIDUALLY
AND AS A MANAGING GENERAL
PARTNER OF FIFTH AND 106TH
STREET HOUSING COMPANY, INC.,
LOGAN PLAZA ASSOCIATES, LP,
CHARLES H. ASSOCIATES a/k/a
CHARLES H. HILL ASSOCIATES, LP
AND AS A LIMITED PARTNER OF
CHURCH HOME ASSOCIATES, LP,

         Plaintiff,

     -against-

ROBERT W SEAVEY, INDIVIDUALLY
AND AS A GENERAL PARTNER OF
FIFTH AND l06TH STREET
ASSOCIATES, LP, LOGAN PLAZA
ASSOCIATES, LP, CHARLES HILL
ASSOCIATES, CHARLES HILL
ASSOCIATES, LP AND AS A LIMITED
PARTNER OF CHURCH HOME
ASSOCIATES, LP; PHYLLIS M.
SEAVEY INDIVIDUALLY AND AS
OWNER, MANAGER AND MEMBER
OF DALTON MANAGMETNT
COMPANY LLC; AVERY B. SEAVEY,
INDIVIDUALLY AND AS A GENERAL
PARTNER OF LOGAN PLAZA
ASSOCIATES, LP, CHURCH HOME
ASSOCIATES AND OWNER OF
DALTON MANAGEMENT COMIPANY,
LLC; NEALE B. SEAVEY,
INDIVIDULLY AND AS OWNER,
MANAGER AND MEMBER OF
DALTON MANAGEMENT COMPANY,
LLC; AND RONALD DAWLEY AS
CHIEF EXECUTIVE OFFICER OF
DALTON MANAGEMENT COMPANY,
LLC; DALTON MANAGEMENT
COMPANY, LLC, THE SEAVEY
ORGANIZATION, and MARK PANETH
& SHRON, Auditors,

         Defendants.

Index No.:  08 CIV 5646

**NOTICE OF
CROSS MOTION**

PLEASE TAKE NOTICE that based on the Declaration of M. Douglas and the exhibits annexed thereto, plaintiff John L. Edmonds shall move the Court, at a date and time to be determined by the Court, before the Honorable Magistrate Judge James C. Francis, at the United State Courthouse, Courtroom 18D, 500 Pearl Street, New York, New York, for an Order, pursuant to Fed. R. Civ. P. 30(g), entering appropriate sanctions against defendants Rober W. Seavey, Phillis M. Seavey, Avery B. Seavey, Nealle B. Seavey, Ronald Dawley, Dalton Management Company, LLC, and the Seavey Organization (collectively, "the Seavey Defendants") and their Attorneys obstruction of the discovery process, consisting of refusal to provide papers designated by plaintiff pursuant to discovery and the partnership law.

Dated:  Brooklyn, New York
        April 21st, 2009

                              Yours, etc.,
                              M. DOUGLAS HAYWOODE, ESQ.

                              S/ M. Douglas Haywoode
                              *Attorney for Plaintiff*
                              71 Maple Street
                              Brooklyn, NY 11225
                              (718) 940-8800

To:    Wilson Elser Moskowitz Edelman & Dicker, LLP
       3 Gannett Drive
       White Plains, NY 10604-3407
       Attn: William J. Kelly, Esq.
       (914) 323-7000

       Herrick, Feinstein LLP
       2 Park Avenue
       New York, NY 10016
       Attn: Scott E. Mollen, Esq.
       (212) 592-1505

M. Douglas Haywoode, Esq.
Attorney for Defendant John L. Edmonds
71 Maple Street
Brooklyn, New York 11225
(718) 940-8800
(718) 940-9574 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN L. EDMONDS, individually and as a
managing general partner of FIFTH AND
106TH STREET HOUSING COMPANY,
INC., LOGAN PLAZA ASSOCIATES, LP,
CHARLES H. ASSOCIATES a/k/a
CHARLES H. HILL ASSOCIATES, LP
AND AS A LIMITED PARTNER OF
CHURCH HOME ASSOCIATES, LP,

Index No.: 08-CV-5646

Plaintiff,

-against-

ROBERT W SEAVEY, individually and as a
General Partner of FIFTH AND 106TH
STREET ASSOCIATES, LP, LOGAN
PLAZA ASSOCIATES, LP, CHARLES
HILL ASSOCIATES, CHARLES HILL
ASSOCIATES, LP and as a Limited Partner
of CHURCH HOME ASSOCIATES, LP;
PHYLLIS M. SEAVEY individually and as
owner, manager and member of DALTON
MANAGEMENT COMPANY LLC;
AVERY B. SEAVEY, individually and as a
General Partner of LOGAN PLAZA
ASSOCIATES, LP, CHURCH HOME
ASSOCIATES and owner of DALTON
MANAGEMENT COMIPANY, LLC;
NEALE B. SEAVEY, individually and as
owner, manager and member of DALTON
MANAGEMENT COMPANY, LLC; and
RONALD DAWLEY as Chief Executive
Officer of DALTON MANAGEMENT
COMPANY, LLC; DALTON
MANAGEMENT COMPANY, LLC, THE
SEAVEY ORGANIZATION, and MARK
PANETH & SHRON, Auditors,

Defendants.

**DECLARATION OF
M. DOUGLAS HAYWOODE, ESQ.,
IN OPPOSITION TO DEFENDANT
SEAVEY *ET AL*'S, MOTION FOR
SANCTIONS AND IN FURTHER
SUPPORT OF THE CROSS
MOTION FOR SANCTIONS**

1

M. Douglas Haywoode, an attorney admitted to practice before this Court, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.      I am the attorney for Plaintiff John L. Edmonds in the instant action.

2.      I submit this declaration in further support of John L. Edmonds' motion for discovery sanctions pursuant to FRCP 37(c)(1)(a) and DR 7-102 a and d by reason of the outright suppression by defendants' attorneys of documents directly bearing on the subject matter of depositions then being conducted by Herrick Feinstein, and in opposition to their motion for sanctions by reason of Affirmant's refusal to comply with their outright threats bordering on the extortionate to compel my submitting to their outrageous demands.

3.      Plaintiff had retained the accountants firm of Cameron Griffith & Pryce, LLP., as long ago as March of 2007 for the purpose of determining why distributions to the members of the partnership had severely diminished over a number of years.  Several companion suits have been brought in the State Courts by the limited partners first against the Seavey Defendants, and most recently adding this Plaintiff as a party defendant, alleging monies are being siphoned off from the project by the Seavey defendants, and that both Managing General Partners have blocked a sale of the largest of the developments, 5th & 106th Street Houses, Inc.

