Thomas R. Manisero, Esq. (TM 8548)
William J. Kelly, Esq. (WK 5966)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
Attorneys for Defendants Marks, Paneth & Shron, LLP
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
(914) 323-7001 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN L. EDMONDS, individually and as a Managing General Partner of FIFTH AND 106TH STREET HOUSING COMPANY, INC., LOGAN PLAZA ASSOCIATES, LP CHARLES H. ASSOCIATES a/k/a CHARLES H. HILL ASSOCIATES, LP AND AS A LIMITED PARTNER OF CHURCH HOME ASSOCIATES, LP, <br><br> Plaintiff, <br><br> - against - <br><br> ROBERT W. SEAVEY, individually and as a General Partner of FIFTH AND 106TH STREET ASSOCIATES, LP, LOGAN PLAZA ASSOCIATES, LP, CHARLES HILL ASSOCIATES, CHARLES HILL ASSOCIATES, LP and as a Limited Partner of CHURCH HOME ASSOCIATES, LP; PHYLLIS M. SEAVEY, individually and as owner, manager and member of DALTON MANAGEMENT COMPANY LLC; AVERY B. SEAVEY, individually and as a General Partner of LOGAN PLAZA ASSOCIATES, LP, CHURCH HOME ASSOCIATES and owner of DALTON MANAGEMENT COMPANY, LLC; and RONALD DAWLEY, as Chief Executive Officer of DALTON MANAGEMENT COMPANY, LLC; DALTON MANAGEMENT COMPANY, LLC, and THE SEAVEY ORGANIZATION; and MARKS, PANETH & SHRON, Auditors, <br><br> Defendants. | 08 – CV – 5646 (HB) <br><br><br> **DECLARATION OF WILLIAM J. KELLY, ESQ., IN RESPONSE TO PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE** |

2369861.1

William J. Kelly, an attorney admitted to practice before this Court, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am associated with the law firm Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for defendant Marks, Paneth & Shron, LLP, sued here as "Marks, Paneth & Shron, Auditors" ("Marks Paneth"). I submit this declaration in opposition to Plaintiff's motion seeking a 120 day extension of the discovery deadline.

2. Plaintiff's request to extend the discovery deadline is unwarranted and would impose significant additional cost on Marks Paneth. As the Court will recall, Marks Paneth has made a motion to dismiss the complaint which is currently fully submitted and awaiting decision. Nonetheless, Marks Paneth has participated in discovery and provided plaintiff unfettered access to its workpapers and documents. However, it has been several months since plaintiff has requested access or additional information from Marks Paneth.

3. Tellingly, plaintiff fails to identify even one additional witness that he has not had the opportunity to depose or any specific document that he has not had the opportunity to review. He does, however, imply that he will be seeking information going back to 2000. This is nothing more than a fishing expedition.

4. Finally, Counselor Heywoode sets forth erroneous statements concerning Marks Paneth's role with the partnerships and makes unsupported characterizations of the testimony and evidence in this case. For example, Counselor Heywoode's repeated assertions concerning Marks Paneth's role as auditor and the firm's independence is not

2369861.1

supported by any fair reading of any evidence in this case. However, rather than engage in a tit for tat exchange, Marks Paneth will present the transcripts and documentary evidence to the Court on an appropriate future motion regarding the merits of the case. It should also be noted that none of Counselor Heywoode's statements about Marks Paneth relate in any way to any of the purported claims set forth against Marks Paneth in the complaint.

5. If the Court so desires, we are prepared to submit a detailed rebuttal to each of Counselor Heywoode's spurious comments. However, in the context of this motion, it would not appear to be necessary.

Dated:   White Plains, New York
         April 30, 2009

                                                          /s/ William J. Kelly
                                                          _____
                                                          William J. Kelly (WK 5966)

2369861.1