ELECTRONICALLY FILED VIA ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

JOHN L. EDMONDS, INDIVIDUALLY AND AS A MANAGING GENERAL PARTNER OF FIFTH AND 106TH STREET HOUSING COMPANY, INC., LOGAN PLAZA ASSOCIATES, LP, CHARLES H. ASSOCIATES a/k/a CHARLES H. HILL ASSOCIATES, LP AND AS A LIMITED PARTNER OF CHURCH HOME ASSOCIATES, LP,

                  Plaintiffs,

-against-

ROBERT W. SEAVEY, INDIVIDUALLY AND AS A GENERAL PARTNER OF FIFTH AND 106TH STREET ASSOCIATES, LP, LOGAN PLAZA ASSOCIATES, LP, CHARLES HILL ASSOCIATES, CHARLES HILL ASSOCIATES, LP AND AS A LIMITED PARTNER OF CHURCH HOME ASSOCIATES, LP; PHYLLIS M. SEAVEY INDIVIDUALLY AND AS OWNER, MANAGER AND MEMBER OF DALTON MANAGEMENT COMPANY LLC; AVERY B. SEAVEY, INDIVIDUALLY AND AS A GENERAL PARTNER OF LOGAN PLAZA ASSOCIATES, LP, CHURCH HOME ASSOCIATES AND OWNER OF DALTON MANAGEMENT COMPANY, LLC; NEALLE B. SEAVEY, INDIVIDUALLY AND AS OWNER, MANAGER AND MEMBER OF DALTON MANAGEMENT COMPANY, LLC; AND RONALD DAWLEY AS CHIEF EXECUTIVE OFFICER OF DALTON MANAGEMENT COMPANY, LLC; DALTON MANAGEMENT COMPANY, LLC, THE SEAVEY ORGANIZATION, and MARKS PANETH & SHRON, Auditors,

                  Defendants.

------------------------------------------------------------ X

Case No.: 08 CIV 5646-HB

ECF CASE

**DECLARATION IN SUPPORT OF APPLICATION FOR DEFENDANTS' ATTORNEYS' FEES AND COSTS**

      M. Darren Traub, an attorney admitted to practice before the courts of the State of New York, declares under the penalties of perjury as follows:

      1.     I am associated with the law firm Herrick, Feinstein LLP, attorneys for defendants Robert W. Seavey, Phyllis M. Seavey, Avery B. Seavey, Nealle B. Seavey, Ronald Dawley, Dalton Management Company, LLC, and the Seavey Organization (collectively, "the Seavey

Defendants") in the above-captioned action. I respectfully submit this Declaration in support of the Seavey Defendants' application for attorneys' fees and costs, incurred as a result of Plaintiff's counsel's unjustified "last moment" cancellation of the deposition of Phyllis Seavey, in the amount of $4,183.

2. The Court's Order of May 5, 2009 (the "Order") granted the Seavey Defendants' their costs, including attorneys' fees, and directed the parties to attempt to agree on amount of such costs between themselves. Accordingly, by letter dated May 11, 2009, a copy of which is attached hereto as Exhibit A, I informed Mr. Haywoode, Plaintiff's counsel, that the Seavey Defendants' had incurred a total of $3,454.00, based on the following costs and fees incurred as a result of his failure to attend the deposition as scheduled:

- Preparation of Phyllis Seavey for deposition - 1.3 at $475/hr[1] = $617.50
- E-mail correspondence with Mel Haywoode re: cancellation of deposition - .3 at $475/hr = $142.50
- Prepare for and attend deposition of Phyllis. Seavey = 1.0 at $475/hr = $475
- Prepare motion and declaration requesting sanctions = 3.5 at $475/hr and .7 at $795/hr = $2219.00.[2]

3. Given the size and breadth of the claims in this action in which Plaintiff has asserted, among other claims, a $500 million claim for a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 30, our request for $3,450 is a very reasonable amount.

---

[1] I am a senior litigation associate, practicing law since 2000, and my time is billed at $475 per hour. Scott Mollen is a senior litigation partner, practicing law since 1972, and his time is billed at $795 per hour. Copies of our biographies are attached hereto as Exhibit B. Our billing rates are reasonable within the local legal market rates for attorneys with comparable experience and expertise. Moreover, Mr. Mollen's time has been relatively minimal with regards to this issue.

[2] Pursuant to Fed. R. Civ. P. 37(a)(5), costs, including attorneys' fees, incurred in the preparation of a motion for discovery sanctions in failing to cooperate with discovery are recoverable when a motion for disclosure sanctions is granted.

4. This is a case wherein the Plaintiff has named as defendants multiple parties in their individual and representative capacities as owners and general partners of several limited partnerships and a limited liability company, as well as a prominent accounting firm. Moreover, this case has included review of more than several thousand documents.

5. In my May 11th letter, I reiterated to Mr. Haywoode that we hoped that our fees in connection with this issue would be "contained" and not increased through further proceedings in connection herewith. I also advised Mr. Haywoode that if we could not resolve this matter between us and were forced to file an application for our award, we would seek reimbursement of the costs and fees incurred in making that application. Accordingly, we requested that Mr. Haywoode submit a check to our offices by Thursday, May 14, 2009 at noon in order to obviate the need to file an application and incur additional costs.

6. On Tuesday, May 12, 2009, Mr. Haywoode telephoned me to discuss my May 11th letter. At the outset of our conversation, I reiterated that we did not want to harm him or his reputation and that we were hoping to quickly resolve this issue and return to litigating the merits of the case. Mr. Haywoode, however, told me that he disagreed with the Order and that he did not want to "pay anything" pursuant to the Order.[3]

7. I reminded Mr. Haywoode that the Order expressly provided that he pay the Seavey Defendants' costs and fees incurred by his actions, reiterated our request for $3,454.00, and asked him how much he believed was a reasonable amount that he would be willing to pay. He again responded that he did not want to pay <u>anything</u>.

8. I informed Mr. Haywoode that we remained hopeful that we could resolve this issue between counsel without further involvement from the Court, but that if we were forced to make an application for fees, we would seek any additional fees incurred with our application. I,

---

[3] During the evening of May 14, 2009, Mr. Haywoode filed his objections to the Order

3

therefore, asked him to either send us payment by May 14 at noon, or, at the very least, contact me to reach an agreement on the amount and timing of the payment by that deadline.

9. Mr. Haywoode, however, did not call me back after our conversation and we did not receive a check in the amount of $3,454.00. Given Mr. Haywoode's refusal to either pay our fees or even give a reasonable offer with respect to such fees, we are now forced to file this application with the Court.

10. In addition to the $3,454.00 already incurred in connection with Mr. Haywoode's cancellation of Mrs. Seavey's deposition, I spent an additional 1.2 hours in preparing this Declaration and Mr. Mollen also incurred an additional .2 hours with respect to this application. Thus, the Seavey Defendants are now seeking an additional $729, for a total of $4,183, which amount represents their costs and fees incurred as a result of Plaintiff's counsel's unjustified cancellation of the deposition of Phyllis Seavey.

Accordingly, pursuant to the Order, we respectfully submit our application that the Court order Mr. Haywoode to pay the amount of $4,183.

Dated:  New York, New York
        May 15, 2009

                                        /s/ M. Darren Traub
                                            M. Darren Traub