UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOHN L. EDMONDS, INDIVIDUALLY AND
AS A MANAGING GENERAL PARTNER
OF FIFTH AND 106TH STREET HOUSING
COMPANY, INC., LOGAN PLAZA
ASSOCIATES, LP, CHARLES H.
ASSOCIATES a/k/a CHARLES H. HILL
ASSOCIATES, LP AND AS A LIMITED
PARTNER OF CHURCH HOME
ASSOCIATES, LP,

                                Plaintiff,

-against-

ROBERT W SEAVEY, INDIVIDUALLY
AND AS A GENERAL PARTNER OF FIFTH
AND 106TH STREET ASSOCIATES, LP,
LOGAN PLAZA ASSOCIATES, LP,
CHARLES HILL ASSOCIATES, CHARLES
HILL ASSOCIATES, LP AND AS A
LIMITED PARTNER OF CHURCH HOME
ASSOCIATES, LP; PHYLLIS M. SEAVEY
INDIVIDUALLY AND AS OWNER,
MANAGER AND MEMBER OF DALTON
MANAGEMENT COMPANY LLC; AVERY
B. SEAVEY, INDIVIDUALLY AND AS A
GENERAL PARTNER OF LOGAN PLAZA
ASSOCIATES, LP, CHURCH HOME
ASSOCIATES AND OWNER OF DALTON
MANAGEMENT COMPANY, LLC; NEALE
B. SEAVEY, INDIVIDUALLY AND AS
OWNER, MANAGER AND MEMBER OF
DALTON MANAGEMENT COMPANY,
LLC; AND RONALD DAWLEY AS CHIEF
EXECUTIVE OFFICER OF DALTON
MANAGEMENT COMPANY, LLC;
DALTON MANAGEMENT COMPANY,
LLC, THE SEAVEY ORGANIZATION, and
MARKS PANETH & SHRON, Auditors,
                                Defendants.
_____

Index No.:
08 CIV 5646:

**NOTICE TO
PRODUCE WITH
THIRD
INTERROGATORY**

**PLEASE TAKE NOTICE** that plaintiff, John L. Edmonds by his attorney, M. Douglas Haywoode, Esq., pursuant to Rules 33 and 34 of the FRCP, demand the defendants, Robert W. Seavey, individually and as a General Partner of Fifth And 106th Street Associates, LP, Logan Plaza Associates, LP, Charles Hill Associates, Charles Hill Associates, LP and as a Limited Partner of Church Home Associates, LP; Phyllis M. Seavey individually and as owner, manager and member of Dalton Management Company, LLC; Avery B. Seavey, individually and as a General Partner of Logan Plaza Associates, LP, Church Home Associates and owner of Dalton Management company, LLC; Neale B. Seavey, individually and as owner, manager and member of Dalton Management Company, LLC; and Ronald Dawley as Chief Executive Officer of Dalton Management Company, LLC; Dalton Management Company, LLC, The Seavey Organization, and Marks Paneth & Shron, Auditors, respond to the following interrogatories within ten (10) days from service of this demand:

## DEFINITIONS

As used in this notice with interrogatories, the following terms are defined as follows:

1. "Complaint" means the complaint in the action styled John L. Edmonds, individually and as a Managing General Partner of Fifth and 106th Street Housing Company, INC., Logan Plaza Associates, LP, Charles H. Associates a/k/a Charles H. Hill Associates, LP and as a Limited Partner of Church

Home Associates, LP, Robert W Seavey, individually and as a General Partner of Fifth And 106th Street Associates, LP, Logan Plaza Associates, LP, Charles Hill Associates, Charles Hill Associates, LP and as a Limited Partner of Church Home Associates, LP; Phyllis M. Seavey, individually and as owner, manager and member of Dalton Management Company, LLC; Avery B. Seavey, individually and as a General Partner of Logan Plaza Associates, LP, Church Home Associates and owner of Dalton Management company, LLC; Neale B. Seavey, individually and as owner, manager and member of Dalton Management Company, LLC; and Ronald Dawley as Chief Executive Officer of Dalton Management Company, LLC; Dalton Management Company, LLC, The Seavey Organization, and Marks Paneth & Shron, Auditors, bearing index number 08 CIV 5646.

2. "Plaintiffs" means John L. Edmonds, individually and as a Managing General Partner of Fifth and 106th Street Housing Company, INC., Logan Plaza Associates, LP, Charles H. Associates a/k/a Charles H. Hill Associates, LP and as a Limited Partner of Church Home Associates, LP, together with any of their officers, directors, employees, agents and attorneys.

