UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOHN L. EDMONDS, INDIVIDUALLY AND AS A :
MANAGING GENERAL PARTNER OF FIFTH AND
106TH STREET HOUSING COMPANY, INC., :
LOGAN PLAZA ASSOCIATES, LP, CHARLES H.  Case No.: 08 CIV 5646-HB
ASSOCIATES a/k/a CHARLES H. HILL.
ASSOCIATES, LP AND AS A LIMITED PARTNER
OF CHURCH HOME ASSOCIATES, LP,
                                                          :
                        Plaintiffs,           ECF CASE

-against-                                     :

ROBERT W. SEAVEY, INDIVIDUALLY AND AS A
GENERAL PARTNER OF FIFTH AND 106TH
STREET ASSOCIATES, LP, LOGAN PLAZA
ASSOCIATES, LP, CHARLES HILL ASSOCIATES, :
CHARLES HILL ASSOCIATES, LP AND AS A
LIMITED PARTNER OF CHURCH HOME :
ASSOCIATES, LP; PHYLLIS M. SEAVEY
INDIVIDUALLY AND AS OWNER, MANAGER :
AND MEMBER OF DALTON MANAGEMENT    **REPLY TO DECLARATION**
COMPANY LLC; AVERY B. SEAVEY,      **OF M. DOUGLAS HAYWOODE**
INDIVIDUALLY AND AS A GENERAL PARTNER
OF LOGAN PLAZA ASSOCIATES, LP, CHURCH.
HOME ASSOCIATES AND OWNER OF DALTON
MANAGEMENT COMPANY, LLC; NEALLE B.
SEAVEY, INDIVIDUALLY AND AS OWNER, :
MANAGER AND MEMBER OF DALTON
MANAGEMENT COMPANY, LLC; AND RONALD :
DAWLEY AS CHIEF EXECUTIVE OFFICER OF
DALTON MANAGEMENT COMPANY, LLC; :
DALTON MANAGEMENT COMPANY, LLC, THE
SEAVEY ORGANIZATION, and MARKS PANETH & :
SHRON, Auditors,
                        Defendants.           :
------------------------------------------------------------ X

       M. Darren Traub, an attorney admitted to practice before the courts of the State of New York, declares under the penalties of perjury as follows:

       1.    I am associated with the law firm Herrick, Feinstein LLP, attorneys for defendants Robert W. Seavey, Phyllis M. Seavey, Avery B. Seavey, Nealle B. Seavey, Ronald Dawley, Dalton Management Company, LLC, and the Seavey Organization (collectively, "the Seavey

Defendants") in the above-captioned action. I respectfully submit this Declaration in reply to the Declaration of M. Douglas Haywoode and request that the Court strike paragraphs 2 through 23 and 25 thorough 28 of Mr. Haywoode's Declaration in which he improperly reargues the May 5, 2009 Order (the "Order") of the Honorable James C. Francis IV, which granted the Seavey Defendants' their costs, including attorneys' fees, due to Plaintiff's counsel's unjustified, last minute cancellation of the deposition of , rather than follow the Court's directives set forth in the Order.

2. As the Court directed in the Order, if counsel could not agree on the amount of fees due to the Seavey Defendants, on May 15, 2009, the Seavey Defendants were to provide their application to the Court setting forth the amount of fees they are entitled to under the Order. In response, by May 29, 2009, counsel for Plaintiff was to submit a response to that application.

3. Instead of following the Court's directives, Mr. Haywoode reargues the previous sanctions motion to the Court and asks the Court to reconsider the Order. However, on May 14, 2009, Mr. Haywoode already filed his objections to the Order. And just as he did in his objections, Mr. Haywoode again asserts false, misleading, and/or willfully exaggerated statements to the Court.

4. Accordingly, the Seavey Defendants respectfully request that the Court strike paragraphs 2 through 23 and 25 thorough 28 of Mr. Haywoode's Declaration. In the alternative, the Seavey Defendants respectfully request that the Court review their responses to Mr. Haywoode's objections, annexed hereto as Exhibit A, which respond to and correct Mr. Haywoode's misstatements.

5. As for Mr. Haywoode's unsupported statement that he find it "difficult to accept" that the Seavey Defendants are paying the legal billing rates set forth in my original declaration,

the fact is that the billing rates we have proffered to the Court are, in fact, the rates billed <u>and paid</u> by our clients. As previously stated, our billing rates are reasonable within the local legal market rates for attorneys with comparable experience and expertise. <u>See</u> Exhibit B.

WHEREFORE, pursuant to the Order, we respectfully reiterate our request that the Court order Mr. Haywoode to pay the amount of $4,183 to the Seavey Defendants to reimburse them for the costs and fees incurred as a result of his actions.

Dated:   New York, New York
         May 29, 2009

_____
M. Darren Traub