```
UNITED STATES DISTRICT COURT                :       (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
JOHN L. EDMONDS, INDIVIDUALLY AND    :       08 Civ. 5646 (HB) (JCF)
AS A MANAGING GENERAL PARTNER OF     :
FIFTH AND 106TH STREET HOUSING       :          MEMORANDUM
COMPANY, INC., LOGAN PLAZA           :          AND   ORDER
ASSOCIATES, LP, CHARLES H. HILL      :
ASSOCIATES, a/k/a CHARLES H. HILL    :
ASSOCIATES, LP AND AS A LIMITED      :
PARTNER OF CHURCH HOME ASSOCIATES,   :
LP,                                  :
                                     :
              Plaintiffs,            :
                                     :
     - against -                     :
                                     :
ROBERT W. SEAVEY, INDIVIDUALLY AND   :
AS A GENERAL PARTNER OF FIFTH AND    :
106TH STREET ASSOCIATES,LP, LOGAN    :
PLAZA ASSOCIATES, LP, CHARLES HILL   :
ASSOCIATES, CHARLES HILL             :
ASSOCIATES, LP, AND AS A LIMITED     :
PARTNER OF CHURCH HOME ASSOCIATES,   :
LP, PHYLLIS M. SEAVEY, INDIVIDUALLY  :
AND AS OWNER, MANAGER AND MEMBER     :
OF DALTON MANAGEMENT COMPANY LLC,    :
AVERY B. SEAVEY, INDIVIDUALLY        :
AND AS A GENERAL PARTNER OF LOGAN    :
PLAZA ASSOCIATES, LP,, CHURCH HOME   :
HOME ASSOCIATES AND OWNER OF DALTON  :
MANAGEMENT COMPANY, LLC, AND         :
RONALD DAWLEY AS CHIEF EXECUTIVE     :
OFFICER OF DALTON MANAGEMENT         :
COMPANY, LLC, DALTON MANAGEMENT      :
COMPANY, LLC, THE SEAVEY             :
ORGANIZATION and MARKS PANETH &      :
SHRON, Auditors,                     :
                                     :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

In a decision dated May 5, 2009, I granted the application of

certain defendants[1] for an award of costs, including attorneys' fees, as a consequence of the failure of plaintiff's counsel, M. Douglas Haywoode, to attend a deposition he had noticed. Counsel were unable to agree on the amount of an award, and the plaintiff has now applied for a total of $4,183.00 in fees. (Declaration of M. Darren Traub dated May 15, 2009 ("Traub Decl."), ¶¶ 2, 10). The defendants have opposed the application, suggesting that plaintiff's counsel spent an unreasonable number of hours on this matter and are seeking compensation at excessive hourly rates. (Declaration of M Douglas Haywoode dated May 28, 2009 ("Haywoode Decl."), ¶¶ 24-26).[2]

Discussion

As with the award of statutory attorneys' fees to a party that prevails on the merits, an award of fees as a sanction for discovery abuse begins with a lodestar analysis. See Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Envirosource, Inc. v. Horsehead Resource Development Co., 981 F. Supp. 876, 881 (S.D.N.Y.

---

[1] These were characterized as the "Seavey defendants" and consist of all defendants except for the accounting firm of Marks Paneth & Shron.

[2] The plaintiff also reargues the issue of whether sanctions are warranted at all. (Haywoode Decl., ¶¶ 2-23, 27-28). Any request for reconsideration of my May 5, 2009 decision, however, is untimely. See Local Civil Rule 6.3 ("A notice of motion for reconsideration or reargument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion[.]").

1998). The court calculates the lodestar by totalling the number of hours reasonably expended by each attorney multiplied by the appropriate hourly rate for that attorney. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). It may then adjust the lodestar amount based on factors such as the complexity of the issues, overstaffing of the case, or the expenditure of excessive amounts of time. See Envirosource, 981 F. Supp. at 881-82; Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 266 (S.D.N.Y. 1995).

