*M. Douglas Haywoode, Esq.*
*Attorney for Plaintiff John L. Edmonds*
*71 Maple Street*
*Brooklyn, NY, 11255*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JOHN L. EDMONDS, INDIVIDUALLY AND AS A MANAGING GENERAL PARTNER OF FIFTH AND 106TH STREET HOUSING COMPANY, INC., LOGAN PLAZA ASSOCIATES, LP, CHARLES H. ASSOCIATES a/k/a CHARLES H. HILL ASSOCIATES, LP AND AS A LIMITED PARTNER OF CHURCH HOME ASSOCIATES, LP,**

                **Plaintiff,**

  **-against-**

**ROBERT W SEAVEY, INDIVIDUALLY AND AS A GENERAL PARTNER OF FIFTH AND l06TH STREET ASSOCIATES, LP, LOGAN PLAZA ASSOCIATES, LP, CHARLES HILL ASSOCIATES, CHARLES HILL ASSOCIATES, LP AND AS A LIMITED PARTNER OF CHURCH HOME ASSOCIATES, LP; PHYLLIS M. SEAVEY INDIVIDUALLY AND AS OWNER, MANAGER AND MEMBER OF DALTON MANAGMETNT COMPANY LLC; AVERY B. SEAVEY, INDIVIDUALLY AND AS A GENERAL PARTNER OF LOGAN PLAZA ASSOCIATES, LP, CHURCH HOME ASSOCIATES AND OWNER OF DALTON MANAGEMENT COMIPANY, LLC; NEALE B. SEAVEY, INDIVIDULLY AND AS OWNER, MANAGER AND MEMBER OF DALTON MANAGEMENT COMPANY, LLC; AND RONALD DAWLEY AS CHIEF EXECUTIVE OFFICER OF DALTON MANAGEMENT COMPANY, LLC; DALTON MANAGEMENT COMPANY, LLC, THE SEAVEY ORGANIZATION, and MARK PANETH & SHRON, Auditors,**

                *Defendants.*

Index No.:   08 CIV 5646

OBJECTIONS TO ORDER OF MAGISTRATE JUDGE

John L. Edmonds, the Plaintiff in this matter, objects to the order rendered of Magistrate Judge James C. Francis IV with respect to the amount of the fee awarded pursuant to defendants motion under FRCP Rule 30 (g) Plaintiff's objections are as follows :

## FIRST OBJECTION

1.  It has been asserted that this objection, along with its precursor, should be reviewed by the Court on the basis of a "clear error" standard. However, there is authority that a district judge may always elect to give greater scrutiny to a decision involving sanctions than is absolutely required by the law of the circuit in which the case arises, electing to view the matter closely and, possibly, to excuse any default, either viewed as an exercise of normal review or as a revocation of the referral to the magistrate. <u>Robinson v. Maentanis</u>, 1998 U.S. App. LEXIS 3662 at *8 (7th Cir. 1998.) Declarant requests *de novo* review pursuant to <u>Harlyn Sales Corp. Profit Sharing Plan v. Investment Portfolios-Gov't Plus Fund</u>, 142 F.R.D. 671, 673 (N.D. Ill. 1992).[1]  Furthermore, the Second Circuit holds that sanctions should be

---

[1] As is pointed out in my previous Objection, regardless of the standard applied, the Order imposing sanctions should be reversed because, *inter alia,* Rule 30(g) states that in order for fees to be imposed, counsel who attends a deposition must "expect" that the deposition will go forward.  See paragraphs 1-3 of my objection of the DECLARATION OF M. DOUGLAS HAYWOODE IN FURTHER SUPPORT OF OBJECTION, dated June 7, 2009.  And the Order is based on the assertion that I did not have an immediate right to the documents defendant was withholding.  See footnote 4, page 9 of the

"imposed with caution." Knipe v. Skinner, 19 F.3d 72, 78 (2d Cir. 1994) (describing the effect of the 1993 amendments to Rule 11), and that the District Court should "resolve all doubts in favor" of the party against whom the sanctions are being imposed.[2]  Rodick v. City of Schenectady, 1 F.3d 1341, 1351 (2d Cir. 1993.)

    2.    The subject matter of this Objection is the Order of Magistrate Judge James C. Francis of June 5, 2009, (the "Amount Order") which, following the Order of May 5, 2009 imposing sanctions, (the "Imposing Order") set the amount of the sanctions to be paid at $3095.00.  There are

---

Imposing Order. Section 41 of the New York State Partnership Law clearly gives me that right.  See paragraph 4-6, *Ibid*.

[2] In spite of this direction, key conflicting factual assertions between opposing counsel and myself were decided to great effect in his favor.  See Paragraph 2 of Opposing Counsel's Declaration in Support of his motion for sanctions: "The deposition of Mrs. Seavey was originally scheduled, by agreement of the parties, for February 4, 2009. However, one day before the deposition, Plaintiffs counsel, Mel Haywoode, informed me that he wanted to postpone Mrs. Seavey's deposition until we could resolve the discovery dispute that was then pending before the Court, relating to the Seavey Defendants' motion to compel discovery from Plaintiff," and compare my Declaration **I**n Opposition To Defendant Seavey *Et Al*'s, Motion For Sanctions And In Further Support Of The Cross Motion of April 27, 2009 at paragraph 17: "The February 4th deposition of Phyllis Seavey was adjourned on consent of both parties to allow receipt and review of the Jennings deposition of the day before."  In the face of these conflicting allegations, the magistrate found "After canceling and rescheduling once previously, Mr. Haywoode then attempted to cancel again." (Page 8 of the Imposing Order) to bolster the argument that this case is "at least as compelling" as Weatherspoon v. Nissan North America, Inc., cited in the opposing order, which it is not because Weatherspoon specifically cites the difficulty of preparing a foreign witness on a wide variety of subjects ; see Paragraph 15 of my Reply declaration in support of the Objection to the Imposing Order.  These are further reasons the Order imposing sanctions should be reversed.

two instances in which the Amount Order clearly departs from accepted practice, without regard to the standard of review.

