UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
JOHN L. EDMONDS, INDIVIDUALLY AND AS A :
MANAGING GENERAL PARTNER OF FIFTH AND :
106TH STREET HOUSING COMPANY, INC., :
LOGAN PLAZA ASSOCIATES, LP, CHARLES H. :  Case No.:  08 CIV 5646-HB
ASSOCIATES a/k/a CHARLES H. HILL :
ASSOCIATES, LP AND AS A LIMITED PARTNER :
OF CHURCH HOME ASSOCIATES, LP, :
                                                                          :
                     Plaintiffs,     :  ECF CASE

-against-                                                             :

ROBERT W. SEAVEY, INDIVIDUALLY AND AS A :
GENERAL PARTNER OF FIFTH AND 106TH :
STREET ASSOCIATES, LP, LOGAN PLAZA :
ASSOCIATES, LP, CHARLES HILL ASSOCIATES, :
CHARLES HILL ASSOCIATES, LP AND AS A :
LIMITED PARTNER OF CHURCH HOME :
ASSOCIATES, LP; PHYLLIS M. SEAVEY :
INDIVIDUALLY AND AS OWNER, MANAGER :
AND MEMBER OF DALTON MANAGEMENT :  **DECLARATION IN OPPOSITION**
COMPANY LLC; AVERY B. SEAVEY, :  **TO PLAINTIFF'S OBJECTIONS**
INDIVIDUALLY AND AS A GENERAL PARTNER :  **TO ORDER SETTING FEE AWARD**
OF LOGAN PLAZA ASSOCIATES, LP, CHURCH :
HOME ASSOCIATES AND OWNER OF DALTON :
MANAGEMENT COMPANY, LLC; NEALLE B. :
SEAVEY, INDIVIDUALLY AND AS OWNER, :
MANAGER AND MEMBER OF DALTON :
MANAGEMENT COMPANY, LLC; AND RONALD :
DAWLEY AS CHIEF EXECUTIVE OFFICER OF :
DALTON MANAGEMENT COMPANY, LLC; :
DALTON MANAGEMENT COMPANY, LLC, THE :
SEAVEY ORGANIZATION, and MARKS PANETH & :
SHRON, Auditors, :
                                                                          :
                     Defendants.     :
-------------------------------------------------------------- X

      M. Darren Traub, an attorney admitted to practice before the courts of the State of New York, declares under the penalties of perjury as follows:

      1.     I am associated with the law firm Herrick, Feinstein LLP, attorneys for defendants Robert W. Seavey, Phyllis M. Seavey, Avery B. Seavey, Nealle B. Seavey, Ronald Dawley, Dalton Management Company, LLC, and the Seavey Organization (collectively, "the Seavey

Defendants") in the above-captioned action. I respectfully submit this Declaration in opposition to Plaintiff's objections to the June 5, 2009 Order (the "Order") of the Honorable James C. Francis IV, which ordered that plaintiff's counsel, M. Douglas Haywoode, pay the Seavey Defendants an award of $3,095.00 due to Mr. Haywoode's unjustified, last minute cancellation of the deposition of Phyllis Seavey as detailed in the Court's May 5, 2009 Order. The facts and circumstances giving rise to the Order are set forth in the Court's May 5th Order and my deposition dated May 29, 2009 [docket no. 60].

2.  At the outset of his declaration, Mr. Haywoode again objects — now for the fourth time — to the May 5, 2009 Order. Mr. Haywoode's objections, however, are untimely, pursuant to Fed. R. Civ. P. 72(b)(2), as they were not brought within 10 days of that Order. Accordingly, paragraph 1 of Mr. Haywoode's Objection should be stricken.

### RESPONSE TO FIRST OBJECTION

3.  Next, Mr. Haywoode claims that it was unreasonable for Mrs. Seavey and her counsel to appear at the deposition after Mr. Haywoode sent an e-mail attempting to improperly cancel the deposition. Again, Mr. Haywoode's recitation of the facts is incorrect.

4.  Although Mr. Haywoode did send an e-mail stating that he would not attend the deposition because he claimed that ten pages of documents had not yet been produced, almost immediately upon receipt of such e-mail, both William Kelly, attorney for defendant Marks Paneth & Shron, and I responded by notifying Mr. Haywoode that his attempt to cancel the deposition was improper, contrary to the Federal Rules of Civil Procedure, and based on a transparent, last-minute excuse to further delay the deposition as schedule. Indeed, the very last correspondence that was sent prior to the deposition, which was sent by me, on April 19, 2009 at 7:58 p.m. — the evening before the deposition — informing Mr. Haywoode that "we and our

2

client will be at our office at 10:00 for the deposition and noticed. Additionally, we will be convening for the depositions of CG&P on Tuesday and Wednesday. If you do not appear, we will move for the appropriate sanctions pursuant to FRCP 30(g)." *See* Exhibit A.

