*M. Douglas Haywoode*
*71 Maple Street*
*Brooklyn, NY, 11255*
*Attorney for Plaintiff John L. Edmonds*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN L. EDMONDS, INDIVIDUALLY AND AS A MANAGING GENERAL PARTNER OF FIFTH AND 106TH STREET HOUSING COMPANY, INC., LOGAN PLAZA ASSOCIATES, LP, CHARLES H. ASSOCIATES a/k/a CHARLES H. HILL ASSOCIATES, LP AND AS A LIMITED PARTNER OF CHURCH HOME ASSOCIATES, LP,

        Plaintiff,

-against-

ROBERT W SEAVEY, INDIVIDUALLY AND AS A GENERAL PARTNER OF FIFTH AND l06TH STREET ASSOCIATES, LP, LOGAN PLAZA ASSOCIATES, LP, CHARLES HILL ASSOCIATES, CHARLES HILL ASSOCIATES, LP AND AS A LIMITED PARTNER OF CHURCH HOME ASSOCIATES, LP; PHYLLIS M. SEAVEY INDIVIDUALLY AND AS OWNER, MANAGER AND MEMBER OF DALTON MANAGMETNT COMPANY LLC; AVERY B. SEAVEY, INDIVIDUALLY AND AS A GENERAL PARTNER OF LOGAN PLAZA ASSOCIATES, LP, CHURCH HOME ASSOCIATES AND OWNER OF DALTON MANAGEMENT COMIPANY, LLC; NEALE B. SEAVEY, INDIVIDULLY AND AS OWNER, MANAGER AND MEMBER OF DALTON MANAGEMENT COMPANY, LLC; AND RONALD DAWLEY AS CHIEF EXECUTIVE OFFICER OF DALTON MANAGEMENT COMPANY, LLC; DALTON MANAGEMENT COMPANY, LLC, THE SEAVEY ORGANIZATION, and MARK PANETH & SHRON, Auditors,

        Defendants.

Index No.:   08 CIV 5646

DECLARATION OF
M. DOUGLAS HAYWOODE IN
FURTHER SUPPORT OF
OBJECTION

Plaintiff, John L. Edmonds, by his attorney, M. Douglas Haywoode, makes this declaration in further support of the Objections to the June 5, 2009 Order of Magistrate Judge James C. Francis under penalty of perjury as follows:

1. The first paragraph of the OBJECTION dated June 15, 2009 deals with the proper standard of review. This is an issue which is relevant to the Court and all parties. Although the order of May 5, 2009 is referred to in a footnote to that paragraph, there is no objection to that order within the paragraph. I cannot clearly discern why opposing counsel suggests that this paragraph should be stricken.

2. Paragraph one does request *de novo* review, and pursuant to <u>Harlyn Sales Corp. Profit Sharing Plan v. Investment Portfolios-Government Plus Fund</u> (1992, ND Ill) 142 FRD 671, where "defendants have not objected to the *de novo* standard of review plaintiffs' counsel requested, the court deem(ed) the issue waived and … review(ed) the matter *de novo*" <u>Harlyn Sales Corp.</u> at 674. It is requested that this Court exercise similar discretion, as defendants have not objected to the *de novo* standard.

3. The opposing declaration goes on to suggest that the manner in which I communicated my cancellation of the deposition of April 20, 2009 was somehow "contrary to the Federal Rules of Civil Procedure." (Paragraph 4 of the opposing

2

Declaration.) I have carefully searched the Federal Rules, and I can find no instance where they provide guidance on the issue of what any prescribed manner for cancelling a deposition might be. All of the authority I have reviewed suggests that the manner used was sufficient.

4. The magistrate seems to have rendered the decision of May 5, 2009, based on the timing of the cancellation and the factual finding that I had cancelled a deposition of the same witness once before. As far as I can discern the FRCP contains no guidance on the issue of the timing of a cancellation, either, and, as is pointed out in the Objection which this declaration supports, the factual finding was totally improper.

5. The Second Circuit has directed that, in deciding a motion for sanctions, the Court should "resolve all doubts in favor" of the party against whom the sanctions are to be imposed. <u>Rodick v. City of Schenectady</u>, 1 F. 3d 1341, 1351 (2d Cir. 1993.) Here, as is more completely discussed in footnote 2 of the objection of June 15, 2009, based on opposing statements of fact, and without the benefit of a hearing, Magistrate Francis disregarded this directive of the Second Circuit and based his decision on a factual finding of the incorrect assertion that there had been a prior cancellation. This finding was clearly erroneous, and the Magistrate lacked the jurisdiction to make it.

6. In paragraph 6 of his Declaration opposing counsel admits that he contacted the transcriptionist "shortly after 10 AM," but some of the one hour expended on the day of the cancelled deposition was expended before 10 AM preparing. In my experience, the term shortly refers to a length of time less than a few minutes. Opposing counsel's detailed hourly exposition of his time spent does not distinguish between the time he spent enacting the charade of waiting for me to arrive when I had told him that, based on his willful withholding of documents which I had a present and immediate right to, I wasn't coming and the amount of time he spent doing some last-minute preparation of his client. This distinction is of no moment because both of these items should be disallowed. "the court does not award sanctions based on the time spent in preparation for the deposition, as this time is not wasted." Barrett v. Brian Bemis Auto World, 230 F.R.D. 535, 537 (N.D. Ill. 2005.) (Cited in the decision of May 5, 2009 on other grounds.) And opposing counsel had a duty to mitigate his damages. "It (is) inequitable to permit defendant to increase the amount of attorneys' fees recoverable as a sanction." Oliveri v. Thompson, 803 F.2d 1265, 1280 (2d Cir. 1986).

7. Opposing counsel attempts to justify the need for the time spent preparing his client based on the argument that, although his client was admitted to the bar in 1852, and remains in superb possession of her faculties, she is in fact

inexperienced.  I am familiar with the operations of the Seavey Empire, and I have known Phyllis Seavey for over thirty years.  In her role as the primary director of her far-flung business interest, she comes into contact with and successfully negotiates some of the most complex legal matters on a daily basis.  She may never have "hung out her shingle," but she is far more seasoned, experienced and knowledgeable than many who had.

8.  Opposing counsel seeks to further bolster his position on this point by stating that he expended time preparing for and awaiting a deposition that he knew would not go forward because he had "informed" me that "we (meaning himself) and our client will be at our office at 10:00. (Pages 2-3 of the opposing declaration)  There was clear communication prior to the scheduled time, but, in all of it, opposing counsel would not utter the "magic words."  Which would have been something to the effect that "I admit that, under § 41 of the Partnership Law, you do have a present right to the documents I'm withholding, and I will make good on my obligations when you arrive."  In the record of the deposition of Adam Price (at page 50, excerpt attached following my signature) your declarant asked opposing counsel directly the "question raised in my motion was why this document wasn't presented to us Monday morning before the depositon of Phyllis Seavey."  To which opposing counsel admitted "because you didn't show up for

5

the deposition," belatedly acknowledging that this was indeed his duty under the Partnership Law. But in the record of our communication before the scheduled time, when confronted with the same question, he simply dodged the issue.

Dated:    New York, New York
          July 5, 2009

                                                                                                S/M. Douglas Haywoode
                                                                                                  M. Douglas Haywoode

(Excerpt from deposition transcript follows.)

Page 50 Adam Pryce Deposition

13  MR. HAYWOODE:  I say again, the

14     question raised in my motion was why this

15     document wasn't presented to us Monday

16     morning before the depositon of Phyllis

17     Seavey.

18       MR. TRAUB:  Because you didn't show

19     up for the deposition, Mr. Haywoode.