ELECTRONICALLY FILED

Scott E. Mollen
M. Darren Traub
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
212.592.1400
*Attorneys for Defendants Robert W. Seavey,*
*Phyllis M. Seavey, Avery B. Seavey, Nealle B.*
*Seavey, Ronald Dawley, Dalton Management*
*Company, LLC, and the Seavey Organization*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

JOHN L. EDMONDS, INDIVIDUALLY AND AS A
MANAGING GENERAL PARTNER OF FIFTH AND
106TH STREET HOUSING COMPANY, INC.,
LOGAN PLAZA ASSOCIATES, LP, CHARLES H.
ASSOCIATES a/k/a CHARLES H. HILL
ASSOCIATES, LP AND AS A LIMITED PARTNER
OF CHURCH HOME ASSOCIATES, LP,

                Plaintiffs,

           -against-

ROBERT W. SEAVEY, INDIVIDUALLY AND AS A
GENERAL PARTNER OF FIFTH AND 106TH
STREET ASSOCIATES, LP, LOGAN PLAZA
ASSOCIATES, LP, CHARLES HILL ASSOCIATES,
CHARLES HILL ASSOCIATES, LP AND AS A
LIMITED PARTNER OF CHURCH HOME
ASSOCIATES, LP; PHYLLIS M. SEAVEY
INDIVIDUALLY AND AS OWNER, MANAGER
AND MEMBER OF DALTON MANAGEMENT
COMPANY LLC; AVERY B. SEAVEY,
INDIVIDUALLY AND AS A GENERAL PARTNER
OF LOGAN PLAZA ASSOCIATES, LP, CHURCH
HOME ASSOCIATES AND OWNER OF DALTON
MANAGEMENT COMPANY, LLC; NEALLE B.
SEAVEY, INDIVIDUALLY AND AS OWNER,
MANAGER AND MEMBER OF DALTON
MANAGEMENT COMPANY, LLC; AND RONALD
DAWLEY AS CHIEF EXECUTIVE OFFICER OF
DALTON MANAGEMENT COMPANY, LLC;
DALTON MANAGEMENT COMPANY, LLC, THE
SEAVEY ORGANIZATION, and MARKS PANETH &
SHRON, Auditors,

              Defendants.
------------------------------------------------------------- X

Index No.:  08 CIV 5646-HB

**VERIFIED ANSWER**
**AND COUNTERCLAIMS**

COME NOW Defendants Robert W. Seavey, Phyllis M. Seavey, Avery B. Seavey, Nealle B. Seavey, Ronald Dawley, Dalton Management Company, LLC, and the Seavey Organization (collectively, "Defendants"), by and through their attorneys Herrick, Feinstein LLP, as and for their Answer and Counterclaims to the Complaint (the "Complaint") filed by plaintiff John L. Edmonds ("Plaintiff"), hereby states as follows:

## ANSWER

1.    Defendants deny the allegations contained in paragraph "1" of the Complaint.

2.    Defendants deny the allegations contained in paragraph "2" of the Complaint.

3.    Defendants admit that the Housing Developments receive rental income, New York State and Federal subsidies but deny the remaining allegations contained in paragraph "3" of the Complaint.

4.    Defendants deny the allegations contained in paragraph "4" of the Complaint.

5.    Defendants deny the allegations contained in paragraph "5" of the Complaint.

6.    Defendants deny the allegations contained in paragraph "6" of the Complaint.

7.    Defendants admit that Dalton Management is the Managing Agent for the Housing Developments but deny the remaining allegations contained in paragraph "7" of the Complaint.

8.    Defendants deny the allegations contained in paragraph "8" of the Complaint.

9.    Defendants deny the allegations contained in paragraph "9" of the Complaint.

10.    Defendants deny the allegations contained in paragraph "10" of the Complaint.

11.    Defendants deny the allegations contained in paragraph "11" of the Complaint.

THE PARTIES

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth of whether or not Plaintiff is an attorney or a resident of Queens County, New York. Defendants admit that Robert Seavey is an attorney who is the Managing General Partner of Lakeview and is a limited partner in Church, is the husband of Phyllis Seavey and the father of Avery and Nealle Seavey, and that Mark Paneth & Shron were retained as auditors. Defendants deny the remaining allegations contained in paragraph "12" of the Complaint.

