DEFENDANT'S EXHIBIT
9 I()
KM 4-17-09

# AGREEMENT FOR PURCHASE AND SALE OF PARTNERSHIP INTEREST

WHEREAS, 106th Street Houses, Inc., Robert W. Seavey ("Seavey"), John L. Edmonds ("Edmonds"), and the joint venture of Mars Associates, Inc. and Normel Construction Corp. ("Mars-Normel") are partners of Fifth and 106th St. Associates, a New York limited partnership ("the Partnership");

WHEREAS, Edmonds and Seavey each owned a 7.5% interest in the Partnership as a general partner;

WHEREAS, Edmonds and Seavey entered into an agreement(s) with Robert Carmel ("Carmel") pursuant to which Carmel, without being admitted as a partner in the Partnership, received 66.67% of Seavey and Edmonds interest in the Partnership ("Carmel Agreement");

WHEREAS, after the Carmel Agreement, Edmonds owns a 2.5% interest in the Partnership as a general partner ("the Interest") and, in addition, together with Seavey holds legal title to a 10% interest in the Partnership for the benefit of Carmel ("Carmel Interest");

WHEREAS, Edmonds desires to sell and BNA Realty Company, LLC, a New York limited liability company ("BNA") desires to purchase on the terms contained herein: the Interest in the Partnership; all of Edmonds' rights under the June 2, 1999 agreement between Edmonds, Seavey and Marion Scott Real Estate, Inc. concerning the sale of all of the stock of JLWS Management Corp. ("JLWS Agreement"); and Edmonds rights and obligations relating to the Carmel Interest;

NOW, THEREFORE, it is agreed as follows:

1) <u>Sale of Interest.</u>   Subject to the terms and conditions herein contained, Edmonds agrees to sell to BNA and BNA agrees to purchase from Edmonds the following assets: (w) a 6.3% interest in the Partnership as a general partner, the assignment of which shall take effect as of the date hereof. The said sale includes a 5% interest in the Partnership for the benefit of Carmel and a 1.3% in the Partnership as a general partner; (x) all of Edmonds' rights under JLWS Agreement with Marion Scott Real Estate, Inc. (including the right to receive all future payments), the

1

assignment of which shall take effect as of the date hereof; (y) all of Edmonds' right, title and interest in and to the balance, if any, of the Carmel Interest, the assignment of which shall take effect as of the date hereof; and (z) the balance of Edmonds' interest in the Partnership i.e. 1.2% which is now converted at this time to a limited partnership interest, however, the assignment of which shall not be effective until Edmonds' death. The assets described in (w), (x) and (y) are collectively referred to herein as ("Assets"). The assets described in (z) are referred to herein as the ("the Retained Interest").

2) Purchase Price.

   a) The purchase price ("Purchase Price") for the Assets is $325,000 which BNA shall pay to Edmonds as follows:

   i) $50,000 by check delivered simultaneously with the execution of this agreement;

   ii) $250,000 by check delivered on or before August 15, 1999; and

   iii) $25,000 by check delivered on or before July 1, 2000.

   b) The purchase price for the Retained Interest shall be the fair market value of the Retained Interest at the time of Edmonds' death. If BNA and Edmonds' estate are unable to agree as to the value of the Retained Interest, the dispute shall be settled by arbitration before three arbitrators administered by the American Arbitration Association under its Real Estate Industry Arbitration Rules, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

3) Consents. BNA's obligation to pay the amounts provided for in paragraphs 2(a)(ii) and 2(a)(iii) is expressly subject to the satisfaction of all of the following conditions (collectively referred to herein as ("Consents"):

   a) any governmental agency having supervisory control over the Partnership or the housing project owned by the Partnership consents to the assignment of the Interest and Retained Interest to BNA; and

b) the Partners execute an amendment to the partnership agreement admitting BNA as a general partner, converting Edmonds' Retained Interest to that of a limited partner with a 1.2% interest as a limited partner in the Partnership and providing that upon the death of Edmonds the Retained Interest will be assigned to BNA without further action by the partners. If Edmonds shall receive only $50,000 pursuant to this agreement, then the $50,000 may be repaid without interest until December 31, 1999.

