# Cameron, Griffiths & Pryce, CPAs, LLC
739 Utica Avenue, Brooklyn, New York, 11203

Phone: 718-467-8535                                                Fax: 718-953-8323

## Client Request Memo (2)

May 16, 2007

To: Dalton Management Company, LLC
C/o Nealle B Seavey
3 Park Ave, 28th Floor
New York, NY 10016

Re: Audit of Logan Plaza 2006

This is a follow up our request dated 5/10/07 and your response dated 5/15/07. Please note the items in bold. (The original request is left for easy reference):

1. Distribution - the basis and supporting documentation for the journal entries closing out the retained earnings account and adjusting partner capital account.
2. Deferred Income – the information to support the cancelled debt reported in the financial statement. To verify the disclosures and the calculation, we need the original mortgage notes. Also, based on your disclosures in note 5 of the financial statement, should the COD be amortized over 10 years?
3. Mortgages - the loan agreements to support all three mortgages. Same documentation is required as in item 2.
4. Loan payable - the supporting documents for loan payable (account # 2340) Same documentation is required as in item 2 and 3.
5. Accounts payable – the detail to support accounts payable (account # 2110) This account has an amount for $181,927, representing 93% of the total. This amount is due to the management company, but was not disclosed as related party. Are the related invoices available for inspection?
6. Accrued expenses - the detail to support accrued expenses (account #2120)
7. Accumulated amortization cost - the supporting documentation/schedule. (account # 1535) We need to verify the closing Statement which lists these costs
8. Allowance for doubtful account - the supporting detail (account # 1131)

**Cameron, Griffiths & Pryce, CPAs, LLC**
739 Utica Avenue, Brooklyn, New York, 11203

Phone: 718-467-8535

Fax: 718-953-8323

### Client Request Memo

May 16, 2007

To: Dalton Management Company, LLC
C/o Nealle B Seavey
3 Park Ave, 28th Floor
New York, NY 10016

Re: Audit of Logan Plaza 2006

In order for us to complete the testing of payroll expenses charged to office salaried on Logan plaza, we need to review personnel files for the following individuals. These individuals wages were allocated to office salaries.

1. Michael Hill
2. Joyce Murphy
3. Cheryl Labelle
4. Alonzo Rodgers
5. Joan Mondesir
6. David Givens
7. Ronald Dawley

**Cameron, Griffiths & Pryce, CPAs, LLC**
739 Utica Avenue, Brooklyn, New York, 11203

Phone: 718-467-8535

Fax: 718-953-8323

Date: August 14, 2007

Request list for Client

To: Mark Paneth & Shron
Cc: Dalton Management Co, LLC

Please provide the following items that we need as part of our audit:

**Lakeview:**
1. Original agreement for the Note Payable to Seavey $29,915.16
2. 2006 Financial Statements and HUD report
3. Mortgage note(s).
4. The final general ledger/trial balance reflecting twelve months of transactions
5. Explanation and or support for the prepaid insurance of $154,742.00 (account # 1220)
6. Account statements for the Invest Solomon Smith of $800,000 listed on the general ledger in account 100-1214
7. Account statements for the Chase Money Market Account of $337,928 listed on the general ledger in account 100-1115
8. Account statements for the Cash Op A/C Ptrs -Citibank Account of $1,781 listed on the general ledger in account 100-1118.
9. Schedule for Allowance for Doubtful Account
10. Commercial lease contract for W & W Electric Corp.
11. Explanation and or support for the prepaid Expenses of $17,448.25 (account 100-1200)
12. Support for the prepaid R/ E of $443,810.76 (account 100-1200)
13. Support for the 100 Cash Operating Escrow of $6,906.60 (account # 100-1211)
14. Support for the prepaid Water/Sewer of $333,702.13 (account # 100-1230)
15. Fixed asset schedules with accumulated depreciation for the following accounts: Land (100-1410); Building (100-1420); Building Improvement (100-1430); Building Equipment Fixed (100-1440); Furn & furnishings (100-1470); Maintenance Equip (100- 1480); Other fixed Assets (100-1490)
16. Inventories for Building Equipment – Portable –Account 100-1450
17. Explanation and support for the deferred operating expenses of $179,338.03 (Account 100-1540)
18. Explanation of difference of $24,697 between the general ledger ($74,631.23) and the JP Morgan Securities statement of ($99,330.00) (Account 100-1213)
19. Support for Utility Deposit of $44,529.78 (Account 100-1590)
20. Support for the following liabilities: Accounts payable of $19,143.(Account 100-2110); 100 A/P DHCR of $264,100(account 100-2113); Accrued Expenses of $383,872.00; Accrued Int Pay Senior Mo. of $33,523 (Account 100-2129)

