CONFIDENTIAL
NEGOTIATED SETTLEMENT AND RELEASE OF ALL CLAIMS

This Confidential Negotiated Settlement and Release of All Claims ("Agreement") is made and entered into between TWOL Leasing Corp. ("TWOL") and Fifth and 106th Associates, LLP and 106th Street Houses, Inc. (collectively referred to as "Owner").

Whereas, TWOL and Owner entered into an agreement of lease (the "Lease"), for certain premises in commercial space located below grade at 4 East 107th Street, New York, N.Y. that had been vacant in excess of six years (the "Demised Premises"), and

Whereas, the Lease permits the sublease by TWOL of the Demised Premises to a subtenant engaged in medical practice for primary care services; and

Whereas, TWOL and Owner had an agreement and understanding that if TWOL found a viable tenant to sublease the Demised Premises and disclosed the identify of TWOL's tenant to Owner in order to enter into the Lease and TWOL's sublease of the Demised premises, that Owner would not enter a direct lease for the Demised Premises with TWOL's tenant for a period of five years, which agreement was acknowledged in the Lease; and

Whereas, subsequent to that agreement TWOL entered into a sublease with Ryan Community Healthcare Network, Inc. & Centercare, Inc. (collectively referred to as "TWOL's subtenant") and provided copies of that sublease and related agreements to Owner to secure approvals required for the Lease and TWOL's sublease as required by the New York State Division of Housing and Community Renewal; and

Now Therefore the Parties Agree as follows:

1. <u>Owner's Payment Obligation</u>

In consideration of TWOL's execution of this Agreement and TWOL's assent to the execution by Owner of a lease with TWOL's subtenant as a tenant of the Demised Premises that Owner and TWOL have already executed a lease agreement in respect to, as well as TWOL's undertaking not to commence litigation or in any way interfere or object to the lease to be executed between Owner and TWOL's subtenant, notwithstanding the agreement and understanding between Owner and TWOL acknowledged in the Lease, that Owner is not to enter into any direct lease with a subtenant of TWOL for a period of five years, and the full and final settlement, compromise and release of all of TWOL's claims pursuant to the Lease and TWOL's agreement with Owner not to enter into any direct lease with any entity identified as TWOL's subtenant, Owner agrees to pay TWOL One Hundred Thousand dollars ($100,000.00). In addition to the payment of $100,000.00 to TWOL, Owner agrees to pay directly to TWOL's Counsel, Ferrer, Paster & Henriquez $14,000 in legal fees for services provided to or on behalf of TWOL in respect the negotiation of the Lease and TWOL sublease with the subtenant, as well as other agreements required by TWOL's Lease. Owner further agrees that TWOL shall be released from any liability whatsoever, arising out of TWOL's execution of the Lease, including but not limited to the payment of rent and brokerage fees, and shall be indemnified and held harmless, from all costs, including attorney's fees and court costs incurred by TWOL in defense of any action arising out of the execution of the Lease by Owner.

Payment to or on behalf of TWOL pursuant to this Agreement will be within 30 days after TWOL signs this Agreement. TWOL understands and agrees that Owner is under no separate obligation to make such payments to or on behalf of TWOL, and that such payments are offered to TWOL solely in settlement of any claim TWOL might have against Owner in respect to the Lease and the agreement between TWOL and Owner that Owner would enter into no lease directly with TWOL's subtenant for a period of five years after TWOL's execution of the Lease and as an accommodation to achieve TWOL's assent to Owner's execution of lease with TWOL's subtenant.

2.  Waiver and Release

Upon satisfaction of the terms of this Agreement, TWOL irrevocably and unconditionally releases and forever discharges Owner from any and all federal, state or local charges, claims, controversies, causes of action, damages, costs, attorneys fees except as specifically provided for by this Agreement, or liabilities of any nature, both past and present, known and unknown, including but not limited to claims arising under federal, state, local, and common laws and that may relate to the lease of the Demised Premises and TWOL's agreement with Owner not to enter into a direct lease with any entity identified by TWOL as a subtenant for the Demised Premises for a period of five years after the execution of the Lease, existing at any time up to and including the date of this Agreement that TWOL may now have, ever have had, or in the future may have against Owner and further agrees not to commence suit or in any way object to or interfere with Owner's execution of a lease with TWOL's subtenant.

TWOL expressly acknowledges that this Agreement also is intended to include in its scope, without limitation, all claims that TWOL does not know of or expect to exist in TWOL's favor at the time TWOL signs this Agreement, and this Agreement contemplates the extinguishment of any such claim or claims except as expressly provided in this section. ~~TWOL IS NOT WAIVING ANY RIGHTS FOR EVENTS ARISING AFTER THE DATE OF THIS AGREEMENT.~~ /SHE RLB/

3.  Other Understandings, Agreements, and Representations

A.  TWOL understands that the term Owner as used in this Agreement, includes its past, present, and future divisions, subsidiaries, affiliates, partners, and their officers, directors, employees, agents, insurers and legal counsel.

B.  TWOL agrees that this Agreement binds TWOL and also binds TWOL's assigns, agents, partners and successors in interest.

C.  TWOL understands that Owner's payment of money to and on behalf of TWOL pursuant to this Agreement is not an admission of any statutory or contractual rights on the part of TWOL in respect to the Lease or Owner's agreement not to enter into a lease with TWOL's subtenant pursuant to the Lease.

D.  TWOL represents that no right, claim or cause of action covered by this Agreement has been assigned or given to someone else.

E.  This Agreement contains the entire understanding between TWOL and Owner and supersedes all prior agreements and understandings relating to the subject matter of this Agreement. This Agreement shall not be modified, amended, or terminated unless such modification, amendment, or termination is executed in writing by TWOL and Owner.

F.  TWOL agrees that Owner may use this Agreement to secure withdrawal of any federal, state or local charge TWOL might have filed or will file, that TWOL will sign any document necessary to obtain the withdrawal of such charge, and that TWOL waives the right to receive monetary damages or other legal or equitable relieve awarded by any governmental agency related to any such charge.

G.  TWOL and Owner represent that neither party has been influenced to sign this Agreement by any statement or representation by the other not contained in this Agreement; and enters into this Agreement knowingly and voluntarily.

ACCEPTED AND AGREED:

FIFTH AND 106TH STREET ASSOCIATES, LLP

By: _____
John L. Edmonds
Managing General Partner

106TH HOUSES, INC.

By: _____
John L. Edmonds
President

TWOL LEASING COMPANY

By: _____
Ron L. Bowen
President

Dated:
New York, New York
September 23, 1996