UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
JOHN L. EDMONDS, INDIVIDUALLY AND AS A :
MANAGING GENERAL PARTNER OF FIFTH AND 106TH :
STREET HOUSING COMPANY, INC., LOGAN PLAZA :
ASSOCIATES, LP, CHARLES H. HILL ASSOCIATES a/k/a :
HARLES H. HILL ASSOCIATES, LP, AND AS A LIMITED :
PARTNER OF CHURCH HOME ASSOCIATES, LP, :
                                                                                 :
       Plaintiff,       :   08 Civ. 5646 (HB)
                                                                                 :
   -against-          :   OPINION & ORDER
                                                                                 :
ROBERT W. SEAVEY, INDIVIDUALLY AND AS A :
GENERAL PARTNER OF FIFTH AND 106TH STREET :
ASSOCIATES, LP, LOGAN PLAZA ASSOCIATES, LP, :
AND AS A LIMITED PARTNER OF CHURCH HOME :
ASSOCIATES, LP; PHYLLIS M. SEAVEY, INDIVIDUALLY :
AND AS OWNER, MANAGER AND MEMBER OF :
DALTON MANAGEMENT COMPANY LLC; AVERY B. :
SEAVEY, INDIVIDUALLY AND AS A GENERAL :
PARTNER OF LOGAN PLAZA ASSOCIATES, LP, :
CHURCH HOME HOME ASSOCIATES AND OWNER OF :
DALTON MANAGEMENT COMPANY, LLC; and RONALD :
DAWLEY AS CHIEF EXECUTIVE OFFICER OF DALTON :
MANAGEMENT COMPANY, LLC; DALTON :
MANAGEMENT COMPANY, LLC; THE SEAVEY :
ORGANIZATION; AND MARKS PANETH & SHRON, :
Auditors, :
                                                                                 :
       Defendants. :
-----------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., United States District Judge:**

  This case, which at bottom concerns an alleged scheme to defraud Plaintiff of his financial stake as partner in numerous government-assisted commercial and residential building projects in upper Manhattan, has been marred with delays and obstructionist tactics nearly from its inception. The Court has entertained numerous adjournments of pretrial conferences and significant delays in discovery throughout the last several months. At issue here are Plaintiff's objections to two orders issued by Magistrate Judge Francis that arose out of yet another obstruction of the discovery process – this time, Plaintiff's counsel's failure to appear at a deposition that he had noticed of Defendant Phyllis Seavey. In a Memorandum and Order dated May 5, 2009, Judge Francis granted Defendants' motion for sanctions pursuant to Rule 30(g) of

1

the Federal Rules of Civil Procedure and denied Plaintiff's cross-motion for unspecified discovery sanctions (the "May 5 Order"). When the parties were unable to agree upon the appropriate amount for an award of attorneys' fees, Judge Francis issued a second Memorandum and Order, dated June 5, 2009, ordering Plaintiff's counsel to pay $3,095.00 to Defendants' counsel (the "June 5 Order"). Plaintiff submitted numerous objections to both orders. For the reasons set forth below, Plaintiff's objections are denied and Judge Francis's orders are affirmed.

