Scott E. Mollen
M. Darren Traub
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
212.592.1400
*Attorneys for Defendants Robert W. Seavey,*
*Phyllis M. Seavey, Avery B. Seavey, Nealle B.*
*Seavey, Ronald Dawley, Dalton Management*
*Company, LLC, and the Seavey Organization*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN L. EDMONDS, individually and as a managing general partner of Fifth and 106th Street Housing Company, Inc., Logan Plaza Associates, LP, Charles H. Associates a/k/a Charles H. Hill Associates, LP and as a limited partner of Church Home Associates, LP,<br><br>Plaintiffs,<br><br>-against-<br><br>ROBERT W. SEAVEY, individually and as a general partner of Fifth and 106th Street Housing Company, Inc., Logan Plaza Associates, LP, Charles H. Associates a/k/a Charles H. Hill Associates, LP and as a limited partner of Church Home Associates, LP, et al.,<br><br>Defendants. | 08 – CV – 5646 (HB)<br><br><br>**DECLARATION IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

M. Darren Traub, an attorney admitted to practice before this Court, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am associated with the law firm Herrick Feinstein, LLP, attorneys for defendants Robert W. Seavey, Phyllis M. Seavey, Avery B. Seavey, Nealle B. Seavey, Ronald Dawley, Dalton Management Company, LLC, and the Seavey Organization (the "Seavey defendants"). Marks, Paneth & Shron, LLP, sued here as "Marks, Paneth & Shron, Auditors" ("Marks Paneth") is represented by the law firm of Wilson, Elser,

Moskowitz, Edelman & Dicker, LLP.  I respectfully submit this declaration in further support of Defendants' motion pursuant to Federal Rule of Civil Procedure 56 seeking summary judgment dismissing the complaint in its entirety and granting judgment in favor of the Seavey Defendants on their counterclaims.

2.  Attached hereto as Exhibit I is a copy of the relevant portions of the transcript of the eviction trial proceedings held in *5th and 106th Street Associates v. Hal Harris*, Civil Court of the City of New York, County of New York, Index No. 78741/08 on July 8, 2009.[1]

3.  For the reasons set forth in the accompanying reply memorandum of law, as well as the reasons set forth in their moving papers, Defendants respectfully request that this court issue an order pursuant to Fed. R. Civ. P. 56 granting summary judgment dismissing the plaintiff's complaint in its entirety and granting the Seavey Defendants summary judgment on their counterclaims.

Dated:    New York, New York
          July 30, 2008

                                        /s/ M. Darren Traub
                                        M. Darren Traub

---

[1] Exhibits A through H were attached to my Declaration dated July 9, 2009, which was submitted in support of Defendants' motion for summary judgment.

# EXHIBIT I

1

```
 1   CIVIL COURT OF THE CITY OF NEW YORK
     COUNTY OF NEW YORK:  TRIAL TERM PART 75
 2   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
     5TH AND 106TH STREET ASSOCIATES,
 3
                                        PETITIONER,
 4
              -against-              INDEX NO.
 5                                   78741/08

 6   HAL HARRIS - TENANT,
     "JOHN DOE"/"JANE DOE" - OCCUPANTS,
 7
                                        RESPONDENTS.
 8   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                     July 8, 2009
 9                                   Manhattan Civil Court
                                     111 Centre Street
10                                   New York, New York   10013

11

12   BEFORE:    HONORABLE ARLENE P. BLUTH

13

     APPEARANCES:
14

15           GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.
                  Attorneys for Petitioner
16                813 Jericho Turnpike
                  New Hyde Park, New York 11040
17                BY: NEIL SONNENFELDT, ESQ.

18
             BREIER, DEUTSCHMEISTER, URBAN & FROMME, P.C.
19                Attorneys for Respondents
                  111 Broadway, Suite 810
20                New York, New York 10006-1901
                  BY: JASON S. DEUTSCHMEISTER, ESQ.

21

22

23                DEBRA FERRARO
                  OFFICIAL COURT REPORTER
24

25
```

1  this action, the building passed?

2      A.    Yes, that is my understanding.

3      Q.    Now, you mentioned you have a management

4  company, are you satisfied with the management of this

5  company of the building?

6      A.    I never said that I had a management

7  company.  I told you --

8      Q.    Dalton Management?

9      A.    How is that?

10     Q.    Dalton Management, sir?

11     A.    That isn't my management company.  I told you

12  a few moments ago, sir, that Dalton Management Company

13  is the company that manages the building and that is

14  owned by Robert Seavey's family and that the principal

15  of that company is Phyllis Seavey, Mr. Seavey's wife.

16     Q.    Fine, but do they manage this property for

17  the Petitioner?

18     A.    Yes, they do.

19     Q.    And are you satisfied with their management

20  of this building?

21     A.    Yes, I am.

22     Q.    Then my question to you now is, then why, if

23  that is true, have you sued your partner, Mr. Seavey,

24  in Federal Court for mismanagement of this property?

25          MR. SONNENFELDT:  Objection, Your Honor.

1    A.    There is no lawsuit --

2        THE COURT:  Objection means don't say

3    anything.

4        MR. SONNENFELDT:  Objection, Your Honor.  I

5    think that it is completely out of line that

6    Mr. Deutschmeister made that statement.  I think

7    it is completely irrelevant to this case.  He is

8    making a statement of fact that is not in evidence

9    in any way and it seems very obvious that his only

10   intention is to incite the jury and to bring

11   something into this case that has no place in this

12   case, and I think that Mr. Deutschmeister should

13   be warned by the Court about proceeding in this

14   fashion.

15       MR. DEUTSCHMEISTER:  Your Honor --

16       THE COURT:  Just a minute.  Come up here

17   because it ruins the whole purpose.  If you don't

18   want to incite the jury, you don't make these

19   arguments in front of the jury.

20       (Whereupon, at this time, a discussion was

21   held off the record.)

22       THE COURT:  The objection is sustained.

23   Don't answer the question.

24       May I remind the jury that a question in

25   itself doesn't mean anything.  Evidence is a

1          MR. SONNENFELDT:  Who says --

2          THE COURT:  You can't recall him, you're done

3    with him.  You don't have to come tomorrow,

4    Mr. Edmonds.

5          Let the record reflect that when I just asked

6    Mr. Deutschmeister if Mr. Edmonds could go and be

7    released, Mr. Harris answered no, we want him here

8    because we want to recall him.

9          Mr. Deutschmeister, in all fairness to him,

10   said no, we can't recall him,.

11         MR. HARRIS:  I said we want to recall him

12   because he lied on the stand.

13         THE COURT:  You behave, Mr. Harris.

14         MR. HARRIS:  I behaved all day, Your Honor.

15

16

17         REPORTER'S CERTIFICATION, Certified to be a

18   true and correct transcript of the original

19   stenographic notes.

20

21

22

23   _____

            DEBRA FERRARO

24          OFFICIAL COURT REPORTER

25