USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/2/09

**New York**
**Newark**
**Princeton**

SCOTT E. MOLLEN
PARTNER
Direct Tel: 212.592.1505
Direct Fax: 212.545.3370

Email: smollen@herrick.com

September 1, 2009


RECEIVED
SEP 01 2009
HAROLD BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

**VIA FACSIMILE (212-805-7901)**

The Honorable Harold Baer, Jr.
United States Magistrate District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2230
New York, NY 10007

Re: *Edmonds v. Seavey, et al.*; Index No. 08-CV-5646-HB

Dear Judge Baer:

We represent Defendants Robert W. Seavey, Phyllis M. Seavey, Avery B. Seavey, Nealle B. Seavey, Ronald Dawley, Dalton Management Company, LLC, and the Seavey Organization (collectively, "the Seavey Defendants") in the above-captioned action. We respectfully write to object to Plaintiff's counsel's improper attempt to submit what amounts to a sur-reply to the summary judgment motion that was fully submitted to Your Honor on July 30, 2009 and orally argued on August 27, 2009.

Yesterday, Plaintiff's counsel submitted a copy of a deposition taken in a different state court case almost two months after discovery closed in this action and requested that the Court consider 44 pages of that transcript in connection with Defendants' motion for summary judgment. Most telling about Plaintiff's counsel's improper submission is that during the deposition, when it became apparent that Mr. Haywoode was asking questions that related to this action rather than the state court action for which the depositions was being conducted, my colleague, Darren Traub, objected to Mr. Haywoode's line of questioning on the grounds that it was obvious that he was asking questions related to this federal court action in an attempt to circumvent both the discovery closure date and Your Honor's order denying Plaintiff's request to extend discovery in this action. In fact, after Mr. Traub offered to call Your Honor's chambers to resolve the objection, Mr. Haywoode stated that "at such time as I take these minutes and put them before Judge Baer, Judge Baer is certainly competent to say 'I am not going to look at that, I closed discovery.'" (Depo. Tr. at 157:24-158:4.)

Now, in the latest example of Plaintiff's disregard for the Federal Rules of Civil Procedure and this Court's Orders, conduct which has created additional legal costs for Defendants, Plaintiff has submitted the state court transcript for the Court's consideration to a motion that was fully submitted over a month ago. Accordingly, we object to Plaintiff's submission and respectfully request that the Court strike the submission as an improper sur-reply and because it constitutes evidence taken in circumvention of Your Honor's Order denying an extension of the discovery period.

HERRICK, FEINSTEIN LLP
A New York limited
liability partnership
including New York
professional corporations

2 Park Avenue, New York, NY 10016 • Tel 212.592.1400 • Fax 212.592.1500 • www.herrick.com

HERRICK

Hon. Harold Baer, Jr.
September 1, 2009
Page 2

    We are most grateful for Your Honor's time and consideration.

Respectfully submitted,

*[signature]*

Scott E. Mollen

cc: M. Douglas Haywoode, Esq. (via facsimile)
    William J. Kelly, Esq. (via facsimile)

> *[Handwritten note from the judge:]* There is not such right in the FRCP so I can't accept it on that basis. Further, as I understand it this was important & there were months of preparation time only to this submitted on + w the 200 papers — in about this 200 page oppostion to which I want to devote my attention & it will not be consequenced on mm 15/1.
>
> SO ORDERED
> *[signature]* Harold Baer, Jr., U.S.D.J.
> Date: 9/1/09

Endorsement:

There is no sur reply in the FRCP so I can't accept it on that basis. Further if as I understand it this was important and there were months of preparation time why wasn't it submitted on and with the motion papers - in short the 200 page deposition to which I was to direct my attention to 44 will not be considered on the motion for summary judgment.