4.      We have been continuously advised by plaintiff's accountants, Cameron, Griffith & Pryce since the inception of their audit the records of the Seavey owned and controlled Dalton Management company do not contain the minimum detail and information which are requisite to the performance of an audit by any accountant utilizing the methods and acceptances of their profession. Contrary to the insinuations in

2

the affirmation of M. Darren Traub received on even date the group of accountants

retained by the Plaintiff Edmonds are extraordinarily trained, and all licensed CPA's, one

of whom has previously worked for DHCR. Affirmant invites a careful reading of the

minutes of the depositions of Orley Cameron and Adam Pryce of April 21st and 22nd,

which will be supplied to the Court immediately upon our receipt of same to show the

supporting affirmation in opposition is a base appeal to some chauvinistic authority. A

careful reading of the record discloses the repeated testimony of the witnesses they were

embarked upon a straight "financial audit" which involved no question of Mitchell Lama,

or Federal Housing law interpretation. The primary testimony of these accountants was

to the effect the books and records presented to them by Dalton Management was in such

a deficient condition as to render it impossible for them to form any opinion as to what

had transpired or been done to literally millions of dollars that filled the void between

Dalton Managements general ledgers, and the undocumented and unsupported numbers

projected in the year end financial statement issued by Marks Paneth & Shron. William

Jennings, an officer of Marks Paneth & Shron conceded in his deposition of February 3rd,

2009 at p. 186 the "deficiency" of Dalton's "internal controls". He continued to

characterize their performance as fundamentally "lazy."

     5.     A more fulsome and detailed account of the difficulties encountered by

these accountants is contained in the minutes and transcripts of the depositions

conducted on April 21st and 22nd, 2009, by M. Darren Traub, acting in behalf of the

Seavey defendants, and William J. Kelly, the attorney for Marks Paneth & Shron.

     6.     The accountant's testimony recites in summary an amount in excess of

$15 million dollars yearly appears to have been received by the Partnership in fiscal year

2006, approximately 6.8 million of this sum being received by the flagship development, Fifth & 106th Street Houses, Inc.,  and which amounts are reflected in the general ledgers of the diverse partnerships, but the financial statements generated at the end of the tax year by the defendant Marks Paneth & Shron, which are retained as the auditor of all the partnerships, show voluminous and excessive "journal entry adjustments" apparently directed by the auditing agency, (Marks Paneth) without the usual proposal and acceptance pattern expected to exist in such circumstances.  These arbitrary adjustments, and re-classifications of expenses appear to mask and conceal payments made to Marks Paneth & Shron, far in excess of the $34,000 allowable to this defendant under the HUD and DHCR regulated auditing contracts they maintain with the housing developments, and greatly enhance and increase the level of expenditures of the developments, there being no trail of support or evidence for these changes either in the Dalton general ledgers, or in any document produced to date by Marks Paneth & Shron.

7.    In various samplings by the retained accountants the differential between expenses claimed in the Marks Paneth financial statements, and the supporting documentation produced in accordance with Government Approved Accounting Standards have shown as much as $7-$9 million dollars in claimed expenses that cannot be supported by the documents and evidence produced, causing the retained auditors to issue disclaimers due to their inability to form any opinion as to the books and records produced due to their patent deficiencies.  William Jennings of Marks Paneth & Shron has testified in his deposition of February 3rd, 2009 the performance of Dalton Management is "deficient", at page 186.

8.    The Cameron auditors recite their inquiries as to much of the "back up" evidence and documentation of defendant Ronald Dawley, Chief Ooperating Officer of Dalton Management are referred, for the most part to Marks Paneth & Shron for response.  The retained Auditors were further instructed by Dawley that insofar as the Marks Paneth firm are on fixed retainer, Plaintiff John L. Edmonds was required to pay the firm for its time in answering questions and providing documents that should ordinarily be in the possession and control of the accountant, Dalton Management, which is paid in excess of $500,000.00 yearly to provide accounting services, and to obtain approval from DHCR, a regulating state agency, for the payment of these monies. A substantial part of the Plaintiffs complaint and the allegations of the 85% limited partners brought in the State Court concerns the siphoning off of moneys by the defendants to their personally held assets, ie. laundromat and garage leases and concessions, and the payment to Dalton management, another entity wholly owned by the Seaveys, of management fees for approximately 16 public housing developments owned by them under circumstances in which it appears the true accountants are the alleged Auditors for each development , Marks Paneth & Shron, whose independence as is required of all applicable practices concerning Auditors, is severely compromised by the large sum paid to that defendant by the diverse Seavey interests, some of whom Marks Paneth provides personal services to, as well.

9.    When the retained Cameron Auditors requested the personnel files of central office Dalton employees who appear to receive substantial partnership payments for their salaries, in apparent contradiction of the management contracts of Dalton with the development partnerships, they were told by defendant Phyllis Seavey they must

bring a law suit to obtain this information. Mr. Traub refers to this at page three of his affirmation, but the issue is resolved by a close reading of the contracts interpreted which seems strongly to suggest the Seavey and Dalton central office employees are being improperly paid in these four and the other 12 developments to the extent of hundreds of thousands of dollars which practice has not, as yet been presented or challenged by the regulatory agencies, which have also, up to this date failed to see the enormous compromise of the Marks Paneth firm as any independent auditor, and the $74,000 in reclassified funds paid to Marx Paneth & Shron in 2006, without any request to DHCR or any other regulatory agency for authorization.

10.     Defendant Marks Paneth & Shron protest they have produced boxes of papers and documents in their possession in response to discovery requests but the items produced do not address or contain the "proposed journal adjustments" that would be customarily submitted by an Auditing Agency, nor the corresponding acceptances of those proposals by Dalton Management, which would explain the excessive and multiple journal entry adjustments contained in these produced records.  This phenomena clearly suggests to the most casual observer Dalton Management is not the accountant keeping and preparing the books and records of these developments. It further suggests this function is being performed in fact by the Auditors, Marks Paneth & Shron, at the same time they purport to be the "independent" auditors required by State and Federal Regulatory Agencies to review the work of the "management company accountants".  In short, Marks Paneth & Shron are obviously auditing their own accounting in violation of all accounting standards.  Defendant Dawley testified in his deposition of February 24th, 2009, he makes no effort to conform his general ledgers with the year end financial

statements issued by Marks Paneth, which means that no audit or inspection of the Dalton books could ever provide information on the financial performances of the partnerships. All efforts to obtain such understanding are doomed from their inception.

11.    Marks Paneth & Shron produced no records in justification of the two to three million dollar discrepancies and the overall 7million dollar discrepancies which is not surprising as they claim to be auditors who merely sample work product produced by the management accountants and verify its *bona fides*. Notwithstanding, virtually every request of the Cameron firm, and this office for proof and documentation of the discovery process have been referred by defendant Dawley, the Chief Executive Officer of Dalton to the officials at Marks Paneth & Shron.

12.    It is uncontrovertible from the developed investigation Marks Paneth & Shron function as the true accountants of these affairs; that no understanding and comprehension of the affairs of the partnerships can be attained without the production of whatever documents, evidence or records as are maintained by Marks Paneth, as would justify the claimed level of expenses and expenditures.

13.    As Marks Paneth & Shron are the true accountants of these records and in this circumstance clearly any audit purported to have been performed by them in 2006, or in any other year, is flawed in nature and no audit at all as the auditors, contrary to state and federal regulations in the governing of these public housing institutions would be engaged in the feigned audit of their own work product.