3. "Defendants" means Robert W. Seavey, individually and as a General Partner of Fifth And 106th Street Associates, LP, Logan Plaza Associates, LP, Charles Hill Associates, Charles Hill Associates, LP and as a Limited Partner of Church Home Associates, LP; Phyllis M. Seavey individually and as owner, manager and member of Dalton Management Company, LLC; Avery B. Seavey, individually and as a General Partner of Logan Plaza Associates, LP, Church Home

Associates and owner of Dalton Management Company, LLC; Neale B. Seavey, individually and as owner, manager and member of Dalton Management Company, LLC; and Ronald Dawley as Chief Executive Officer of Dalton Management Company, LLC; Dalton Management Company, LLC, The Seavey Organization, and Marks Paneth & Shron, Auditors, together with any of their officers, directors, employees, agents and attorneys.

4. The use of any individual's, name means that individual and any person or representative acting or purporting to act on that person's behalf.

5. The use of any partnership or corporate name shall mean that entity and any of its predecessors or successors in interest, divisions, subsidiaries, affiliates, and any present or former directors, officers, partners, executives, trustees, employees, agents, attorneys, accountants, representatives, and any other person(s) acting or purporting to act on its behalf.

6. "Document" means all written, typed, electronic or otherwise preserved communications, including any letter, correspondence, note, book, pamphlet, article, bulletin, directive, review, publication, memorandum, diary, log, test, analysis, study, projection, check, invoice, receipt, bill, purchase order, shipping order, contract, lease, agreement, work paper, calendar, envelope, paper, telephone message, e-mail, tape, computer tape, computer disk, computer printout, computer card, recording, videotape, film, microfiche, drawing, account, ledger, statement, financial data, and all other writings or communications including all non-identical copies, drafts and preliminary sketches, no matter how produced or

maintained in your actual or constructive possession, custody or control or of which you have knowledge of the existence, and whether prepared, published or released by you or by any other person or entity.

7. "Person" means any individual, corporation, partnership, limited partnership, association, group, government body or legal entity.

8. "Communication" means any oral or written transmission of information between persons, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, facsimiles, e-mails, telexes, conferences or seminars.

9. "Concerning", "relating" or "evidencing" means directly or indirectly, mentioning, describing, pertaining to, memorializing, evidencing, consisting of, regarding, discussing, commenting on, supporting, refuting, relating to, concerning, being connected with, or reflecting upon a stated subject matter.

10. "Identify" with respect to a person means that the following information must be provided:

    (a). full name;

    (b). last known residence and business address (including street name and number, city or town and state or county). and telephone numbers; and

    (c). last known employer or place of employment.

11. "Identify" with respect to a document means that the following information must be provided:

    (a). the type of document (e.g., letter, memo, etc.) and its title or the name by which it is referred;

    (b). the date of the document;

    (c). the identity of all persons participating in the creating of the document including the identity of the author and person signing the document;

    (d). the identity of each person to whom the document was addressed or sent;

    (e). the present location of the original and all copies and the name of the custodian of the documents; and

    (f). a general description of the subject matter of the document.

12. "Identify" with respect to a communication means that the following information must be provided:

    (a). the full name and last known address of each person participating in, or present during the communication;

    (b). the place the communication was made;

    (c). whether the communication was in person or via telephone;

    (d). the date the communication was made; and

    (e). the subject matter of the communication.

13. "And" and "or" shall be defined to include both "and" and "or" and shall always be read to require the more inclusive answer.

## INSTRUCTIONS

1. Each interrogatory shall be answered separately and fully and each answer shall be preceded by the question to which it responds.

2. Unless indicated otherwise, the time period covered by these interrogatories is the time from January 1, 2001 to the present.

3. If plaintiffs claim any information is protected from disclosure by reason of privilege, plaintiffs must:

    (a). specify the privilege asserted;

    (b). specify the basis for the assertion; and

    (c). provide a privilege log.

## SET FORTH:

1. A list of all banks or financial institutions of any type (including credit unions, savings and loans, brokerage houses, etc.) in which any one or all or other number or combination of the housing developments maintains or had maintained an account of any type in the years 2005 and 2006.

2. A list of all account numbers of all accounts maintained at the institutions listed in response to the interrogatory above with an explanation of which entity or entities used or were in any way associated with each account.