Ultimately, the court must ensure that the award furthers certain goals. These include the need to compensate the adversary who has incurred unnecessary costs. See Atlas v. Selwyn, No. CV 91-305, 1993 WL 63017, at *3 (E.D.N.Y. Feb. 22, 1993) (holding that purposes of discovery sanctions include "compensation of parties for wasted expenditures due to noncompliance"). Furthermore, the court should fashion the award to further the "prophylactic, punitive, and remedial purposes of discovery sanctions." Phoenix Four, Inc. v. Strategic Resources Corp., No. 05 Civ. 4837, 2006 WL 1409413, at *9 (S.D.N.Y. May 23, 2006); see also Marathon Ashland Petroleum LLC v. Equili Co., No. 00 Civ. 2935, 2004 WL 992196, at *3 (S.D.N.Y. May 5, 2004) (holding that award of discovery sanctions "serves three purposes: '(1) obtaining compliance with discovery orders; (2) ensuring the disobedient party does not benefit from non-compliance; and (3) providing a general deterrent

in the particular case and litigation in general'") (quoting <u>Nieves v. City of New York</u>, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). District courts have wide discretion in imposing discovery sanctions, see <u>Shcherbakovskiy v. Da Capo Al Fine, Ltd.</u>, 490 F.3d 130, 135 (2d Cir. 2007); <u>Design Strategy, Inc. v. Davis</u>, 469 F.3d 284, 294 (2d Cir. 2006), and should exercise that discretion in order to achieve these purposes.

In this case, M. Darren Traub, a senior litigation associate at the firm of Herrick, Feinstein LLP, did most of the work on behalf of the defendants in connection with the aborted deposition and the subsequent motion practice.  He devoted 1.3 hours to preparing the witness for deposition, 0.3 hours corresponding with plaintiff's counsel concerning cancellation of the deposition, 1.0 hour preparing for and attending the deposition, 3.5 hours writing the sanctions motion, and 1.2 hours drafting the fee application. (Traub Decl., ¶¶ 2, 10).  In addition, a partner, Scott E. Mollen, spent 0.7 hours reviewing the sanctions motion and 0.2 hours reviewing the fee application.  (Traub Decl., ¶¶ 2, 10).  All of this time was reasonably expended.  Although plaintiff's counsel complains that Mr. Traub should not have attended the deposition once it was cancelled (Haywoode Decl., ¶ 26), Mr. Traub had not agreed to the cancellation, and it was appropriate for him to demonstrate that he and the witness were prepared to go forward. In addition, where a motion for discovery sanctions is granted, the

fees incurred in litigating the motion are properly charged to the sanctioned party. See Fed. R. Civ. P. 37(a)(5)(A).

The defendants seek fees for Mr. Traub's work at the rate of $475.00 per hour and for Mr. Mollen at $795.00 per hour. (Traub Decl., ¶ 2; Declaration of M. Darren Traub dated May 29, 2009 ("Traub Reply Decl."), ¶ 5). "[T]he burden is on the fee applicant to produce satisfactory evidence -- in addition to the attorneys' own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The "community" is presumed to be the district in which the case is litigated, absent unusual circumstances. See Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 522 F.3d 182, 191 (2d Cir. 2008). The touchstone inquiry is "what a reasonable, paying client would be willing to pay." Id. at 184. Accordingly, the court should "use the approximate market rate for an attorney's services in calculating the presumptively reasonable fee." Id. at 192 (citing Missouri v. Jenkins, 491 U.S. 274, 283 (1989)). At the same time, the Second Circuit has instructed that "the district court (unfortunately) bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." Id. at 184.

5

In this case, defendants' counsel have provided no evidence of reasonable rates other than what they have charged clients in this case along with an article from a website generally describing the continued escalation of attorney billing rates. (Traub Reply Decl., Exh. B). In a recent decision, I awarded attorneys' fees to counsel with experience similar to that of Mr. Traub and Mr. Mollen at the rates of $350.00 per hour and $600.00, respectively. See Rozell v. Ross-Holst, 547 F. Supp. 2d 527, 544-46 (S.D.N.Y. 2008). These rates are appropriately applied here as well.

Therefore, the defendants are entitled to an award for 7.3 hours of work done by Mr. Traub at a rate of $350.00 per hour and for 0.9 hours of work done by Mr. Mollen at a rate of $600.00 per hour, for a total of $3,095.00. No special circumstances warrant any adjustment of the lodestar, and this amount is adequate to further the purposes of a discovery sanction in this case.

Conclusion

For the reasons set forth above, the defendants are awarded attorneys' fees of $3,095.00 to be paid forthwith by plaintiff's counsel, M. Douglas Haywoode, pursuant to my May 5, 2009 Memorandum and Order.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       June 5, 2009

Copies mailed this date:

M. Douglas Haywoode, Esq.
71 Maple Street
Brooklyn, New York 11225

Scott E. Mollen, Esq.
M. Darren Traub, Esq.
Herrick, Feinstein LLP
2 Park Avenue
New York, New York 10016

William J. Kelly, Esq.
Wilson Elser Moskowitz Edelman &
     Dicker, LLP
3 Gannett Drive
White Plains, New York 10604