    3.    The first such instance involves the issue of mitigation of damages. This issue was originally raised in my previous objection. See Footnote 2, page 5 of My declaration of June 7, 2009. Opposing Counsel's application for fees contains an item as such: "Prepare for and attend deposition of Phyllis. Seavey = 1.0 at $475/hr = $475." The deposition was canceled, and Opposing Counsel had received clear notice of this well before the date and time of the deposition. Furthermore, Opposing Counsel admits that he had contacted the transcription service that was engaged to transcribe the testimony of his witness and learned that the attendance of the transcriptionist had been canceled. (Paragraph 9 of the declaration of M. Darren Traub in support of the original motion seeking sanctions, dated April 20, 2009) In no way was his client's, or anyone else's, cause served by his attendance at a deposition that he knew would not take place.

    4.    On reimbursement questions such as this, the Court should look to whether the party requesting fees and costs has acted reasonably in attempting to mitigate its damages. "It would be inequitable to permit defendant to increase the amount of attorneys' fees recoverable as a

sanction." Oliveri v. Thompson, 803 F.2d 1265, 1280 (2d Cir. 1986).[3] Nevertheless, the Amount Order holds on Page four that: "it was appropriate for (Opposing Counsel) to demonstrate that he and the witness were prepared to go forward."

    5.    The deposition was scheduled in Opposing Counsel's office, and the witness maintains her office across the street.  Had Declarant decided to proceed in the face of Opposing Counsel's baseless withholding of the necessary documents, Opposing Counsel could have readied himself on a few brief moments' notice.  There was no reasonable foundation for performing the charade of sitting and waiting for a deposition that he knew would never occur.

SECOND OBJECTION

    6.    The Imposing Order, itself, relies on Barrett v. Brian Bemis Auto World, 230 F.R.D. 535, 537 (N.D. Ill. 2005.)  That decision deals with the question of time spent in preparation for a deposition.  In awarding cost-

---

[3] Accord, various of the other circuits, Doering v. Union County, 857 F.2d 191, 196 (3d Cir. 1988) (remanded portion of sanctions order that imposed attorneys' fees without consideration of numerous possible mitigating factors) Pollution Control Indus. of Am. v. Van Gundy, 21 F.3d 152, 156 (5th Cir. 1994) (defendants had duty to mitigate costs, but failed to raise dispositive issue in prompt and cost-efficient manner).  Danvers v. Danvers, 959 F.2d 601, 605 (6th Cir. 1992) (rather than moving for dismissal, attorney spent time and money preparing for discovery of claims later claimed to be frivolous). Wojan v. General Motors Corp., 851 F.2d 969, 975 (7th Cir. 1988) (plaintiff's counsel could easily have identified problem with minimal amount of research).  In re Yagman, 796 F.2d 1165, 1185 (9th Cir. 1986) (district court erred in failing to consider misconduct on part of defense counsel that may have contributed to protraction of lawsuit).

based sanctions, the Court held "the court does not award sanctions based on the time spent in preparation for the deposition, as this time is not wasted." Although a relatively young decision, <u>Barrett</u> has been extensively cited in treatises[4] and the United States Code Service annotation on Rule 30(g) (Note No. 96) with reference to this very point.

    7.    Regardless of the clear holding of <u>Barrett</u>, the Amount Order supports opposing counsel's application for fees without question on the matter of the time spent and the appropriateness of each item, granting the application to the extent that the item: "Preparation of Phyllis Seavey for deposition - 1.3 at $475/hr" is allowed.  How can this item be maintained when one of the decisions upon which imposition of sanctions is based <u>specifically</u> disallows it?

    8.    Furthermore, attorneys should keep their client's apprised of the development of their cases and work with their clients interactively in determining the best direction toward a speedy and fair resolution.  Here, where the client is an extremely experienced attorney with deep and intimate knowledge of the facts of the case, such meetings are a virtual necessity on an ongoing basis and should occur regularly.  I can only presume that such a

---

[4] See 11-2 Bender's Forms of Discovery Treatise at 2.102, 1-11 Court Awarded Attorney Fees P 11.04, 7-30 Manual for Complex Litigation at 30.72, 7-30 Moore's Federal Practice - Civil at 30.72, 1-15 Moore's Manual--Federal Practice and Procedure at 15.21

6

meeting was due or soon would be due, and the time spent was simply transferred from one day to another.

    WHEREFORE; Objectant prays that the cost-based sanctions awarded in the Amount Order be reversed or reduced in accordance with the foregoing.

Dated:    Brooklyn, New York
               June 15th, 2009

                                          M. DOUGLAS HAYWOODE, ESQ.

                                          S/ M. Douglas Haywoode
                                          Attorney for Plaintiff
                                          71 Maple Street
                                          Brooklyn, NY 11225
                                           (718) 940-8800