5.      Mr. Haywoode, again without basis, claims that I knew that the deposition was cancelled because I learned "that the attendance of the transcriptionist has been canceled." [Haywoode Decl. ¶ 3.] Again, Mr. Haywoode is incorrect.

6.      At 10:00 a.m., pursuant to the agreed upon deposition schedule, Mrs. Seavey, Mr. Kelly, and I were in the conference room, which Mr. Haywoode himself had requested that we reserve during the deposition of John Edmonds on April 17, 2009. However, not only did Mr. Haywoode fail to appear, but the court reporter also did not attend. Accordingly, shortly after 10:00 a.m., I called the court reporter service to ask if a reporter was scheduled to appear and, if not, when Mr. Haywoode had cancelled. At that time — after the deposition was scheduled to begin — the reporting service informed me that "at some point over the weekend" Mr. Haywoode had left a message cancelling the reporter.

7.      Finally, Mr. Haywoode contends that because Dalton Management maintains an office in the building located across the street from Herrick, Feinstein, Mrs. Seavey could have simply waited in her office and, if Mr. Haywoode did show to conduct the noticed deposition, then at that point she should have come to our office. Such a statement is simply ridiculous.

8.      Mrs. Seavey was aware that her deposition was scheduled for 10:00 a.m. on April 20, 2009 at our office. Moreover, although I informed Mrs. Seavey that Mr. Haywoode had tried to cancel her deposition, I also informed her that the last correspondence between counsel was Mr. Kelly and I informing Mr. Haywoode that his attempted actions constituted a sanctionable offense under Fed. R. Civ. P. 30(g) and that we would both be in attendance at the scheduled

3

deposition. Accordingly, at that time, we were under the belief that Mr. Haywoode would conduct himself in accordance with the Federal Rules of Civil Procedure and appear for the deposition that *he had noticed*, and acted accordingly by appearing at the deposition.

9.  Moreover, we have only billed one hour of time with respect to the actual appearance at the deposition, which hour includes meeting with our client before the deposition, waiting for Mr. Haywoode to appear, confirming with the court reporting service that a reporter was not attending, and then confirming with Mr. Haywoode that he had, in fact, ignored his obligations under Fed. R. Civ. P. 30(g) and failed to appear, which time is reasonable and necessary.

10. Simply put, Mr. Haywoode cannot hide behind his improper attempt to cancel Mrs. Seavey's deposition at the last minute given that the other counsel in this action all informed him that his actions were improper, sanctionable, and that they would appear for the deposition as scheduled. Indeed, Mr. Haywoode did not respond to those e-mails, which further gave the impression that the deposition would occur as scheduled.

### RESPONSE TO SECOND OBJECTION

11. Mr. Haywoode also objects to the 1.3 hours of time spent with Mrs. Seavey in preparing for the deposition and insinuates that such time was somehow improper because Mrs. Seavey is "an extremely experienced attorney." Again, Mr. Haywoode has misstated the truth.

12. Although Mrs. Seavey did graduate law school in 1952 — more than 55 years ago — she has *never* actually practiced law. Therefore, it was incumbent upon Herrick to prepare her for deposition as she is not an "experienced attorney."

13. Moreover, although the court in *Barrett v. Brian Bemis Auto World*, 230 F.R.D. 535 (N.D. Ill. 2005) held that time spent preparing for a deposition is not wasted, here, Mr.

Haywoode had already cancelled Mrs. Seavey's deposition once before, in February 2009. Accordingly, the 1.3 hours of time spent in preparing with Mrs. Seavey was time spent in *repreparing* her for the deposition. Indeed, the original time spent with Mrs. Seavey in preparing her for her deposition in February was more than the time spent with her in preparing for her April deposition.

14.    Accordingly, because Mr. Haywoode *twice* scheduled Mrs. Seavey's deposition and *twice* cancelled her deposition the day before the deposition, the time spent preparing Mrs. Seavey for her second scheduled deposition was indeed wasted as result of Mr. Haywoode's sanctionable conduct.

### THE SANCTIONS AWARD IS LESS THAN DEFENDANTS ARE ENTITLED

15.    Rather than litigating the merits of this action, Mr. Haywoode has spent the last two months filing motions, declarations, and objections regarding this issue, even though the sanctions award is less than the Seavey Defendants are entitled to, which have continued to increase the amount of fees and costs incurred by the Seavey Defendants due to Mr. Haywoode's sanctionable conduct.

16.    As set forth in our fee application, the Seavey Defendants incurred $4,183 in connection with Mr. Haywoode's last minute, improper cancellation of Mrs. Seavey's deposition based on the following costs and fees incurred as a result of his failure to attend the deposition as scheduled:

- Preparation of Phyllis Seavey for deposition - 1.3 at $475/hr[1] = $617.50
- E-mail correspondence with Mel Haywoode re: cancellation of deposition - .3 at $475/hr = $142.50

---

[1] I am a senior litigation associate, practicing law since 2000, and my time is billed at $475 per hour. Scott Mollen is a senior litigation partner, practicing law since 1972, and his time is billed at $795 per hour. Copies of our biographies are attached hereto as Exhibit B. Our billing rates are reasonable within the local legal market rates for attorneys with comparable experience and expertise. Moreover, Mr. Mollen's time has been relatively minimal with regards to this issue.

5

- Prepare for and attend deposition of Phyllis. Seavey = 1.0 at $475/hr = $475
- Prepare motion and declaration requesting sanctions = 3.5 at $475/hr and .7 at $795/hr = $2219.00.
- Prepare fee application = 1.2 at $475/hr and .2 h at $795/hr.

17.  Our billing rates are reasonable within the local legal market rates for attorneys with comparable experience and expertise. Other comparable law firms in the New York City area, bill their senior associates and partners at rates similar to, if not higher than, our rates. Indeed, other large law firms bill their partners out at rates between $1100 and $1200 an hour. *See* Exhibit B.

18.  Nonetheless, in setting the fee award, even though Magistrate Judge Francis determined that the hours spent by Herrick on this issue were reasonable, the Court reduced the billable hourly rate of my time to $350 and reduced Mr. Mollen's billable hourly rate to $600 based on *Rozell v. Ross-Holst*, 576 F. Supp. 2d 537 (S.D.N.Y. 2008). In so doing, Magistrate Judge Francis compared Herrick, Feinstein, a 175+ lawyer, full-service law firm's 2008-2009 billing rates to that of a 25 lawyer, plaintiffs' employment law firm's 2006-2007 billing rates. The decision to retain a firm of Herrick, Feinstein's size and capabilities was certainly reasonable since Plaintiff chose to name multiple defendants and file a $500,000,000 federal litigation based on a broad array of claims. Plaintiff's claims include allegations of RICO violations, fraud, breach of New York General Business Law, breach of contract, breach of duty of good faith and fair dealing, unjust enrichment, conversion, breach of fiduciary duty, and accounting.

19.  Indeed, the sanctions award did not even take into account the fact that "billing rates at large law firms have risen an average of 6% - 7% annually since 2000." *Lawyers Gear Up Grand New Fees*, Wall Street Jrl., Aug. 22, 2007, attached as Exhibit B.

20. Moreover, the fee award does not include the fees incurred by the Seavey Defendants in preparing a response [docket no. 60] to Mr. Haywoode's objections to the May 5, 2009 Order, which, as discussed in our response, were baseless and sanctionable in and of themselves. Further, the fee award does not include the fees incurred by the Seavey Defendants in preparing this response to Mr. Haywoode's latest objections. Indeed, because those fees also arise from Mr. Haywoode's initial sanctionable conduct, the Seavey Defendants should be entitled to reimbursement of those fees as well.

21. Accordingly, since the fee award is based on an seemingly improper reduction of defense counsel's billable rate and does not include certain costs and fees further incurred by Defendants, the fee award is actually *less* than was actually incurred by Defendants as a result of Mr. Haywoode's sanctionable conduct.

WHEREFORE, pursuant to the Order, we respectfully request that the Court affirm the June 5, 2009 Order and order Mr. Haywoode to immediately pay the sanctioned amount of $3,095.00 to the Seavey Defendants to reimburse them for the costs and fees incurred as a result of his actions. Additionally, we respectfully request that the Court order Mr. Haywoode to pay an additional $675 as reimbursement for the 1.5 hours incurred in preparing this opposition.

Dated:    New York, New York
          June 25, 2009

/s/ *M. Darren Traub*
M. Darren Traub