13.     Defendants admit that Avery Seavey is an attorney who is one of the members of and has an ownership interest in Dalton Management and is the son of Robert and Phyllis Seavey and the brother of Nealle Seavey.  Defendants deny the remaining allegations contained in paragraph "13" of the Complaint.

14.     Defendants admit that Nealle Seavey is an attorney who is the president of Dalton Management and is the daughter of Robert and Phyllis Seavey and the sister of Avery Seavey. Defendants deny the remaining allegations contained in paragraph "14" of the Complaint.

15.     Defendants admit that Phyllis Seavey is an attorney who is the wife of Robert Seavey and the mother of Avery and Nealle Seavey.  Defendants deny the remaining allegations contained in paragraph "15" of the Complaint.

16.     Defendants admit that Dalton Management is a New York State limited liability company owned by Avery and Nealle Seavey that is the Managing Agent of the Housing Developments.  Defendants deny the remaining allegations contained in paragraph "16" of the Complaint.

17.     Defendants admit that Ronald Dawley is the Chief Executive Officer of Dalton Management but deny the remaining allegations contained in paragraph "17" of the Complaint.

## JURISDICTION AND VENUE

18.     Defendants neither admit nor deny the allegations contained in paragraph "18" of the Complaint as they purport to set forth legal conclusions to which no responsive pleading is required.

19.     Defendants neither admit nor deny the allegations contained in paragraph "19" of the Complaint as they purport to set forth legal conclusions to which no responsive pleading is required.

20.     Defendants neither admit nor deny the allegations contained in paragraph "20" of the Complaint as they purport to set forth legal conclusions to which no responsive pleading is required.

21.     Defendants neither admit nor deny the allegations contained in paragraph "21" of the Complaint as they purport to set forth legal conclusions to which no responsive pleading is required but does admit that they conduct business and maintain places of business within the district.

## FACTUAL BACKGROUND

22.     In response to the allegations contained in paragraph "22" of the Complaint, Defendants admit that the Partnership Agreements are written documents that speak for themselves and respectfully refer the Court to the documents for their full content and meaning.

23.     Defendants deny that Plaintiff is a Managing General Partner of Lakeview and owns a nine percent interest in that Partnership and further denies that Robert Seavey owns a nine percent interest in the Partnership, but admit the remaining allegations contained in paragraph "23" of the Complaint.

24.     Defendants deny that Plaintiff is a Managing General Partner of the Logan Partnership, that Robert Seavey is a Limited Partner in the Logan Partnership, that Avery Seavey is a Managing General Partner in the Logan Partnership, that Nealle Seavey is a Managing General Partner in the Logan Partnership, that Avery Seavey has a fifty percent interest in the Logan Partnership, or the Nealle Seavey is a limited partner in the Logan Partnership, but admit the remaining allegations contained in paragraph "24" of the Complaint.

25.     Defendants deny that Plaintiff is a Managing General Partner of the Charles Hill Partnership and owns twenty-five percent interest in that Partnership and further deny that that Robert Seavey is a Managing General Partner in the Charles Hill Partnership and owns a twenty-five percent interest in that Partnership, but admit the remaining allegations contained in paragraph "25" of the Complaint.

26.     Defendants deny that Avery Seavey is the Managing General Partner of the Church Partnership and owns in excess of a fifty percent interest in the Church Partnership and further deny that Nealle Seavey is a Limited Partner in the Church Partnership, but admit the remaining allegations contained in paragraph "26" of the Complaint.

27.     Defendants admit that Dalton Management was retained to operate, administer and manage the Partnerships' Housing Developments, but deny the remaining allegations contained in paragraph "27" of the Complaint.

28.     Defendants admit that Dalton Management was retained to manage the Partnerships finances, third-party agreements and to oversee the financial distributions to the Partners, but deny the remaining allegations contained in paragraph "28" of the Complaint.

29.     Defendants admit that Dalton Management was retained to negotiate and contract with third-parties to lease the commercial spaces of the Partnerships' Housing Developments and

provides various services for the benefit of the Partnership and to properly service the tenants of the Partnerships' Housing Developments, but deny the remaining allegations contained in paragraph "29" of the Complaint.

30.    Defendants deny the allegations contained in paragraph "30" of the Complaint.

31.    Defendants admit that Plaintiff's allegations are false, but deny the allegations contained in paragraph "31" of the Complaint.

32.    In response to the allegations contained in paragraph "32" of the Complaint, Defendants admit that the Management Agreements are written documents that speak for themselves and respectfully refer the Court to the documents for their full content and meaning, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "32" of the Complaint.

33.    Defendants deny the allegations contained in paragraph "33" of the Complaint.

34.    Defendants deny the allegations contained in paragraph "34" of the Complaint.

35.    Defendants deny the allegations contained in paragraph "35" of the Complaint.

36.    Defendants deny the allegations contained in paragraph "36" of the Complaint.

37.    Defendants admit that the Monthly Financial Package is true and accurate but deny the remaining allegations contained in paragraph "37" of the Complaint.

38.    Defendants deny the allegations contained in paragraph "38" of the Complaint.

39.    Defendants deny the allegations contained in paragraph "39" of the Complaint.

40.    Defendants admit that Plaintiff's accountants came to Dalton Management's office to audit certain financial records and books and that Dalton Management did provide Plaintiff and his accountant access to the financial records and books, but deny the remaining allegations contained in paragraph "40" of the Complaint.

41.     Defendants deny the allegations contained in paragraph "41" of the Complaint.

42.     Defendants admit that Dalton Management is the Managing Agent for all of the Partnerships' Housing Developments and that Marks Paneth & Shron were retained to conduct audits of the Partnerships' books and records, but deny the remaining allegations contained in paragraph "42" of the Complaint.

<u>ANSWERING THE FIRST COUNT & CAUSE OF ACTION</u>

43.     Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "42" above as if set forth in full herein.

44.     Defendants deny the allegations contained in paragraph "44" of the Complaint.

45.     Defendants deny the allegations contained in paragraph "45" of the Complaint.

46.     Defendants deny the allegations contained in paragraph "46" of the Complaint.

47.     Defendants deny the allegations contained in paragraph "47" of the Complaint.

48.     Defendants deny the allegations contained in paragraph "48" of the Complaint.

49.     Defendants deny the allegations contained in paragraph "49" of the Complaint.

50.     Defendants deny the allegations contained in paragraph "50" of the Complaint.

51.     Defendants deny the allegations contained in paragraph "51" of the Complaint.

52.     Defendants deny the allegations contained in paragraph "52" of the Complaint.

53.     Defendants deny the allegations contained in paragraph "53" of the Complaint.

54.     Defendants deny the allegations contained in paragraph "54" of the Complaint.

55.     Defendants deny the allegations contained in paragraph "55" of the Complaint.

56.     Defendants deny the allegations contained in paragraph "56" of the Complaint.

57.     Defendants deny the allegations contained in paragraph "57" of the Complaint.

58.     Defendants deny the allegations contained in paragraph "58" of the Complaint.

59.    Defendants deny the allegations contained in paragraph "59" of the Complaint.

ANSWERING THE SECOND COUNT & CAUSE OF ACTION

60.    Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "59" above as if set forth in full herein.

61.    Defendants deny the allegations contained in paragraph "61" of the Complaint.

62.    Defendants deny the allegations contained in paragraph "62" of the Complaint.

ANSWERING THE THIRD COUNT & CAUSE OF ACTION

63.    Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "62" above as if set forth in full herein.

64.    Defendants deny the allegations contained in paragraph "64" of the Complaint.

65.    Defendants deny the allegations contained in paragraph "65" of the Complaint.

ANSWERING THE FOURTH COUNT & CAUSE OF ACTION

66.    Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "65" above as if set forth in full herein.

67.    In response to the allegations contained in paragraph "67" of the Complaint, Defendants admit that the Management Agreements are written documents that speak for themselves and respectfully refer the Court to the documents for their full content and meaning, but deny the remaining allegations contained in paragraph "67" of the Complaint.

68.    Defendants admit that the Partnerships have written Management Agreements with Dalton Management, but deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "68" of the Complaint.

69.    Defendants deny the allegations contained in paragraph "69" of the Complaint.

70.    Defendants deny the allegations contained in paragraph "70" of the Complaint.

71.    Defendants deny the allegations contained in paragraph "71" of the Complaint.

ANSWERING THE FIFTH COUNT & CAUSE OF ACTION

72.    Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "71" above as if set forth in full herein.

73.    Defendants admit that the Partnerships have written Management Agreements with Dalton Management, but deny the remaining allegations contained in paragraph "73" of the Complaint.

74.    Defendants deny the allegations contained in paragraph "74" of the Complaint.

75.    Defendants deny the allegations contained in paragraph "75" of the Complaint.

76.    Defendants deny the allegations contained in paragraph "76" of the Complaint.

77.    Defendants deny that they made representations to Plaintiff and further deny the remaining allegations contained in paragraph "77" of the Complaint.

78.    Defendants deny the allegations contained in paragraph "78" of the Complaint.

79.    Defendants deny the allegations contained in paragraph "79" of the Complaint.

ANSWERING THE SIXTH COUNT & CAUSE OF ACTION

80.    Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "79" above as if set forth in full herein.

81.    Defendants deny the allegations contained in paragraph "81" of the Complaint.

82.    Defendants deny the allegations contained in paragraph "82" of the Complaint.

83.    Defendants deny the allegations contained in paragraph "83" of the Complaint.

ANSWERING THE SEVENTH COUNT & CAUSE OF ACTION

84.    Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "79" above as if set forth in full herein.

85.    In response to the allegations contained in paragraph "85" of the Complaint, Defendants admit that the Management Agreements are written documents that speak for themselves and respectfully refer the Court to the documents for their full content and meaning.

86.    Defendants deny the allegations contained in paragraph "86" of the Complaint.

87.    Defendants deny the allegations contained in paragraph "87" of the Complaint.

88.    Defendants deny the allegations contained in paragraph "88" of the Complaint.

ANSWERING THE EIGHTH COUNT & CAUSE OF ACTION

89.    Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "88" above as if set forth in full herein.

90.    Defendants admit that the Partnerships have written Management Agreements with Dalton Management but deny the remaining allegations contained in paragraph "90" of the Complaint.

91.    Defendants deny the allegations contained in paragraph "91" of the Complaint.

92.    Defendants admit the allegations contained in paragraph "92" of the Complaint.

93.    Defendants deny the allegations contained in paragraph "93" of the Complaint.

94.    Defendants deny the allegations contained in paragraph "94" of the Complaint.

95.    Defendants deny the allegations contained in paragraph "95" of the Complaint.

96.    Defendants deny the allegations contained in paragraph "96" of the Complaint.

ANSWERING THE NINTH COUNT & CAUSE OF ACTION

97.    Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "96" above as if set forth in full herein.

98.    Defendants admit that the Partnerships have written Management Agreements with Dalton Management, but deny the remaining allegations contained in paragraph "98" of the Complaint.

99.    Defendants deny the allegations contained in paragraph "99" of the Complaint.

100.    Defendants admit the allegations contained in paragraph "100" of the Complaint.

101.    Defendants deny the allegations contained in paragraph "101" of the Complaint.

## ANSWERING THE TENTH COUNT & CAUSE OF ACTION

102.    Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "101" above as if set forth in full herein.

103.    Defendants deny the allegations contained in paragraph "103" of the Complaint.

104.    Defendants deny the allegations contained in paragraph "104" of the Complaint.

105.    Defendants deny the allegations contained in paragraph "105" of the Complaint.

## ANSWERING THE ELEVENTH COUNT & CAUSE OF ACTION

106.    Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "105" above as if set forth in full herein.

107.    Defendants deny the allegations contained in paragraph "107" of the Complaint.

108.    Defendants deny the allegations contained in paragraph "108" of the Complaint.

109.    Defendants deny the allegations contained in paragraph "109" of the Complaint.

110.    Defendants deny the allegations contained in paragraph "110" of the Complaint.

## ANSWERING THE TWELFTH COUNT & CAUSE OF ACTION

111.    Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "110" above as if set forth in full herein.

112.    Defendants admit that Robert Seavey has certain fiduciary duties as a Managing General Partner of Lakeview, but deny the remaining allegations contained in paragraph "112" of the Complaint.

113.    Defendants admit that Robert Seavey has certain fiduciary duties as a Managing General Partner of Lakeview, but deny the remaining allegations contained in paragraph "113" of the Complaint.

114.    Defendants are unable to respond to the allegations contained in paragraph "114" of the Complaint as the allegations are incomplete and nonsensical, but deny the allegations as pled in paragraph "114."

115.    Defendants are unable to respond to the allegations contained in paragraph "115" of the Complaint as the allegations are incomplete and nonsensical, but deny the allegations as pled in paragraph "115."

116.    Defendants deny the allegations contained in paragraph "116" of the Complaint.

117.    Defendants deny the allegations contained in paragraph "117 of the Complaint.

<u>ANSWERING THE THIRTEENTH COUNT & CAUSE OF ACTION</u>

118.    Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "117" above as if set forth in full herein.

119.    Defendants admit that Robert Seavey has certain fiduciary duties as a Managing General Partner of Lakeview, but deny the remaining allegations contained in paragraph "119" of the Complaint.

120.    Defendants admit that Robert Seavey has certain fiduciary duties as a Managing General Partner of Lakeview, but deny the remaining allegations contained in paragraph "120" of the Complaint.

121.    Defendants deny the allegations contained in paragraph "121" of the Complaint.

122.    Defendants deny the allegations contained in paragraph "122" of the Complaint.

123.    Defendants deny the allegations contained in paragraph "123" of the Complaint.

<u>ANSWERING THE FOURTEENTH COUNT & CAUSE OF ACTION</u>

124.    Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "123" above as if set forth in full herein.

125.    Defendants admit that Avery Seavey has certain fiduciary duties but deny the remaining allegations contained in paragraph "125" of the Complaint.

126.    Defendants deny the allegations contained in paragraph "126" of the Complaint.

127.    Defendants deny the allegations contained in paragraph "127" of the Complaint.

128.    Defendants deny the allegations contained in paragraph "129" of the Complaint.

129.    Defendants deny the allegations contained in paragraph "129" of the Complaint.

<u>ANSWERING THE FIFTEENTH COUNT & CAUSE OF ACTION</u>

130.    Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "129" above as if set forth in full herein.

131.    Defendants admit that Avery Seavey has certain fiduciary duties but deny the remaining allegations contained in paragraph "131" of the Complaint.

132.    Defendants deny the allegations contained in paragraph "132" of the Complaint.

133.    Defendants deny the allegations contained in paragraph "133" of the Complaint.

134.    Defendants deny the allegations contained in paragraph "134" of the Complaint.

<u>ANSWERING THE SIXTEENTH COUNT & CAUSE OF ACTION</u>

135.    Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "134" above as if set forth in full herein.

136.    In response to the allegations contained in paragraph "136" of the Complaint, Defendants admit that the Management Agreements are written documents that speak for themselves and respectfully refer the Court to the documents for their full content and meaning.

137.    Defendants deny the allegations contained in paragraph "137" of the Complaint.

138.    Defendants deny the allegations contained in paragraph "138" of the Complaint.

139.    Defendants deny the allegations contained in paragraph "139" of the Complaint.

140.    Defendants deny the allegations contained in paragraph "140" of the Complaint.

141.    Defendants deny the allegations contained in paragraph "141" of the Complaint.

142.    With respect to the unnumbered paragraph of the Complaint, beginning with "WHEREFORE" that comprises Plaintiff's prayer for relief and judgment, Defendants deny that Plaintiff is entitled to any of the relief requested therein, or to any relief whatsoever.

### As and for a First Affirmative Defense

143.    The Complaint fails to state a cause of action upon which relief can be granted.

### As and for a Second Affirmative Defense

144.    Plaintiff does not have standing to bring all or part of this claims alleged in the Complaint as he does not have the claimed interests in the Partnerships.

### As and for a Third Affirmative Defense

145.    Plaintiff's claims are barred in whole or in part on the grounds that he has unclean hands.

### As and for a Fourth Affirmative Defense

146.    Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### As and for a Fifth Affirmative Defense

147.    Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### As and for a Sixth Affirmative Defense

148.    Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### As and for a Seventh Affirmative Defense

149.    Plaintiff has materially breached the Partnership and Management Agreements.

### As and for an Eighth Affirmative Defense

150.    Plaintiff has breached his fiduciary duties to the Partnerships.

### As and for a Ninth Affirmative Defense

151.    Plaintiff has breached his fiduciary duties to the partners.·

### As and for a Tenth Affirmative Defense

152.    Plaintiff's alleged conspiracy does not satisfy the "continuity" requirement to establish a pattern of racketeering activity.

### As and for an Eleventh Affirmative Defense

153.    The Defendants are not an "enterprise" as that term is defined in 18 U.S.C. 1961(4).

### As and for a Twelfth Affirmative Defense

154.    The Complaint fails to plead the alleged RICO fraud with the requisite particularity.

### As and for a Thirteenth Affirmative Defense

155.    Plaintiff's claims are barred, in whole or in part, based upon documentary evidence.

### As and for a Fourteenth Affirmative Defense

156.    Plaintiff is not entitled to interest or to extraordinary, speculative or non-foreseeable damages pursuant to law or contract.

### As and for a Fifteenth Affirmative Defense

157.    Defendants hereby reserve any and all additional or further defenses or counterclaims as may be revealed by additional information that may be acquired in discovery or otherwise.

### COUNTERCLAIM

Defendants Robert W. Seavey, Phyllis M. Seavey, Avery B. Seavey, Nealle B. Seavey, Ronald Dawley, Dalton Management Company, LLC, and the Seavey Organization (collectively, "Defendants"), by and through their attorneys Herrick, Feinstein LLP, for their Counterclaims against plaintiff John L. Edmonds ("Edmonds"), hereby allege as follows:

### Jurisdiction/Venue

1.    Defendants' Counterclaims are properly filed counterclaims pursuant to Fed. R. Civ. P. 13 (a).  This Court has supplemental jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367.

2.    Venue and jurisdiction are proper in this Court.

### Factual Allegations

3.    Beginning in the early 1970's, Edmonds and members of the Seavey family, or entities owned by them, entered into partnerships to own and operate some low and middle income housing projects.

4. Since that time, Edmonds and members of the Seavey family, or entities owned by them have entered into four limited partnerships (the "Partnerships"), each of which owns and operates a different low or middle income, residential development.

5. The housing projects consist of approximately 837 residential units, all of which are either city or state government sponsored and overseen through programs such as Mitchell-Lama and Section 8, and agencies such as DHCR and HUD.

6. Although Edmonds originally owned a 7.5% interest in Fifth and 106th Street Associates as a general partner, over the years, Edmonds has sold or assigned a large percentage of his partnership interest in Fifth and 106th Street Associates.

7. First, in November 1975, Edmonds sold 66.67% of his partnership interest in Fifth and 106th Street Associates to Robert Carmel, leaving Edmonds with only a 2.5% interest in Fifth and 106th Street Associates.

8. Then, by Agreement for Purchase and Sale of Partnership Interest, dated July 26, 1999, Edmonds sold 1.3% of his interest in the partnership and the 5% interest that Edmonds was holding for the benefit of Mr. Carmel to BNA Realty Company, LLC ("BNA").

9. Thereafter, by Second Amended Agreement of Limited Partnership of Fifth and 106th St. Associates L.P. signed by all of the partners, including Edmonds and the limited partners, amended the partnership agreement to indicate the transfer of Edmonds' interest to BNA.

10. The Second Amended Agreement further states that Edmonds only retained 1.2% of his partnership interest as a limited partner in Fifth and 106th Street Associates.

11. The Second Amended Agreement is the last amendment to the partnership agreement of Fifth and 106th Street Associates.

12.    The Defendants have now discovered that Edmonds engaged in serious breaches of his fiduciary duties when he was a managing general partner of Fifth and 106th Street Associates.

13.    The Amended Agreement of Limited Partnership (the "Partnership Agreement") of Fifth and 106th Street Associates sets forth the agreement and relationship among the general partners and limited partners with respect to the management and operation of the partnership.

14.    Section 9 of the Partnership Agreement sets forth the general partners' powers and duties and specifically states that "[t]he Managing General Partners shall act unanimously at all times; otherwise their actions shall be null and void."

15.    At the time that the subject agreements were apparently executed in 1996 through 1998, the Managing General Partners of Fifth and 106th Street Associates were Robert Seavey and Edmonds.

16.    Accordingly, pursuant to the Partnership Agreement, Robert Seavey and Edmonds had to act unanimously in their decisions.

17.    Nonetheless, without Robert Seavey's knowledge or consent, upon information and belief, Edmonds entered into a series of agreements with T-WOL Leasing Corp. ("T-WOL") culminating in a self-titled Confidential Negotiated Settlement and Release of All Claims (the "Confidential Agreement") agreeing to have Fifth and 106th Street Associates pay T-WOL the sum of $100,000 in exchange for subletting T-WOL's alleged leased space to a subtenant without the unanimous consent of his co-Managing General Partner.

18.    Robert Seavey did not sign the Confidential Agreement.

19.    Moreover, the purpose of Fifth and 106th Street Associates is to own and operate a low to middle income, residential development that is New York State government sponsored

and overseen through programs such as Mitchell-Lama and Section 8, and agencies such as New York State Division of Housing & Community Renewal ("DHCR") and HUD. Therefore, the Confidential Agreement needed to be disclosed and approved by, at least, DHCR.

20.    Upon information and belief Edmonds never disclosed the Confidential Agreement or a lease with T-WOL to Division of Housing & Community Renewal ("DHCR") and DHCR never approved the agreement or the T-WOL lease, which is required pursuant to 9 NYCRR § 1727-6.2.

21.    T-WOL has now commenced a litigation against Fifth and 106th Street Associates seeking payment on the Confidential Agreement claiming damages totaling $1,480,696, all stemming from Edmonds' agreements.

22.    Edmonds has also caused tenants to be placed in the Partnerships' housing projects, over the protest of Defendants and managers, without required consent of the applicable government agency.

23.    By placing a tenant in a housing project without the consent of the government agency, Edmonds has caused the Partnerships to lose income because the agency would not pay to cover then tenant's rent.

24.    Recently, Edmonds and Robert Seavey were approached by the limited partners in Fifth and 106th Street Associates, L.P., who own approximately 85% of the total partnership interest, about selling the property owned by that partnership.

25.    At first, Robert Seavey told the limited partners that he believed the property should not be sold at that particular time and that the partnership would benefit from holding the property for a longer period of time.

26.     The limited partners sued Robert Seavey to force a sale and Mr. Seavey, thereafter, agreed to consider a sale of the property.

27.     The limited partners also informed Edmonds that they wanted to sell the property and Edmonds stated that he would also consider a sale of the property.

28.     Thereafter, on May 1, 2007, a Letter of Understanding was presented to Edmonds regarding the sale of the property.

29.     Thereafter, a buyer was procured with Edmonds' efforts and a contract of sale was prepared.  In fact, the buyer put up $2,500,000 into escrow pending the sale.

30.     Subsequently, Edmonds refused to sign that contract of sale.

31.     Accordingly, the sale of the property could not move forward unless and until Edmonds signed the contract, which he refused to do.

32.     The contract of sale was, therefore, cancelled and the escrow money was returned.

33.     Since Edmonds refused to sign the contract, the limited partners have now commenced another lawsuit against, among others, Edmonds and Robert Seavey seeking to force the sale of the property.

## AS AND FOR A FIRST COUNTERCLAIM
### (Breach of Fiduciary Duty)

34.     Defendants repeat and reallege each and every allegation set forth in paragraphs "1" through "33" above as if set forth in full herein.

35.     At all times relevant hereto, Edmonds had a fiduciary duty to Defendants as a partner in each of the four Partnerships to perform his duties in a professional manner and to act in good faith and in the best interest of the Partnerships and its General and Limited partners.

36.     Edmonds performance of the actions set forth herein was willful, wanton, and done in bad faith.

37.    Edmonds' actions have caused and continue to cause injury and damage to Defendants in an amount to be proved at trial.

WHEREFORE, Robert W. Seavey, Phyllis M. Seavey, Avery B. Seavey, Nealle B. Seavey, Ronald Dawley, Dalton Management Company, LLC, and the Seavey Organization demand judgment in their favor:

(a) dismissing the Complaint in its entirety;

(b) on Defendants' First Counterclaim, awarding to Defendants damages in an amount to be proved at trial; and

(c) awarding such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        March 5, 2009

HERRICK, FEINSTEIN LLP

/s/ Scott E. Mollen
Scott E. Mollen (*smollen@herrick.com*)
M. Darren Traub (*dtraub@herrick.com*)
2 Park Avenue
New York, NY 10016
212.592.1400
*Attorneys for Defendants Robert W. Seavey,*
*Phyllis M. Seavey, Avery B. Seavey, Nealle B.*
*Seavey, Ronald Dawley, Dalton Management*
*Company, LLC, and the Seavey Organization*

# VERIFICATION

M. Darren Traub, an attorney at law duly admitted to practice in the State of New York affirms under the penalties of perjury, the following:

I am an attorney admitted to practice law in the courts of the State of New York and am associated with the law firm of Herrick, Feinstein LLP, the attorneys for defendants Robert W. Seavey, Phyllis M. Seavey, Avery B. Seavey, Nealle B. Seavey, Ronald Dawley, Dalton Management Company, LLC, and the Seavey Organization (collectively, "Defendants") in this action.

I have read the foregoing Verified Answer and Counterclaims and know it to be true to my knowledge, information, and belief. The grounds for my belief of those matters are based on information, including correspondence and documents furnished to me by representatives of Defendants.

This verification is made by me rather than Defendants because representatives of Defendants acquainted with the facts are currently outside the county in which this office maintains an office.

_M. Darren Traub_

M. Darren Traub