Edmonds and/or Seavey shall seek to obtain the Consents. If the Consents have not been obtained by August 15, 1999, BNA may terminate this agreement by notice to Edmonds whereupon this agreement shall terminate and be of no further force and effect and Edmonds shall return all amounts paid to him pursuant to this agreement. If Edmonds shall fail to return all amounts received by him pursuant to this agreement by December 31, 1999, then and thereafter BNA shall be the general partner with a 6.3% general partner interest and Edmonds shall be, until his death, a limited partner with a 1.2% limited partner interest. Upon the death of Edmonds, any remaining interest in the Partnership shall be transferred to BNA without the need for any further action.

4) <u>Edmonds' Deliveries.</u>    In exchange for the $50,000 payment delivered simultaneously herewith, Edmonds shall deliver to BNA the assignments in the form annexed hereto as Exhibits A and B duly executed by Edmonds.

5) <u>Edmonds' Right to Repurchase the Interest.</u>    Edmonds, and only Edmonds is hereby granted an option to repurchase the Assets and the Retained Interest at any time prior to ~~December~~ January 31, ~~2000~~ 2001. In the event Edmonds desires to exercise the option, Edmonds shall send notice to BNA and the closing shall occur no earlier than 1 and no later than 10 business days after ~~all required consents have been obtained by Edmonds~~ Edmonds notice to BNA; provided however, that in any event the closing of ~~the repurchase must occur prior to December 31, 2000~~ January 31, 2001. The purchase price to be paid to BNA by Edmonds shall be:

a) if the payment pursuant to paragraph 2(a)(ii) hereof has not occurred, $50,000;

3

    b) if the payment pursuant to paragraph 2(a)(ii) has occurred but the payment pursuant to paragraph 2(a)(iii) hereof has not occurred, $367,500;

    c) if the payments pursuant to paragraphs 2(a)(ii) and 2(a)(iii) hereof have occurred, $393,500.

6) <u>Edmonds' Right to Participate in Capital Transactions.</u> Notwithstanding anything contained herein to the contrary, in the event that during Edmonds' life, the housing project owned by the Partnership is sold or converted to cooperative or condominium ownership or there occurs any other capital transaction (as determined in accordance with generally accepted accounting principles) ("Capital Transaction"), 50% of the excess of any distribution of proceeds received by BNA from the Capital Transaction above $393,500 shall be promptly distributed by BNA to Edmonds. Seavey agrees to work with Edmonds in bringing about any Capital Transaction.

7) <u>Power of Attorney.</u> Edmonds hereby irrevocably appoints BNA as his attorney in fact to make any and all decisions concerning his former general partnership interest and to execute and deliver on his behalf any amendment or restatement to the partnership agreement. The power of attorney granted herein is a special power of attorney i.e. a power of attorney coupled with an interest and shall survive the death or legal incapacity of Edmonds and/or the further transfer by Edmonds of his remaining partnership interest.

8) <u>Miscellaneous.</u>

    a) This agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof and supersedes all prior and contemporaneous agreements (except those contemplated hereunder), understandings, negotiations and discussions, whether oral or written, of the parties. No supplement, modification, waiver or termination of this agreement shall be binding unless in writing signed by the parties to be bound.

    b) This agreement shall be interpreted according to the internal law of the State of New York.

    c) Any notice or other communication required or permitted hereunder shall be in writing and sent by facsimile, hand delivery, certified mail or recognized overnight carrier addressed as follows:

i) if to BNA:

>Avery B. Seavey, Esq.
>The Seavey Organization, Inc.
>3 Park Avenue, Suite 3800
>New York, NY 10016

With a copy to:

>Eric H. Seltzer, Esq.
>Gilbride, Tusa, Last & Spellane LLC
>420 Lexington Avenue, Suite 3005
>New York, NY 10170

ii) if to Edmonds:

>John L. Edmonds, Esq.
>187-20 Grand Central Parkway
>Jamaica, NY 11432

Notices sent by facsimile or by hand shall be deemed delivered on the date dispatched. Notices sent by overnight courier shall be deemed delivered the business day following the date dispatched. Notices sent by certified mail shall be deemed delivered three business days following the date dispatched.

d) The parties agree to execute and deliver such other documents as may reasonably be required to effect the purposes of this agreement.

e) This agreement and all of the provisions hereof shall be binding upon and inure to the benefit of the parties hereto and their respective representatives, successors and permitted assigns.

f) Edmonds has good and marketable title to the Assets and the Retained Interest, free and clear of all liens and encumbrances other than the Carmel Interest.

g) Edmonds will not encumber in any manner the Retained Interest.

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of July 26, 1999.

_____
JOHN L. EDMONDS

BNA REALTY COMPANY, LLC.

By: _____

Robert W. Seavey hereby agrees to the
last sentence of paragraph 6.

_____
ROBERT W. SEAVEY

## EXHIBIT A

## ASSIGNMENT OF PARTNERSHIP INTEREST

John L. Edmonds (hereinafter referred to as "Assignor"), in consideration of ten dollars and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, has sold, assigned, transferred and set over unto, and by this instrument does hereby sell, assign, transfer and set over unto BNA Realty Company, LLC, 3 Park Avenue, Suite 3800, New York, NY 10016 ("Assignee"), and unto the successors and assigns of Assignee: (w) a 6.3% interest in the New York limited partnership known as Fifth and 106th Street Associates (the "Partnership") as a general partner; (x) all of Edmonds' rights under the June 2, 1999 agreement between Edmonds, Seavey and Marion Scott Real Estate, Inc. concerning the sale of all of the stock of JLWS Management Corp. (including the right to receive all future payments); and (y) all of Edmonds' right, title and interest in and to the partnership interest in the Partnership assigned to Robert Carmel pursuant to an agreement(s) between Robert Seavey, Assignor and Robert Carmel. The assets described in (w), (x) and (y) are collectively referred to as the "Partnership Interest".

Assignor represents to Assignee that: (1) there are no claims, security interests, liens or encumbrances against the Partnership Interest, (2) Assignor has the full and complete right and authority to assign the Partnership Interest to Assignee free and clear of any claims, liens and encumbrances of any nature whatsoever, and (3) there are no unsatisfied judgments, tax liens or undischarged bankruptcy proceedings either on record or outstanding against Assignor.

This Assignment shall be binding upon Assignor and upon the heirs, personal representatives, successors and assigns of Assignor and shall inure to the benefit of Assignee and the successors and assigns of Assignee.

This Assignment may not be amended or terminated except by an instrument in writing signed by Assignor and Assignee.

This Assignment shall be governed by and construed in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the undersigned has executed this Agreement this 26th day of July, 1999.

_____
John L. Edmonds

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF New York   )

On the 26th day of July, 1999, before me, the undersigned, a Notary Public in and for said State, personally appeared JOHN L. EDMONDS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public
LINDA CLARKE
Notary Public, State of New York
No. 02CL5085283
Qualified in Kings County
Commission Expires Sept. 22, 2000

## EXHIBIT B

## ASSIGNMENT OF RETAINED INTEREST

John L. Edmonds (hereinafter referred to as "Assignor"), in consideration of an amount to be determined and received, has sold, assigned, transferred and set over unto, and by this instrument does hereby sell, assign, transfer and set over unto BNA Realty Company, LLC, 3 Park Avenue, Suite 3800, New York, NY 10016 ("Assignee"), and unto the successors and assigns of Assignee all right, title and interest of Assignor in his partnership interest ("Partnership Interest") in and to the New York limited partnership known as Fifth and 106th Street Associates (the "Partnership"); provided however, that this assignment shall not take effect until the death of the Assignor.

Assignor represents to Assignee that as of the date hereof: (1) there are no claims, security interests, liens or encumbrances against the Partnership Interest, (2) Assignor has the full and complete right and authority to assign the Partnership Interest to Assignee free and clear of any claims, liens and encumbrances of any nature whatsoever, and (3) there are no unsatisfied judgments, tax liens or undischarged bankruptcy proceedings either on record or outstanding against Assignor.

This Assignment shall be binding upon Assignor and upon the heirs, personal representatives, successors and assigns of Assignor and shall inure to the benefit of Assignee an the successors and assigns of Assignee. This Assignment may not be amended or terminated except by an instrument in writing signed by Assignor and Assignee.

This Assignment shall be governed by and construed in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the undersigned has executed this Agreement this 26th day of July, 1999.

_____
John L. Edmonds

STATE OF NEW YORK    )
                     ss.:
COUNTY OF New York   )

On the 26th day of July, 1999, before me, the undersigned, a Notary Public in and for said State, personally appeared JOHN L. EDMONDS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

LINDA CLARKE
Notary Public, State of New York
No. 02CL5085283
Qualified in Kings County
Commission Expires Sept. 22, 2000