Accrued Int Pay. Junior Mo. of $55,973.37 (Account 100-2130); Accrued Mort Int. Payable of $102,884.88 (account 100-2131); 100 Accrued Interest Paya of $71,261.01 (Account 100-2140); 100 Real Estate Taxes pay of $351,244.00 (100-2159)

**Logan Plaza:**

# Cameron, Griffiths & Pryce, CPAs, LLC
739 Utica Avenue, Brooklyn, New York, 11203

Phone: 718-467-8535                                       Fax: 718-953-8323

Date: August 14, 2007

## Request list for Client

To: Neale Seavy
Cc: Dawlton Management Co, LLC

Please provide the following items that we need as part of our audit:

**Lakeview:**
1. General Liability and Commercial Property insurance policy and premium for June 2005 through June 2005.
2. Workers Compensation Insurance policy and premium for January 2006 through December 2006

**Logan Plaza**
3. Workers Compensation Insurance policy and premium for January 2006 through December 2006

## Cameron, Griffiths & Pryce, CPAs, LLC
739 Utica Avenue, Brooklyn, New York, 11203

Phone: 718-467-8535

Fax: 718-953-8323

First request date: September 11, 2007
Second request date: October 23, 2007

Request list for Client

To: Mark Paneth & Shron

Cc: Dalton Management Co, LLC

Please provide the following items that we need as part of our audit: **Charles Hill**:

1. Detail schedule fixed assets and accumulated depreciation-Accounts 1410 through 1521.
2. Security Payroll contract ($100,368.00 paid in 2006-Account # 6530)
3. contracts with M & A Restoration ($39,556.88 paid on 5/1/06
4. Workers Compensation insurance policy (12,476.03 paid in 2006)
5. Building and liability insurance policy

6. Support for the amounts in the following account:

| Account | Description | Amount |
|---|---|---|
| 040-1590 | Utility Deposit | $4,295.00 |
| 040-1900 | Other Assets | $261,639.00 |
| 040-2150 | Accrued Real Estate Tax Payable-(Calculations) | $37,038.63 |
| 040-2320 | Mor Pay Senior Mortgage Payable-(Mort. Note) | $6,447,650.60 |
| 040-1900 | Accum Amortization-Finance fee (Closing Stmt) | $142,509.00 |
| 040-2110 | Accounts payable | $6,747.00 |
| 040-2120 | Accrued Expenses-Other | $51,201.00 |
| 040-2129 | Accrued Interest Pay. Senior Mor. | $24,483.00 |

**Cameron, Griffiths & Pryce, CPAs, LLC**
739 Utica Avenue, Brooklyn, New York, 11203

Phone: 718-467-8535                                   Fax: 718-953-8323

October 25, 2007

Dalton Management, LLC
Attention: Ronald Dawley
3 Park Ave, 28th Floor
New York, NY 10016

>   Re: Follow-up Audit Requests to Dalton Management for
>   Financial Records of Logan Plaza Associates, Fifth and 106th
>   Street Associates (Lakeview), Charles H Hill Housing, and
>   Church Home Associates

As you are aware, we are retained by John Edmonds, Esq. to audit Dalton Management's financial records for the Housing Developments listed above. As early as May 16, 2007, we requested from your organization the information and items on the enclosed lists which are necessary for us to complete our audits. During our audits, you instructed us to submit some of our audit request through you to your auditors, Mark Paneth & Shron.

The enclosed list detailed the information we have requested but have not yet received. We must, therefore, ask you to provide us with ALL of the information, items and supporting documents on the enclosed lists on or before Friday, November 2, 2007 by 5:00 p.m. This will allow us to proceed with the audits of the financial statements. Please note that if we do not receive the information and supporting documents on the enclosed list, we would then be forced to inform our client, that we are unable to complete the audits. In addition, we must inform our client that information is either not available or you have refused to make them available to us.

Also, enclosed is our request for information and supporting documents for Church Homes Associates, which was not previously submitted. Kindly, make available to us on or before November 2, 2007.

We need to schedule a meeting with Mr. William Jennings of Mark, Paneth & Shron, on or before November 9, 2007, in order to obtain explanation and support for journal entries that Mr. Dawley was unable to clarify for us. Therefore, it is imperative that we receive from your organization, in a timely manner, the information and supporting documents requested.

Thank you for your cooperation in this matter.

Orley G. Cameron
Cc: John Edmond, ESQ

**Cameron, Griffiths & Pryce, CPAs, LLC**
739 Utica Avenue, Brooklyn, New York, 11203

Phone: 718-467-8535

Fax: 718-953-8323

First request date:   October 23, 2007

## Request list for Church Homes

To: Mark Paneth & Shron
Cc: Dalton Management Co, LLC

Please provide the following items that we used as part of our audit.

1. All twelve months Money market statements for 2006. General Ledger Account # 1115. Also provide the confirmation contact (the bank address, contact name, and telephone number).
2. The detail schedule for the Distribution of the $322,221. ✓
3. The Allowance for Doubtful Debts schedule. ✓
4. The fixed assets and accumulated depreciation schedule with dates. ✓
5. The 2006 audited financial statement disclosed management fees earned of $76,588. The GL on the other hand, recorded cash disbursed totaling $103,323. Please explain and provide documentation to support the journal entries for the difference.
6. The 2006 audited financial statement reported audit expense of $24000. The GL on the other hand, recorded cash disbursed totaling $39,769. Please explain and provide documentation for the adjusted journal entries.
7. The mortgage note and the closing statement supporting the mortgage costs. ✓

O = Received 11/6/07

**Cameron, Griffiths & Pryce, CPAs, LLC**
739 Utica Avenue, Brooklyn, New York, 11203

Phone: 718-467-8535                                        Fax: 718-953-8323

## Request list for Client

To: Mark Paneth & Shron
Cc: Dawlton Management Co, LLC

Please provide the following items that we need as part of our audit:

**Lakeview:**

1. Original agreement for the Note Payable to Seavey $29,915.16
2. 2006 Financial Statements and HUD report
3. Mortgage note(s).
4. The final general ledger/trial balance reflecting twelve months of transactions
5. Explanation and or support for the prepaid insurance of $154,742.00 (account # 1220)
6. Account statements for the investment of $800,000 listed on the general ledger in account 100-1214
7. Account statements for the Chase Money Market Account of $337,928 listed on the general ledger in account 100-1115
8. Account statements for the Cash Op A/C Ptrs -Citibank Account of $1,781 listed on the general ledger in account 100-1118.
9. Substantiation for Allowance for Doubtful Account
10. Commercial lease contract for W & W Electric Corp.

**Logan Plaza:**

11. Explanation of the difference between the cash disbursed distribution of $260,000 as recorded in the GL and the Accountants' proposed journal entry of $665,185.00-JE-1.
12. Reconcile $306,681.91 in the prepaid account GL# 1520 and the closing costs per the settlement statement.

## Cameron, Griffiths & Pryce, CPAs, LLC
739 Utica Avenue, Brooklyn, New York, 11203

Phone: 718-467-8535                                          Fax: 718-953-8323

### Request list for Client-Church Homes

**Please provide the following items that we need as part of our audit.**

1. Please provide the twelve months statements for the Money Market account-GL account # 1115. Also provide the verification contact (the bank address and contact name and telephone number).
2. The detail schedule for the Distribution of the $322,221.
3. The Allowance for Doubtful Debts schedule.
4. The fixed assets and accumulated depreciation schedule with dates.
5. The 2006 audited financial statement disclosed management fees earned of $76,588. The GL on the other hand, recorded cash disbursed totaling $103,323. Please explain and document the journal entries for the difference.
6. The 2006 audited financial statement lists audit of $24000. The GL on the other hand, recorded cash disbursed totaling $39,769. Please explain and document the journal entries for the difference.
7. The mortgage note and the closing statement supporting the mortgage costs.