## I. BACKGROUND

The facts underlying the dispute that gave rise to Magistrate Judge Francis's two orders were thoroughly reviewed and recited in detail in the May 5 Order, and familiarity therewith is presumed. *See Edmonds v. Seavey*, No. 08 Civ. 5646 (HB)(JCF), 2009 WL 1285526, at * 1-2 (S.D.N.Y. May 5, 2009). Ultimately, based on Plaintiff's counsel's unilateral decision to cancel via email on a Sunday evening a deposition that was scheduled to take place on Monday morning, and taking into account all the relevant circumstances and legal arguments put forth by both parties, Judge Francis followed a wealth of case law that allows courts to "award . . . attorney's fees and expenses where the party noticing the deposition fails to attend and does not deliver sufficient notice of cancellation to the other." *Id.* at *2 (citations omitted). In so doing, Judge Francis explicitly rejected as meritless Plaintiff's purported justification that he had been deprived of necessary discovery in advance of the deposition. *Id.* Based on a review of the documents in question, Judge Francis was able to discern no link between them and the subject matter of Ms. Seavey's deposition testimony; further, Judge Francis found that even if there were some such nexus, "the proper course would have been to accept the offer by defendants' counsel to proceed with the examination as noticed, reserving the right to continue it if warranted by documents subsequently produced." *Id.* Moreover, notwithstanding the fact that Defendants' counsel had actually received notice of the cancellation of the deposition, Judge Francis found that an award of costs was nonetheless warranted because the late notice of the cancellation could "only be construed as an attempt to gain leverage with respect to unrelated discovery issues." *Id.* at *3. With respect to Plaintiff's cross-motion for sanctions, Judge Francis rejected Plaintiff's arguments because Defendants' counsel timely produced all requested documents under Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure. *Id.* at *4. Judge Francis also noted that, even if the documents had been requested under New York Partnership Law § 41, as Plaintiff contended, a different result was not required because that provision contains no

temporal requirement for the production of a partnership's books and records, and the documents were made available within a reasonable time. *Id.* at n.4.

When the parties were unable to agree on an appropriate measure of the sanctions to which Defendants' counsel were entitled, Judge Francis entered a separate order in which he calculated the appropriate sanction under the "lodestar" analysis, using a slightly lower hourly rate than the actual rate Defendants' counsel had charged for their services. *See Edmonds v. Seavey*, No. 08 Civ. 5646, 2009 WL 1598794, at *1-2 (S.D.N.Y. June 5, 2009). Using this approach, and finding that no special circumstances warranted any adjustment of the lodestar, Judge Francis found that Defendants' counsel were entitled to $3,095.00 in fees, and ordered Plaintiff's counsel to pay those fees forthwith. Rather than complying with Judge Francis's order, Plaintiff filed the instant objections.

## II. DISCUSSION

Under 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with the exception of certain enumerated dispositive motions. A magistrate's order relating to a non-dispositive pretrial matter may be disturbed only if it is "clearly erroneous or contrary to law." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). Matters concerning discovery are considered non-dispositive, and are subject to this deferential standard of review. *See id.* A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). A showing that "reasonable minds may differ on the wisdom of granting the defendant's motion" is not sufficient to overturn a magistrate judge's decision. *Cagle v. Cooper Cos., Inc.*, 91 Civ. 7828 (HB), 1996 U.S. Dist. LEXIS 13214, at *3 (S.D.N.Y. Sept. 10, 1996). "An order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *In re Rivastigmine Patent Litig.*, 239 F.R.D. 351, 356 (S.D.N.Y. 2006) (citation omitted). Thus, "magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *American Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 90 (S.D.N.Y. 2002); *Aurora Loan Servs. v. Posner & Assocs., P.C.*, 499 F. Supp. 2d 475, 477

(S.D.N.Y. 2007) ("Pursuant to this highly deferential standard of review, magistrate[] [judges] are afforded broad discretion in resolving discovery disputes."). Accordingly, "the party seeking to overturn a magistrate judge's decision carries a heavy burden." *Schaffer v. CC Investments*, 205 F.R.D. 158, 159-60 (S.D.N.Y. 2002).[1]

None of Plaintiff's objections to Judge Francis's May 5 Order or June 5 Order demonstrates that Judge Francis's decisions were clearly erroneous or contrary to law in any way. A careful review of Judge Francis's two thorough decisions reveals careful consideration of both parties' motions for sanctions, the specific facts and documents before the Court, and the appropriate calculation of sanctions, as well as application of relevant law to the facts. Plaintiff's objections merely repeat the same arguments put before Judge Francis as to why Defendants' sanctions motion should not have been granted in the first instance; they do not, however, reveal anything clearly erroneous about Judge Francis's factual findings, or any misapplication of the relevant law to those findings.[2] Namely, Plaintiff recapitulates his arguments that the deposition in question was properly canceled due to Defendants' counsel failure to produce certain documents. However, Judge Francis's review of the documents in question revealed that they bore no relation to the witness's potential testimony, and even if they could have been expected to do so, the proper course would have been to attend the deposition and continue it if necessary due to the absence of the documents. There is nothing erroneous about this conclusion. Moreover, Judge Francis's conclusion that the documents were timely produced under the Federal Rules of Civil Procedure, and that even if the documents had been requested under Partnership Law § 41, they had been produced within a reasonable time, is not contrary to law.

---

[1] Plaintiff argues that *de novo* review of Judge Francis's orders is warranted here. In support, Plaintiff relies on two cases out of the Seventh Circuit, neither of which is applicable here. First, in *Robinson v. Maentanis*, No. 97-2730, 1998 U.S. App. LEXIS 3662, at *8 (7th Cir. Feb. 26, 1998), the court found that it was not error for the district court to grant the defendant's motion to vacate the default judgment entered against her by the magistrate judge because, among other reasons, § 636(b)(1)(A) "does not prevent a judge from ruling on a motion that is distinct, albeit related, to a motion previously adjudicated by a magistrate judge." *Id.* In this case, Plaintiff's objections relate not to a separate related motion, but to Judge Francis's orders relating to particular motions of the parties. Second, in *Harlyn Sales Corp. Profit Sharing Plan v. Investment Portfolios-Gov't Plus Fund*, 142 F.R.D. 671, 673 (N.D. Ill. 1992), the court applied the *de novo* standard of review because both parties addressed the Rule 11 sanctions motion in question as though it were a dispositive motion to be reviewed under Federal Rule 72(b), rather than as a non-dispositive motion under Rule 72(a). Here, there has been no such waiver of the issue of the standard of review. Accordingly, none of Plaintiff's authority convinces this Court that the *de novo* standard of review should apply here instead of the well-established "clearly erroneous or contrary to law" standard.

[2] Incredibly, Plaintiff also contends that Judge Francis violated fundamental due process concerns by denying a formal hearing and opportunity to be heard on Defendants' sanctions motion. Plaintiff cites no authority to support this serious allegation, nor can the Court discern any.

As to the June 5 Order setting the amount of the monetary sanctions, Plaintiff puts forth two bases to find error, which together amount to an argument that Defendants should not have expended time or expense in preparing for or appearing at a deposition that they knew would not take place, and therefore failed to mitigate their damages. Plaintiff cites but one case – *Barrett v. Brian Bemis Auto World*, 230 F.R.D. 535 (N.D. Ill. 2005) – for the proposition that fees earned in preparing a witness for a deposition should not be awarded because time spent in preparation for a deposition is not time wasted. While this may be the holding of the Northern District of Illinois, it does not bind this Court, nor is it necessary here to determine whether such a rule should apply in this District. In reviewing Judge Francis's June 5 Order, I find nothing clearly erroneous or contrary to law that would warrant reversal.

Defendants have requested that additional sanctions be imposed on Plaintiff and/or Plaintiff's counsel, based on allegedly "false and misleading statements as to both the facts and the law" propounded by Plaintiff's counsel in the instant objections. However, as Defendants concede, Plaintiff and his counsel have the right to pursue their objections to Magistrate Judge Francis's orders under the law of this Circuit. Accordingly, no additional sanctions shall here be imposed. Yet, all parties – and in particular Plaintiff and Plaintiff's counsel – are henceforth admonished that any further delays, or obstructionary or dilatory tactics such as those that have been exhibited thus far in this case will not be tolerated, and will be dealt with more harshly than they were by Judge Francis in his judicious opinions.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's objections to the May 5 Order and the June 5 Order are DENIED and both orders are AFFIRMED. Plaintiff's counsel shall pay the sum of $3,095.00 to Defendants' counsel forthwith.

**IT IS SO ORDERED.**
New York, New York
July 19, 2009

U.S.D.J.

5