14.    The circumstances presented are most extraordinary.  Plaintiffs have been further severely hampered by the unavailability and absence of M. Darren Traub, the lead attorney for Herrick Feinstein representing the Seavey Defendants for most of the last

five months.  Discovery requests were not responded to in less than the maximum time periods allowable under the FRCP, despite Affirmant's efforts to obtain release of some items pursuant to Section 41 of the Partnership law to expedite the process.

15.    The Magistrate may recall that in a recent dispute presented by the Attorney for the Seavey Defendants, Mr. Traub, great perturbation was expressed that Plaintiff John L. Edmonds had responded to a discovery request seeking to learn "his opinion" of his interest in the Fifth and 106th Street, housing company.  Edmonds stated he was a fifty percent owner of the 15 shares retained by him and Robert W. Seavey, and that each were Managing General Partners of that corporation. Traub objected this answer was wrong suggesting Edmonds interests had been pledged in 1999 to a Seavey entity, in return for his 30 year partners consent to allow him to borrow 1.6 million dollars from the partners corporations accounts to remove a local radio station from Chapter 11, whereupon Edmonds was able to recover his 5 million dollar interest from that corporation.. In point of fact, Edmonds was asked to pledge his interest in the Housing Company in return for the use of 1.5 million of his own money, and a loan of $125,000 from a Seavey entity, BNAS.  Notwithstanding that Edmonds replaced these funds with interest in the partnership accounts in 2001, and over 2.3 million was received by his partner, Seavey. in 2001, as full redemption and satisfaction of that pledge, the issue has been presented and pressed in this litigation, and in the litigation before the State Courts brought by the 85% limited partners and the Seavey's and their attorneys continue to press this issue as they believe Edmonds is unable to document the redemption.   Magistrate James C. Francis, repeated to Attorney Traub at that time in telephone conference what relevance Edmonds "opinion" of his interest could possibly

8

have when it is the corporation which possesses all books and records on this subject.

This is emblematic of the controversies and subtle, and not so subtle obstructions that

have confronted and confounded the Plaintiffs efforts over the last many months.

16.     Documents were observed by representatives of my office on Thursday,

April 16th 2009 during discovery, submitted to defendant Dawley for copying to be

returned to these the following morning, but they were refused and suppressed by

defendant Ronald Dawley on the morning of the 17th, "until they are reviewed by my

attorneys". This review lasted over five days until the present motion cycle concluded.

The papers were then e-mailed to my office on the fifth day at a time when I was engaged

in depositions in the office of the defendants attorneys, Herrick & Feinstein, and could

have received them over the table, so to speak, to insure I could not use them during the

scheduled depositions. Herrick and Feinstein have maintained before the Magistrate and

in diverse other litigation Plaintiff had pledged and surrendered to Seavey controlled

interests his 7.5% Managing General Partnership interest in the developments, but

deliberately withheld for five days, in the midst of their deposition with John L.

Edmonds, admissions and declarations against interest made and sworn to by defendant

Robert Seavey, observed by my operatives, which directly puts the lie to these

contentions. The document withheld by Attorney Traub and not even submitted to the

Court on the bringing of this spurious application is the attached "resolution" presented to

Chase Bank in October 2002, which clearly declares Plaintiff Edmonds to be as Edmonds

said a Managing General Partner with a 50% interest and 7.5 % share in contradiction to

the diverse attestations to the contrary made in this and other Courts.  A review of the

transcript of John L. Edmonds deposition of Friday April 17th,2009, once it is obtained

from the Court Reporters will disclose Traub hammered Edmonds continuously on the issue of his interests in the housing corporations that afternoon as the damning document is now said to have remained on Dawley's desk awaiting "attorney review" of five days.

17.    The February 4th deposition of Phyllis Seavey was adjourned on consent of both parties to allow receipt and review of the Jennings deposition of the day before. In the wake of this conduct Attorney Traub now weaves a tale that talks of Phyllis Seavey being excused from any further deposition by reason of some alleged inconvenience to her and an impending vacation through the remainder of the discovery period of April30th, 2009.  Phyllis Seavey, apparently failed to receive this message as she voluntarily attented the two succeeding depositions of the Accountants of April 21st and 22nd of 2009 gracing us with her vibrant and engaging personality through both those dates.  Affirmant has known all the parties to this action for many decades and, indeed, practiced law with them all in the same quarters, though unassociated with either for many years.  I particularly consented to conduct Mrs. Seavey's deposition at the Herrick & Feinstein office as a convenience to the Seaveys as it is directly across the street from the Seavey law office of many years which I understand they still attend on a daily basis.

18.    All the major parties to this action are over 80 years old but I am moved to comment Mrs. Seavey is as vibrant and engaging as she was over 46 years ago when I first met her. She certainly presents no physical deficit or disability and the protestations of Attorney Traub in this respect are wholly disingenuous.

19.    Affirmant protested in the transcript of the 21st, I pounded no tables and never resorted to telling the story of "Oedipus Rex."  I suggested to Mr. Traub, who protests ignorance of all these factors another maxim to often associated with litigation

concerning evidence which is that when it appears to contradict a main facet and pillar of your entire defense, the answer is to either alert the courts as to the inconsistency and amend all pleadings in every court in which you have maintained a false attestation or suppress the evidence of it.

20.    At a threshold, unless the Seavey defendants correct their misrepresentations as to Edmonds interests in this and every other Court in which it is asserted they should, at a minimum, be charged with the costs of disproving these onerously conceived claims.

WHEREFORE, Defendant prays the motion of the defendants seeking sanctions be denied in all respects, and that the cross motion of the plaintiff be granted with such other and further dispensation and relief as the Court deems proper.

Dated: Brooklyn, New York
        April 27th[d], 2009

                                    s/ M. Douglas Haywoode
                                    M. DOUGLAS HAYWOODE (MH 1795)

# EXHIBIT A

**ROBERT W. SEAVEY**

THREE PARK AVENUE
NEW YORK, N.Y. 10016

(212) 532-0333
FAX (212) 481-3390

May 13, 2002

Mr. David Steadly
c/o SalomonSmithBarney
399 Park Avenue - 12th Fl.
New York, N. Y. 10022

Dear David:

Would you be kind enough to send John L. Edmonds, Esq., a letter to the following effect:

John L. Edmonds, Esq.
361 West 125th Street
Suite #200
New York, N.Y. 10027

Dear Mr. Edmonds:

Enclosed the latest Financial Statement from Fifth And 106th Street Associates, A Partnership. I send this to you in your capacity as a General Partner, etc., etc....

Thank you.

Sincerely,

ROBERT W. SEAVEY

RWS:eg

P.S. Please call me.

SEAVEY3R 0001

**Chase Investment Services Corp.**

# Investment Resolution
# For A Limited Partnership

| ACCOUNT NO. |
|---|
| C L 5 5 3 8 4 5 0 |

We *John L Edmonds and Robert W Seavey*, General Partners of *5 & 106th St Associates*, hereby certify on behalf of the Limited Partnership (the "Partnership"): That the Partnership was duly formed under the laws of the state of *New York* ; that it is currently in existence and in good standing in the state of *New York* ; that the following resolution conforms to the Partnership Agreement of this Partnership; that the following is a true and correct copy of such resolution; and that the same is now in full force and effect.

_John L. Edmonds_
General Partner's Name

*and*

_Robert W Seavey_
General Partner's Name

RESOLVED, that the above-listed General Partners of this Partnership are authorized: (i) to act on behalf of the Partnership in connection with the Partnership's ownership of investments to be purchased through Chase Investment Services Corp. or its affiliates, and to open investment accounts as necessary in connection with such investment; (ii) to invest such funds of the Partnership as they deem necessary and endorse checks or other instruments for investment in such accounts; (iii) to furnish any transfer agent with instructions to transfer or redeem any shares of any such investment payable to any person or in any manner; (iv) to sell, surrender, or redeem any investment and apply the proceeds of such sale, surrender, or redemption of the purchase of another investment on behalf of the Partnership; and (v) to execute any necessary forms in connection herewith.

FURTHER RESOLVED, that Chase Investment Services Corp. and its affiliates, and any investment company, insurance company, transfer agent, or custodian bank, may rely from time to time upon any certifications by a General Partner of this Partnership as to the names of the individuals authorized to act under the above resolutions until actual receipt by each of them of a certification by a General Partner modifying or revoking any such resolution.

IN WITNESS WHEREOF, *We* have hereunto subscribed my names as General Partners of *our 5th And 106th St Associates* Partnership this *22nd* day of *October 2002* 19__.

_Robt W Seavey_
_John L Edmonds_
General Partner

[SEAL]

CONFIRMATION
(If the person signing this resolution is authorized to act alone)

_____
General Partner

SEAVEY3R 0010

EXHIBIT C

SOUTHERN DISTRICT OF NEW YORK

DOC #:
DATE FILED:

Edmond
                                          Plaintiff(s),

                    -against-                         08 Civ. 5646 (HB)

                                          **PROPOSED PRETRIAL**
                                          **SCHEDULING ORDER**

Seavey
                    Defendant(s).

----------------------------------------------------------x

**APPEARANCES:**

Plaintiff(s) by:        M. Douglas Haywoode

Defendant(s) by:        M. Darren Traub        William Kelly
                        Herrick Feinstein, LLP    Wilson Elser  for Def. Marks
                                                             Panether
**HAROLD BAER, Jr., District Judge:**                        Shron

Do the parties consent to proceed before a United States Magistrate for all purposes, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73?

Yes ___  No X

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, after holding an initial pretrial conference on notice to all parties, it is hereby ordered that:

Except under circumstances agreed to by the Court:

1. This case is added to the ~~August 2009~~ October Trailing Trial Calendar. Jury X. Non-Jury ___. Estimated number of trial days is 8-9. Counsel should not make any other commitments during this month. As a general rule, all cases will be tried within a reasonable time from the date of this pretrial conference based on the complexity of the case.

2. No additional parties may be joined after **December 1, 2008**.

New parties shall be bound by the deadlines included in this Pretrial Scheduling Order. If new parties are joined, the party joining them shall forward to them a copy of this Pretrial Scheduling Order and provide them with access to all previously taken discovery. Should this pose a seemingly insurmountable problem, call Chambers.

3. No additional causes of action or defenses may be asserted after **December 1, 2008**, unless permission is granted by the Court.

4. **Discovery**: All discovery, except for expert discovery, shall be commenced in time to be completed by **April 30, 2009**. Disclosure of expert testimony, if any, will be made at least 45 days before the agreed to trial month. Evidence intended to contradict or rebut the subject matter of the expert testimony will be submitted within 21 calendar days after the

If applicable, decisions with respect to disclosure and discovery of electronically stored information, along with privilege issues related to that information, shall be provided to the Court within **10 days** of this Order.

5. **Motions**: No party may make a dispositive motion returnable after _July 15_, **2009**. Either party may request (and will be given a date by Chambers) for oral argument. The above date is the date by which any motion shall be fully briefed (i.e., moving, opposition and reply papers) and a courtesy copy delivered to Chambers.

In deciding the last date to submit fully briefed motions and your agreed to trial month, keep in mind that the Court requires at least **60 days** to decide dispositive motions.
                                                        a motion for summary judgment is entered
6. **Joint Pretrial Order**: A joint pretrial order shall, unless waived by the Court, be submitted by _15 days after an order denf.S_ The pretrial order shall conform to the Court's Individual Practice and Rules. Counsel may inquire of Chambers with respect to the filing date(s) for requests to charge, proposed voir dire, and motions in limine, but in no event are they to be submitted less than five (5) business days (fully briefed) before the date set for trial.

7. The law clerk assigned to this case is _Anna_ , to whom all correspondence should be directed.

8. Upon request to Chambers by either side, the Court will schedule and conduct a settlement conference and/or mediation. The Court will also, upon request, facilitate mediation under the Court Mediation Program or a settlement conference before your Magistrate Judge. In the case of a mediation to be conducted by the Court, all parties must bring their respective clients to the mediation. Keep in mind, closure, for the most part, is accomplished in direct proportion to how early in the litigation the mediation occurs. Any ADR procedure must occur within the framework of this order.

9. Whenever a case is resolved, the parties must submit an Order of Discontinuance, signed by all parties before the case will be removed from the trial calendar. When the parties settle within forty-eight hours of trial or the filing of a dispositive motion, they must notify the Court immediately of such settlement, and fax to the Court no less than thirty-six hours prior to their planned appearance, an Order of Discontinuance (copy attached), signed by all parties.

10. The parties' signatures below represent their understanding and agreement that those scheduled is fixed and binding upon them unless the Court concludes that extraordinary circumstances warrant an extension with respect to one or more than one of the scheduled dates.

For Plaintiff

For Defendant

For Defendant Marks Paneth

For Plaintiff

**SO ORDERED.**

DATED:        New York, New York

            10/16/09

HAROLD BAER, JR.
United States District Judge

Rev. 2/07

# EXHIBIT D

CASREF, ECF

## U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:08-cv-05646-HB-JCF

| | |
|---|---|
| Edmonds et al v. Seavey et al | Date Filed: 06/23/2008 |
| Assigned to: Judge Harold Baer | Jury Demand: None |
| Referred to: Magistrate Judge James C. Francis | Nature of Suit: 470 Racketeer/Corrupt |
| Cause: 28:1331 Fed. Question | Organization |
| | Jurisdiction: Federal Question |

**Plaintiff**

**John L. Edmonds**
*Individually*

represented by **M. Douglas Haywoode**
M. Douglas Haywoode, Esq.
71 Maple Street
Brooklyn , NY 11225
(718)-940-8800
Fax: (718)-940-9574
Email: mdhlaw@haywoode.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John L. Edmonds**
*As a Managing General Partner of
Fifth and 106th Street Housing
Company, Inc*

represented by **M. Douglas Haywoode**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Logan Plaza Associates, LP**

represented by **M. Douglas Haywoode**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Charles H. Hill Associates**
*As a limited Partner of Church Home
Associates, LP
also known as*
Charles H. Hill Associates, LP

represented by **M. Douglas Haywoode**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Robert W. Seavey**
*Individually*

represented by **Scott Evan Mollen**
Herrick, Feinstein LLP
2 Park Avenue
New York , NY 10016

(212) 592-1400
Fax: (212) 592-1500
Email: smoll@herrick.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Darren Traub**
Herrick, Feinstein LLP
2 Park Avenue
New York , NY 10016
(212) 529-1400
Fax: (212) 545-2307
Email: dtraub@herrick.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert W. Seavey**                                represented by **Scott Evan Mollen**
*As a General Partner of Fifth and 106th*                        (See above for address)
*Street Associates, LP*                                          *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Logan Plaza Associates, LP**

**Defendant**

**Charles Hill Associates**

**Defendant**

**Charles Hill Associates, LP**
*As a Limited Partner of Church Home*
*Associates, LP*

**Defendant**

**Phyllis M. Seavey**                               represented by **Scott Evan Mollen**
*Individually*                                                   (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                    **Michael Darren Traub**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Phyllis M. Seavey**                               represented by **Scott Evan Mollen**
*As Owner, Manager and Member of*                                (See above for address)
*Dalton Management Company LLC*                                  *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                    **Michael Darren Traub**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Avery B. Seavey**
*Individually*

represented by **Scott Evan Mollen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Darren Traub**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Avery B. Seavey**
*As a General Partner of Logan Plaza*
*Associates, LP, Church Home*
*Associates and Owner of Dalton*
*Management Company, LLC*

represented by **Scott Evan Mollen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Darren Traub**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Neale B. Seavey**
*Individually*

represented by **Scott Evan Mollen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ronald Dawley**
*as Chief Executive Officer of Dalton*
*Management Company, LLC*

represented by **Scott Evan Mollen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Darren Traub**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dalton Management Company, LLC**

represented by **Scott Evan Mollen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Darren Traub**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Seavey Organization**

represented by **Scott Evan Mollen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Darren Traub**
(See above for address)

                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Mark Paneth**                      represented by **William J. Kelly**
*Auditor*                                            Wilson Elser,Moskowitz Edelman &
                                                     Dicker LLP(White Plains)
                                                     3 Gannett Drive
                                                     White Plains , NY 10604
                                                     (914)323-7000
                                                     Fax: (914)323-7001
                                                     Email: william.kelly@wilsonelser.com
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Shron**                            represented by **William J. Kelly**
*Auditor*                                            (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Neale B, Seavey**                  represented by **Scott Evan Mollen**
*and as Owner, Manager and Member of*                (See above for address)
*Dalton Management Company, LLC*                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Michael Darren Traub**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Phyllis M. Seavey**                represented by **Scott Evan Mollen**
*Individually*                                       (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Avery B. Seavey**                  represented by **Scott Evan Mollen**
*Individually*                                       (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Ronald Dawley**                    represented by **Scott Evan Mollen**
*as Chief Executive Officer of Dalton*               (See above for address)
*Management Company, LLC*                            *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Michael Darren Traub**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Dalton Management Company, LLC**   represented by **Scott Evan Mollen**
                                                     (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Darren Traub**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**The Seavey Organization**                represented by **Scott Evan Mollen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Darren Traub**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Neale B, Seavey**                        represented by **Scott Evan Mollen**
*and as Owner, Manager and Member of*      (See above for address)
*Dalton Management Company, LLC*           *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Darren Traub**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Robert W. Seavey**                       represented by **Scott Evan Mollen**
*Individually*                             (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Darren Traub**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**John L. Edmonds**                        represented by **M. Douglas Haywoode**
*Individually*                             (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 06/23/2008 | 1 | COMPLAINT against Robert W. Seavey(As a General Partner of Fifth and 106th Street Associates, LP), Logan Plaza Associates, LP, Charles Hill Associates, Charles Hill Associates, LP, Phyllis M. Seavey(Individually), Phyllis M. Seavey(SeaveyAs Owner, Mangaer and Member of Dalton Management Company LLC), Avery B. Seavey(Individually), Avery B. Seavey |

| | | |
|---|---|---|
| | | (As a General Partner of Logan Plaza Associates, LP, Church Home Associates and Owner of Dalton Management Company, LLC), Neale B. Seavey, Ronald Dawley, Dalton Management Company, LLC, The Seavey Organization, Mark Paneth, Shron, Robert W. Seavey(Individually). (Filing Fee $ 350.00, Receipt Number 654948)Document filed by John L. Edmonds, John L. Edmonds, Logan Plaza Associates, LP, Charles H. Hill Associates.(rdz) (sac). (Entered: 06/26/2008) |
| 06/23/2008 | | SUMMONS ISSUED as to Robert W. Seavey(As a General Partner of Fifth and 106th Street Associates, LP), Logan Plaza Associates, LP, Charles Hill Associates, Charles Hill Associates, LP, Phyllis M. Seavey(Individually), Phyllis M. Seavey(SeaveyAs Owner, Mangaer and Member of Dalton Management Company LLC), Avery B. Seavey(Individually), Avery B. Seavey (As a General Partner of Logan Plaza Associates, LP, Church Home Associates and Owner of Dalton Management Company, LLC), Neale B. Seavey, Ronald Dawley, Dalton Management Company, LLC, The Seavey Organization, Mark Paneth, Shron, Robert W. Seavey(Individually). (rdz) (Entered: 06/26/2008) |
| 06/23/2008 | | Magistrate Judge James C. Francis IV is so designated. (rdz) (Entered: 06/26/2008) |
| 06/23/2008 | | Case Designated ECF. (rdz) (Entered: 06/26/2008) |
| 06/23/2008 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by John L. Edmonds.(rdz) (sac). (Entered: 06/26/2008) |
| 06/25/2008 | 3 | ORDER TO SHOW CAUSE: Defendants shall show cause on, 9/12/2008 at 09:00 AM before Judge Harold Baer, as to why an order should not be issued pursuant to Rule 65 of the F.R.C.P. enjoining the defendants during the pendency of this action from not complying with all the requests from the independent auditors, retained by John L. Edmunds as Managing General Partner, Cameron, Grifiths & Price, CPA's, LLC in the audit commenced on March 27th of 2007. Personal service of a copy of this order and the annexed affidavits upon the defendants or counsel on or before 5 o'clock in the post noon, July 11, 2008, shall be deemed good and sufficient service thereof. (Signed by Judge Sidney H. Stein, Part I, on 6/24/2008) (jpo) (Entered: 06/26/2008) |
| 07/30/2008 | 4 | STIPULATION AND ORDER: It is hereby stipulated and agreed that the time for defendant's Marks, Paneth & Shron's time to respond to the complaint in this action is hereby extended to August 29, 2008. Facsimile signatures may be considered originals for all purposes. (Signed by Judge Harold Baer on 7/30/2008) (jfe) (Entered: 07/30/2008) |
| 08/14/2008 | 5 | ENDORSED LETTER addressed to Judge Harold Baer from Scott Mollen dated 8/6/08 re: Request that the Court bar Edmonds from engaging in further formal discovery. ENDORSEMENT: I'm not sure what this letter 'brief' is supposed to do for me, but the rule is I don't stay discovery, certainly no document discovery, while a motion to dismiss is not yet fully briefed is in the "offing" (which by the way is the only way motions are argued). If you want to come in earlier and straighten or try to straighten all this out, call chambers, but if not we will simply wait to 9/12. I'd prefer a pretrial conference and pretrial scheduling order this month and then we will see if any changes in my rules is likely because of your "unique" case. Otherwise, discovery (document) will proceed in the normal pace and not be stayed. (Signed by Judge Harold Baer on 8/12/08) (cd) (Entered: 08/14/2008) |

| 08/21/2008 | | Set Deadlines/Hearings: Pretrial Conference set for 9/18/2008 at 03:15 PM before Judge Harold Baer. (djc) (Entered: 08/22/2008) |
|---|---|---|
| 08/22/2008 | 6 | LETTER addressed to Mr. Haywoode from Linda Eckhouse Judicial Assistant dated 8/18/08 re: there will be a pre-trial conference on the above case at 3:15 p.m. on Thursday, September 18, 2008 in Room 2230. (djc) (Entered: 08/22/2008) |
| 08/29/2008 | 7 | STIPULATION TO EXTEND TIME TO ANSWER: the time for all Defendants to move, answer or otherwise respond with respect to the complaint is extended until 10/10/08. (Signed by Judge Harold Baer on 8/29/08) (tro) (Entered: 08/29/2008) |
| 09/15/2008 | 8 | MEMORANDUM OF LAW in Opposition re: 3 Order to Show Cause,,. Document filed by Phyllis M. Seavey(As Owner, Manager and Member of Dalton Management Company LLC), Avery B. Seavey(Individually), Ronald Dawley, Dalton Management Company, LLC, The Seavey Organization, Neale B, Seavey, Robert W. Seavey(Individually). (Traub, Michael) (Entered: 09/15/2008) |
| 09/15/2008 | 9 | AFFIDAVIT of Robert W. Seavey in Opposition re: 3 Order to Show Cause,,. Document filed by Phyllis M. Seavey(Individually), Avery B. Seavey (Individually), Ronald Dawley, Dalton Management Company, LLC, The Seavey Organization, Neale B, Seavey, Robert W. Seavey(Individually). (Attachments: # 1 Exhibit A to Seavey Affidavit, # 2 Exhibit B to Seavey Affidavit, # 3 Exhibit C to Seavey Affidavit, # 4 Exhibit D to Seavey Affidavit, # 5 Exhibit E to Seavey Affidavit, # 6 Exhibit F to Seavey Affidavit)(Traub, Michael) (Entered: 09/15/2008) |
| 09/16/2008 | 10 | AMENDED MEMORANDUM OF LAW in Opposition re: 8 Memorandum of Law in Opposition, *(Correction to page 3)*. Document filed by Phyllis M. Seavey(As Owner, Manager and Member of Dalton Management Company LLC), Avery B. Seavey(Individually), Ronald Dawley, Dalton Management Company, LLC, The Seavey Organization, Neale B, Seavey, Robert W. Seavey (Individually). (Traub, Michael) (Entered: 09/16/2008) |
| 09/18/2008 | 11 | ORDER: that by October 2, 2008, Plaintiffs counsel will submit to this Court a list of all requests for documents and interrogatories to which Defendants have not responded, including but not limited to Plaintiffs interrogatories dated July 1, 2008 and document requests dated September 11,2008. By October 2, 2008, Plaintiff will file with the Court, and submit to my Chambers, his reply to Defendants' opposition to Plaintiffs motion for a preliminary injunction. The parties will appear before the Court on October 6, 2008 at 10 a.m. for further argument on Plaintiffs motion, and, if the parties wish to have this dispute mediated on that occasion in lieu of oral argument, they are to let the Court know by September 30 and submit a two- to three-page ex parte letter to the Court explaining how the matter should be resolved by October 2, 2008 and have their clients in attendance. SO ORDERED. (Signed by Judge Harold Baer on 9/18/2008) (tve) (Entered: 09/18/2008) |
| 10/03/2008 | 12 | REPLY AFFIDAVIT of John L. Edmonds in Support re: 3 Order to Show Cause,,. Document filed by John L. Edmonds. (Haywoode, M. Douglas) (Entered: 10/03/2008) |
| 10/03/2008 | 13 | ENDORSED LETTER addressed to Magistrate Judge Harold Baer, Jr. from Scott E. Mollen dated 10/1/2008 re: Requesting an adjournment of all pending |

| | | |
|---|---|---|
| | | deadlines and conferences, including the oral argument scheduled for October 6, 2008 at 10:00 a.m. and the defendants' deadline to answer, move or otherwise respond to the complaint on October 10, 2008, for a period of at least 30 days. ENDORSEMENT: I haver no objection to mediation. My problem is that this matter since its inception is nothing but delay. First and foremost I must have a PTSO and the sooner the better so I'll adjourn the matter for 30 days but schedule a PTC for October 16, 2008 at 3:00 P.M. and meantime take your copy and with your adversary fashion a proposed PTSO - see you on the 16th. (Signed by Judge Harold Baer on 10/2/2008) (jpo) (Entered: 10/03/2008) |
| 10/07/2008 | 14 | TRANSCRIPT of proceedings held on 9/16/2008 before Judge Harold Baer. (jn) (Entered: 10/07/2008) |
| 10/17/2008 | 15 | PRETRIAL SCHEDULING ORDER: The parties do not consent to proceed before a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. 636 (C) and Fed. R. Civ. P. 73; This case is added to the October 09 Trailing Trial Calendar; Estimated number of trial days is 9; No additional parties may be joined after December 1, 2008; No additional causes of action may be asserted after December 1, 2008 unless permission is granted by the court; All discovery, except for expert discovery, shall be commenced in time to be completed by April 30, 2009; No party may make a dispositive motion returnable after July 15, 2009; A joint pretrial order shall, unless waived by the court, be submitted by 15 days after an order denying a motion for summary judgment is entered. (Signed by Judge Harold Baer on 10/16/08) (mme) (Entered: 10/17/2008) |
| 11/07/2008 | 16 | STIPULATION TO EXTEND TIME TO ANSWER: the time for Defendants to move, answer or otherwise respond with respect to the Complaint filed in this action is extended until 12/12/08, while the parties negotiate a global settlement of this matter. The Pretrial Scheduling Order entered by the Court on 10/17/08, is not affected by this adjournment. (Signed by Judge Harold Baer on 11/6/08) (tro) (Entered: 11/07/2008) |
| 11/24/2008 | 17 | NOTICE OF APPEARANCE by Michael Darren Traub on behalf of Phyllis M. Seavey(As Owner, Manager and Member of Dalton Management Company LLC), Avery B. Seavey(As a General Partner of Logan Plaza Associates, LP, Church Home Associates and Owner of Dalton Management Company, LLC), Ronald Dawley, Dalton Management Company, LLC, The Seavey Organization, Neale B, Seavey, Robert W. Seavey(Individually) (Traub, Michael) (Entered: 11/24/2008) |
| 11/24/2008 | 18 | NOTICE OF APPEARANCE by Scott Evan Mollen on behalf of Robert W. Seavey(As a General Partner of Fifth and 106th Street Associates, LP), Phyllis M. Seavey(As Owner, Manager and Member of Dalton Management Company LLC), Avery B. Seavey(Individually), Neale B. Seavey, Ronald Dawley, Dalton Management Company, LLC, The Seavey Organization (Mollen, Scott) (Entered: 11/24/2008) |
| 12/12/2008 | 19 | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION to Dismiss *Complaint as against Marks, Paneth & Shron, LLP*. Document filed by Mark Paneth, Shron. Responses due by 12/22/2008 (Attachments: # 1 Declaration of William J. Kelly with Exhibit (Verified Complaint), # 2 Memorandum of Law in Support of Motion to Dismiss)(Kelly, William) Modified on 12/15/2008 (db). (Entered: 12/12/2008) |
| 12/12/2008 | 20 | NOTICE of of Motion (Corrected Response Date: 12/29/08) re: 19 MOTION to |

| | | |
|---|---|---|
| | | Dismiss *Complaint as against Marks, Paneth & Shron, LLP.*. Document filed by Mark Paneth, Shron. (Kelly, William) (Entered: 12/12/2008) |
| 12/12/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney William J. Kelly to RE-FILE Document 19 MOTION to Dismiss *Complaint as against Marks, Paneth & Shron, LLP*. ERROR(S): Supporting Document must be filed separately (i.e. the Declaration in Support and Memorandum in Support of Motion to be filed individually). ***REMINDER*** - First Re-File the Motion to Dismiss, then file and link and supporting documents. (db) (Entered: 12/15/2008) |
| 12/15/2008 | 21 | STIPULATION TO EXTEND TIME TO ANSWER: IT IS HEREBY STIPULATED AND AGREED THAT the time of the Defendants Rohert W. Seavey, Phyllis M. Seavey, Avery B. Seavey, Neale B. Seavey, Ronald Dawley, Dalton Management Company, LLC and The Seavey Organization to move, answer or otherwise respond with respect to the Complaint filed in the above-referenced action is extended until January 6, 2009. (Signed by Judge Harold Baer on 12/15/2008) (jfe) (Entered: 12/15/2008) |
| 12/16/2008 | 22 | MOTION to Dismiss *the Complaint as Against Marks, Paneth & Shorn (re-filed)*. Document filed by Mark Paneth, Shron. Responses due by 12/29/2008 (Kelly, William) (Entered: 12/16/2008) |
| 12/16/2008 | 23 | DECLARATION of William J. Kelly, Esq., with Exhibit Attached (Verified Complaint) in Support re: 22 MOTION to Dismiss *the Complaint as Against Marks, Paneth & Shorn (re-filed)*.. Document filed by Mark Paneth, Shron. (Kelly, William) (Entered: 12/16/2008) |
| 12/16/2008 | 24 | MEMORANDUM OF LAW in Support re: 22 MOTION to Dismiss *the Complaint as Against Marks, Paneth & Shorn (re-filed)*.. Document filed by Mark Paneth, Shron. (Kelly, William) (Entered: 12/16/2008) |
| 12/19/2008 | 25 | FILING ERROR - ELECTRONIC FILING FOR NON-ECF DOCUMENT - MOTION for Conference */ Letter-Motion requesting an immediate conference with the Court to address Plaintiff's deficient discovery responses, dated 12/19/08*. Document filed by Robert W. Seavey(As a General Partner of Fifth and 106th Street Associates, LP), Phyllis M. Seavey(Individually), Phyllis M. Seavey(As Owner, Manager and Member of Dalton Management Company LLC), Avery B. Seavey(Individually), Avery B. Seavey(As a General Partner of Logan Plaza Associates, LP, Church Home Associates and Owner of Dalton Management Company, LLC), Neale B. Seavey, Ronald Dawley, Dalton Management Company, LLC, The Seavey Organization, Neale B, Seavey, Robert W. Seavey(Individually).(Mollen, Scott) Modified on 12/22/2008 (db). (Entered: 12/19/2008) |
| 12/19/2008 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 25 HAS BEEN REJECTED. Note to Attorney Scott Evan Mollen: THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (db) (Entered: 12/22/2008) |
| 01/07/2009 | 26 | ORDER REFERRING CASE TO MAGISTRATE JUDGE: Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non-Dispositive Motion/Dispute. Letter from defendants dated December 19, 2008 and discovery dispute described therein. Referred to Magistrate Judge |

| | | |
|---|---|---|
| | | James C. Francis. (Signed by Judge Harold Baer on 1/7/09) (js) (Entered: 01/07/2009) |
| 01/14/2009 | 27 | STIPULATION: It is hereby stipulated and agreed that the time that the time for defendants to move, answer or otherwise respond with respect to the Complaint is extended to 2/10/09. ENDORSEMENT: You picked the dates but that doesn't mean you can keep on extending dates this extension (your 4th) is granted to 2/10/09 and there will likely be no more and this one is granted in anticipation of a settlement. So Ordered (Signed by Judge Harold Baer on 1/13/09) (js) (Entered: 01/14/2009) |
| 01/15/2009 | | Minute Entry for proceedings held before Magistrate Judge James C. Francis: Telephone Discovery Conference held on 1/15/2009. (mro) (Entered: 01/15/2009) |
| 01/16/2009 | 28 | ORDER: it is hereby ORDERED as follows: 1. By January 30, 2009, plaintiffs shall provide complete answers to Defendants' Second Interrogatories. 2. By January 30, 2009, plaintiffs shall provide complete written responses to Defendants' First Requests for Production of Documents and Things. 3. To the extent that counsel have discovery disputes in the future, they shall present them to me by formal motion promptly after having fulfilled their meet and confer obligations. So Ordered. (Signed by Magistrate Judge James C. Francis on 1/16/09) Copies Mailed By Chambers.(js) (Entered: 01/16/2009) |
| 01/26/2009 | 29 | ENDORSED LETTER: addressed to Judge Harold Baer from William J. Kelley dated 1/23/09 re: Counsel for defendant Marks, Paneth & Sharon LLP requests that plaintiff's application be denied and he be ordered to submit opposition to the motion as previously agreed or have the complaint as against MPS be dismissed. ENDORSEMENT: Request for time denied. So Ordered. (Signed by Judge Harold Baer on 1/26/09) (js) (Entered: 01/26/2009) |
| 01/26/2009 | 30 | ENDORSED LETTER: addressed to Judge Harold Bear from M. Douglas Haywoode dated 1/22/09 ENDORSEMENT: The deposition will occur on February 3 and 4 or other agreed to date or there will be an appropriate preclusion order. Motion to dismiss will be adjourned. No further 3/3 is OK and any other discovery disputes will as in the past be referred to Magistrate Judge Francis. So Ordered. ( Motions due by 3/3/2009.) (Signed by Judge Harold Baer on 1/26/09) (js) (Entered: 01/26/2009) |
| 03/02/2009 | 31 | FIRST MEMORANDUM OF LAW in Opposition re: 22 MOTION to Dismiss *the Complaint as Against Marks, Paneth & Shorn (re-filed)*.. Document filed by John L. Edmonds. (Haywoode, M. Douglas) (Entered: 03/02/2009) |
| 03/03/2009 | 32 | DECLARATION of M. Douglas Haywoode in Opposition re: 22 MOTION to Dismiss *the Complaint as Against Marks, Paneth & Shorn (re-filed)*.. Document filed by John L. Edmonds. (Attachments: # 1 Exhibit Pages 1-41 of declaration, # 2 Exhibit Declaration pages 42-83, # 3 Exhibit Pages 84-125, # 4 Exhibit Pages 126-164)(Haywoode, M. Douglas) (Entered: 03/03/2009) |
| 03/05/2009 | 33 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Dalton Management Company, LLC.(Mollen, Scott) (Entered: 03/05/2009) |
| 03/05/2009 | 34 | ANSWER to Complaint., COUNTERCLAIM against John L. Edmonds. Document filed by Phyllis M. Seavey(Individually), Avery B. Seavey (Individually), Ronald Dawley, Dalton Management Company, LLC, The |

| | | |
|---|---|---|
| | | Seavey Organization, Neale B, Seavey, Robert W. Seavey(Individually). (Mollen, Scott) (Entered: 03/05/2009) |
| 03/09/2009 | 35 | ENDORSED LETTER addressed to Magistrate Judge James C. Francis from M. Douglas Haywoode dated 3/5/2009 re: Requesting additional time to attempt to resolve this matter between ourselves. ENDORSEMENT: Application granted. SO ORDERED. (Signed by Magistrate Judge James C. Francis on 3/9/2009) (jpo) (Entered: 03/09/2009) |
| 03/09/2009 | 36 | REPLY MEMORANDUM OF LAW in Support re: 22 MOTION to Dismiss *the Complaint as Against Marks, Paneth & Shorn (re-filed)*.. Document filed by Mark Paneth, Shron. (Kelly, William) (Entered: 03/09/2009) |
| 03/24/2009 | 37 | ENDORSED LETTER addressed to Magistrate Judge James C. Francis from M. Douglas Haywoode dated 3/23/09 re: counsel for plaintiff requests an extension of time to respond to attorney Traub's discovery requests through 4/3/09. ENDORSEMENT: Application granted. So Ordered. (Signed by Magistrate Judge James C. Francis on 3/24/09) (dle) (Entered: 03/24/2009) |
| 03/25/2009 | 38 | ANSWER to Counterclaim. Document filed by John L. Edmonds.(Haywoode, M. Douglas) (Entered: 03/25/2009) |
| 04/13/2009 | 39 | ENDORSED LETTER addressed to Judge Harold Baer, Jr from M. Douglas Haywoode dated 4/7/2009 re: Counsel submits to the Court a full set of the Memorandum and Declaration previously filed with the Clerk on March 2, 2009 in opposition to Marks Paneth's motion to dismiss herein. ENDORSEMENT: As noted in the Wilson Elser letter there is no sur reply in the Federal Rules and this smacks of an effort to do an end run around that fact, I have not yet reviewed the papers but only what was submitted will be considered and nothing will be "addended" to the fully briefed motion. So Ordered. (Signed by Judge Harold Baer on 4/13/2009) (jfe) (Entered: 04/13/2009) |
| 04/20/2009 | 40 | MOTION for Sanctions *(Discovery Sanctions)*. Document filed by Phyllis M. Seavey(Individually), Avery B. Seavey(Individually), Ronald Dawley, Dalton Management Company, LLC, The Seavey Organization, Neale B, Seavey, Robert W. Seavey(Individually).(Traub, Michael) (Entered: 04/20/2009) |
| 04/20/2009 | 41 | DECLARATION of M. Darren Traub in Support re: 40 MOTION for Sanctions *(Discovery Sanctions)*. MOTION for Sanctions *(Discovery Sanctions)*.. Document filed by Phyllis M. Seavey(Individually), Avery B. Seavey (Individually), Ronald Dawley, Dalton Management Company, LLC, The Seavey Organization, Neale B, Seavey, Robert W. Seavey(Individually). (Traub, Michael) (Entered: 04/20/2009) |
| 04/21/2009 | 42 | MOTION for Sanctions. Document filed by John L. Edmonds.(Haywoode, M. Douglas) (Entered: 04/21/2009) |
| 04/21/2009 | 43 | DECLARATION of M. Douglas Haywoode in Support re: 42 MOTION for Sanctions.. Document filed by John L. Edmonds. (Haywoode, M. Douglas) (Entered: 04/21/2009) |
| 04/27/2009 | 44 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non-Dispositive Motion/Dispute: Plaintiff's Motion for Sanctions (filed 4/21); Defendant's Motion for Sanctions (filed 4/20). Referred to Magistrate Judge James C. Francis. Motions referred to James C. Francis. (Signed by Judge |

| | | Harold Baer on 4/27/09) (tro) (Entered: 04/27/2009) |
|---|---|---|
| 04/27/2009 | 45 | DECLARATION of M. Darren Traub in Further Support of Motion for Discovery Sanctions and in Opposition to Plaintiff's Cross-Motion re: 40 MOTION for Sanctions *(Discovery Sanctions)*. MOTION for Sanctions *(Discovery Sanctions)*., 42 MOTION for Sanctions.. Document filed by Phyllis M. Seavey(Individually), Avery B. Seavey(Individually), Ronald Dawley, Dalton Management Company, LLC, The Seavey Organization, Neale B, Seavey, Robert W. Seavey(Individually). (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Traub, Michael) (Entered: 04/27/2009) |
| 04/27/2009 | 46 | MOTION for Extension of Time to Complete Discovery. Document filed by John L. Edmonds.(Haywoode, M. Douglas) (Entered: 04/27/2009) |
| 04/27/2009 | 47 | DECLARATION of M. Douglas Haywoode in Support re: 46 MOTION for Extension of Time to Complete Discovery.. Document filed by John L. Edmonds. (Haywoode, M. Douglas) (Entered: 04/27/2009) |
| 04/27/2009 | 48 | DECLARATION of M. Douglas Haywoode in Support re: 42 MOTION for Sanctions.. Document filed by John L. Edmonds. (Haywoode, M. Douglas) (Entered: 04/27/2009) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/29/2009 12:13:37 | | | |
| **PACER Login:** | dh3277 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:08-cv-05646-HB-JCF |
| **Billable Pages:** | 11 | **Cost:** | 0.88 |