## PRODUCE:

1. Copies of all account statements (monthly or otherwise) for each of the accounts identified in response to the interrogatory designated as No. 2, above, for the years 2005 and 2006.

2. Copies of all cancelled checks for each of the accounts identified in response to the interrogatory designated as No. 2, above, for the years 2005 and 2006.

3. Copies of the cash disbursement register for the years 2005 and 2006 for the following entities:

    (a) Lakeview

    (b) Logan Plaza

    (c) Church Home

    (d) Charles Hill

(This set of documents was previously designated and identified to Ronald Dawley during a visit to defendant Dalton Management's office.)

4. Copies of the cash receipt register for the years 2005 and 2006 for the following entities:

    (a) Lakeview

    (b) Logan Plaza

    (c) Church Home

    (d) Charles Hill

(This set of documents was previously designated and identified to Ronald Dawley during a visit to defendant Dalton Management's office.)

5. Copies of all documents and other materials related to the budget for 2005 and 2006 for the following entities:

    (a) Lakeview

      (b) Logan Plaza

      (c) Church Home

      (d) Charles Hill

6. Copies of all documents and other materials related to the frontline payroll allocation for 2005 and 2006 for the following entities:

      (a) Lakeview

      (b) Logan Plaza

      (c) Church Home

      (d) Charles Hill

**PLEASE TAKE FURTHER NOTICE**, that in the event of Defendants failure to comply with the foregoing demand within fourteen (14) days, the plaintiff will move to preclude the offering of any evidence as to the matters herein demanded.

**PLEASE TAKE FURTHER NOTICE**, that this demand is continuing and Defendants are required to supplement, as and where applicable, any response to an interrogatory herein.

Dated:    Brooklyn, New York
            November 6th, 2008

                              Yours, etc.,
                              M. DOUGLAS HAYWOODE, ESQ.

                              _____
                              *Attorney for Plaintiffs*
                              71 Maple Street

>Brooklyn, NY 11225
>(718) 940-8800

To: Wilson Elser Moskowitz Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604-3407
Attn: William J. Kelly, Esq.
(914) 323-7000

Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
Attn: Scott E. Mollen, Esq. and Darren Traub, Esq.
(212) 592-1505

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN L. EDMONDS, INDIVIDUALLY AND AS A MANAGING GENERAL PARTNER OF FIFTH AND 106TH STREET HOUSING COMPANY, INC., LOGAN PLAZA ASSOCIATES, LP, CHARLES H. ASSOCIATES a/k/a CHARLES H. HILL ASSOCIATES, LP AND AS A LIMITED PARTNER OF CHURCH HOME ASSOCIATES, LP,

Plaintiff,

-against-

ROBERT W SEAVEY, INDIVIDUALLY AND AS A GENERAL PARTNER OF FIFTH AND 106TH STREET ASSOCIATES, LP, LOGAN PLAZA ASSOCIATES, LP, CHARLES HILL ASSOCIATES, CHARLES HILL ASSOCIATES, LP AND AS A LIMITED PARTNER OF CHURCH HOME ASSOCIATES et ano.

**NOTICE TO PRODUCE WITH THIRD INTERROGATORY**

**M. DOUGLAS HAYWOODE**
*Attorney for Plaintiff*
*Office and Post Office Address, Telephone*
71 MAPLE STREET
BROOKLYN, NEW YORK 11225-5001
(718) 940-8800
Fax (718)-940-9574

To:

---

NOTICE OF ENTRY

Sir:- Please take notice that the within is a (*certified*) true copy of an

duly entered in the office of the clerk of the within named court on

Dated.

Yours, etc.,
**M. DOUGLAS HAYWOODE**
*Attorney for Plaintiff*

*Office and Post Office Address*
71 MAPLE STREET
BROOKLYN, NEW YORK 11225-5001
(718) 940-8800
Fax (718)-940-9574

To:
Attorneys

NOTICE OF SETTLEMENT

Sir: Please take notice of an

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court,
at        on.
Dated,

Yours, etc.,
**M. DOUGLAS HAYWOODE**
*Attorney for Plaintiff*

*Office and Post Office Address*
71 MAPLE STREET
BROOKLYN, NEW YORK 11225-5001
(718) 940-8800
Fax (718)-940-9574

To:

Index No.:                    Year: 2007

---

Service of a copy of the within ................................. is hereby admitted.

Dated, .................................

Attorney(s) for Defendant

To: